UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

—————————————————————x
                                   :

WILLIAM ROSENSTEIN & SONS,        :     Class Action
                                   :     Civil Case No.: 06-cv-00620-TON
                                   :

              Plaintiff,            :

                                   :

        v.                            :

                                   :

EASTERN MUSHROOM MARKETING     :
COOPERATIVE, INC.; KAOLIN MUSHROOM  :
FARMS, INC.;TO-JO FRESH           :
MUSHROOMS, INC.,                :
CARDILE MUSHROOM FARMS,       :
MONTEREY MUSHROOMS, INC.; PHILLIPS  :
MUSHROOM FARMS, LP.; FRANKLIN FARMS, :
INC.; MODERN MUSHROOM FARMS;    :
SHER ROCKEE MUSHROOM FARM;     :
C & C CARRIAGE MUSHROOM CO.,     :
JOHN PIA, MICHAEL PIA            :
and JOHN DOES 1-100,             :
                                   :

             Defendants.         :
—————————————————————x
                                   :

DIVERSIFIED FOODS & SEASONING, INC. ,  :    Class Action
                                   :     Civil Case No.: 06-cv-00638-TON
                                   :

             Plaintiff,            :

                                   :

        v.                            :

                                   :

EASTERN MUSHROOM MARKETING     :
COOPERATIVE, INC.; KAOLIN MUSHROOM  :
FARMS, INC.;TO-JO FRESH           :
MUSHROOMS, INC.,                :
CARDILE MUSHROOM FARMS,       :
MONTEREY MUSHROOMS, INC.; PHILLIPS  :
MUSHROOM FARMS, LP.; FRANKLIN FARMS, :
INC.; MODERN MUSHROOM FARMS;    :
SHER ROCKEE MUSHROOM FARM;     :
C & C CARRIAGE MUSHROOM CO.,     :
JOHN PIA, MICHAEL PIA            :
and JOHN DOES 1-100,

                    Defendants.
_____x

ROBERT ALTMAN,                              :        Class Action
                                            :        Civil Case No.: 06-cv-00657-TON
                                            :
                    Plaintiff,              :
                                            :
        v.                                  :
                                            :
EASTERN MUSHROOM MARKETING                  :
COOPERATIVE, INC., KAOLIN MUSHROOM          :
FARMS, INC., TO-JO FRESH MUSHROOMS,         :
INC.,CARDILE MUSHROOM FARMS,                :
MONTEREY MUSHROOMS, INC., PHILLIPS          :
MUSHROOM FARMS, LP., FRANKLIN FARMS,        :
INC., MODERN MUSHROOM FARMS,                :
SHER ROCKEE MUSHROOM FARM,                  :
C & C CARRIAGE MUSHROOM CO.,                :
JOHN PIA, MICHAEL PIA,                      :
and JOHN DOES 1-100,                        :
                                            :
                    Defendants.             :
                                            :
_____ x
                                            :
MEIJER, INC. AND ,                          :        Class Action
MEIJER DISTRIBUTION, INC.                   :        Civil Case No.: 06-cv-00677-TON
                                            :
                    Plaintiff,              :
                                            :
        v.                                  :
                                            :
EASTERN MUSHROOM MARKETING                  :
COOPERATIVE, INC., PHILLIPS MUSHROOM        :
FARMS L.P., KAOLIN MUSHROOM                 :
FARMS, INC., GIORGIO FOODS, INC.,           :
TO-JO FRESH MUSHROOMS, INC.,                :
CARDILE MUSHROOM FARMS,                     :
MONTEREY MUSHROOMS, INC.,                   :
FRANKLIN FARMS, INC.,                       :
MODERN MUSHROOM FARMS,                      :
SHER ROCKEE MUSHROOM FARM,                  :
C & C CARRIAGE MUSHROOM CO.,                :
CREEKSIDE MUSHROOMS LTD.,                   :
EAST COAST EXOTICS,                         :

ELITE MUSHROOM COMPANY,                          :
GASPARI BROS., INC., GOURMET'S                   :
FINEST, SOUTH MILL MUSHROOM SALES,               :
INC., OAKSHIRE MUSHROOM FARM INC.,               :
C J MUSHROOM CO., JOHN PIA,                       :
MICHAEL PIA, and MICHAEL PIA,                     :
                                                  :
                    Defendants.                   :
——————————————————————————————x

M.L. ROBERT, II, L.L.C.,                          :          Class Action
M. ROBERT ENTERPRISES, INC. AND                  :          Civil Case No.: 06-cv-00861-TON
MARKET FAIR, INC.,                                :
                                                  :
                    Plaintiff,                    :
                                                  :
          v.                                      :
                                                  :
EASTERN MUSHROOM MARKETING                        :
COOPERATIVE, INC., KAOLIN MUSHROOM               :
FARMS, INC.,TO-JO FRESH                           :
MUSHROOMS, INC.,                                  :
CARDILE MUSHROOM FARMS,                           :
MONTEREY MUSHROOMS, INC., PHILLIPS               :
MUSHROOM FARMS, LP., FRANKLIN FARMS, :
INC.; MODERN MUSHROOM FARMS;                     :
SHER ROCKEE MUSHROOM FARM;                       :
C & C CARRIAGE MUSHROOM CO.,                     :
GIORGIO FOODS, INC.,                              :
CREEKSIDE MUSHROOMS LTD.,                        :
EAST COAST EXOTICS,                               :
ELITE MUSHROOM CO., INC.,                         :
GASPARI BROS., INC., GOURMET'S                   :
FINEST MUSHROOM CO., OAKSHIRE                     :
MUSHROOM FARM, INC.,                              :
CJ MUSHROOM CO., JOHN PIA,                        :
MICHAEL PIA, and JOHN DOES 1-100,                :
                                                  :
                    Defendants.                   :
——————————————————————————————x

PUBLIX SUPER MARKETS, INC.                        :          Class Action
                                                  :          Civil Case No.: 06-cv-00892-TON
                                                  :
                    Plaintiff,                    :
                                                  :

```
            v.                                    :
                                                  :
EASTERN MUSHROOM MARKETING                        :
COOPERATIVE, INC., PHILLIPS MUSHROOM:
FARMS L.P., KAOLIN MUSHROOM                       :
FARMS, INC., GIORGIO FOODS, INC.,                 :
TO-JO FRESH MUSHROOMS, INC.,                      :
CARDILE MUSHROOM FARMS,                           :
MONTEREY MUSHROOMS, INC.,                         :
FRANKLIN FARMS, INC.,                             :
MODERN MUSHROOM FARMS,                            :
SHER ROCKEE MUSHROOM FARM,                        :
C & C CARRIAGE MUSHROOM CO.,                           :
EAST COAST EXOTICS,                               :
GASPARI BROS., INC., GOURMET'S                    :
FINEST, SOUTH MILL MUSHROOM SALES,                :
INC., OAKSHIRE MUSHROOM FARM INC.,                :
C J MUSHROOM CO., JOHN PIA,                       :
MICHAEL PIA, and MICHAEL PIA,                     :
               Defendants.                        :
_____x
```

```
ALL AMERICAN MUSHROOM, INC.,                      :      Class Action
on behalf of itself and all others similarly      :      Civil Case No.: 06-
                                          cv-01464-TON
situated,                                                              :

               Plaintiff                          :

                                                  :
        v.                                        :

                                                  :

EASTERN MUSHROOM MARKETING                        :
COOPERATIVE, INC., KAOLIN MUSHROOM                :
FARMS, INC., TO-JO FRESH MUSHROOMS,               :
INC., CARDILE MUSHROOMS, INC., CARDILE :
BROS. MUSHROOMS PACKAGING,                        :
MONTEREY MUSHROOMS, INC., PHILIPS                 :
MUSHROOM FARMS, L.P., FRANKLIN                    :
FARMS, INC., MODERN MUSHROOM                      :
FARMS, INC., SHER-ROCKEE MUSHROOM                 :
FARM, C & C CARRIAGE MUSHROOM CO.,                :
GIORGIO FOODS, INC., CREEKSIDE                    :
MUSHROOM  LTD., EAST COAST EXOTICS,               :
ELITE MUSHROOM COMPANY, GASPARI                   :
BROS. INC., GOURMET'S FINEST                      :
```

MUSHROOM CO., SOUTH MILL MUSHROOM:
SALES, INC., MONEY'S MUSHROOMS,         :
OAKSHIRE MUSHROOM FARM, INC.,           :
CJ MUSHROOM COMPANY, JOHN PIA,          :
MICHAEL PIA, And JOHN DOES 1-100,       :
                                         :
                  Defendants.            :
_____x

## JOINT REPORT PURSUANT TO FED. R. CIV. P. 26

      Plaintiffs in the above captioned actions ("Direct Purchaser Plaintiffs") and Defendants

Eastern Mushroom Marketing Cooperative (the "EMMC"), Kaolin Mushroom Farms, Inc.,

Monterey Mushrooms, Inc., Phillips Mushroom Farms, LP., Franklin Farms, Inc., Modern

Mushroom Farms, Cardile Mushroom Farms, Sher-Rockee Mushroom Farm, C & C Carriage

Mushroom Co., Giorgio Foods, Inc., Creekside Mushrooms, Ltd., Gaspari Bros., Inc.,Gourmet's

Finest Mushroom Co., South Mill Mushroom Sales, Inc., Oakshire Mushroom Farm, Inc., John

Pia, and Michael Pia, respectfully submit this joint report pursuant to Federal Rule of Civil

Procedure 26.[1]  Although signed only by counsel for Defendants, this Joint Report is respectfully

submitted with the authorization and consent of counsel for Plaintiffs in above-captioned civil

actions.

## I.    BACKGROUND

      Direct Purchaser Plaintiffs filed separate civil antitrust complaints against the Eastern

Mushroom Marketing Cooperative, Inc., et al. (collectively "Defendants") to recover overcharge

damages for themselves and, except for Plaintiff Publix Super Markets ("Publix"), all other

similarly situated direct purchasers resulting from Defendants' alleged illegal scheme and

---

[1] Other companies including To-Jo Fresh Mushrooms, Inc., East Coast Exotics, Elite Mushroom Co., Inc. and CJ Mushroom Co. are also named as defendants, but counsel for those entities have not yet made appearances in any of the above-captioned actions.

conspiracy to: (a) artificially reduce the supply of fresh mushrooms in the United States, and (b) maintain artificially-inflated mushroom prices.

On March 28, 2006, certain Direct Purchaser Class Plaintiffs[2] moved for entry of a case management order which would *inter alia*, (a) consolidate the direct purchaser actions, and any subsequently filed direct purchaser class action arising out of similar facts and circumstances; (b) create a leadership structure for Plaintiffs' class counsel; (c) set proposed deadlines for Plaintiffs to file a consolidated amended class action complaint ("Consolidated Class Action Complaint"); Defendants to answer, move or otherwise respond to the Consolidated Class Action Complaint; and Plaintiffs to move for class certification.

On March 29, 2006, Defendants filed a response to Certain Plaintiffs' Motion for Entry of Case Management Order, dated March 29, 2006, seeking entry of Case Management Order No. 1, attached thereto as Exhibit A.  In their response, Defendants stated that they took no position relating to the Organization of Plaintiffs' Counsel and thus Case Management Order No. 1 contains no such provisions.  The Rosenstein Plaintiffs support the entry of Case Management Order No. 1.

Class Plaintiffs Meijer, Inc. and Meijer Distribution, Inc. (collectively "Meijer" or the "Meijer Plaintiffs") had participated in discussions with Defendants' Counsel and other plaintiffs' counsel with respect to the proposed schedule and consolidation and coordination of the actions and Meijer also supports the entry of Case Management Order No. 1, attached as Exhibit A to Defendants' response.  On April 7, 2006, Counsel for Meijer filed a cross-motion

---

[2] These plaintiffs and their case captions are as follows: WM. Rosenstein & Sons Co. (2:06-cv-620), Diversified Foods & Seasonings, Inc. (2:06-cv-638), Robert Altman, as Trustee for the Bankruptcy Estate of Stephen Lee McCue d/b/a John Manning Co. (2:06-cv-657), and M.L. Robert, II, L.L.C., et al. (2:06-cv-861) (collectively the "Rosenstein Plaintiffs").

objecting to the structure of class counsel proposed by the Rosenstein Plaintiffs and requesting a different organization of Plaintiffs' counsel.

On April 6, 2006, a sixth direct purchaser class action was filed by All American Mushroom, Inc. ("All American").  All American supports the positions taken herein by the Meijer Plaintiffs.  All American supports the Meijer Plaintiffs' positions throughout this Report.

In addition to the direct purchaser class actions, Publix has filed civil action No. 06-cv-00892-TON.  Defendants propose that the Publix action and any other subsequently filed non-class direct purchaser actions based on similar facts be coordinated with the consolidated class actions for pre-trial purposes.  Publix and the other plaintiffs support Defendants' proposal.

Defendants plan to move to dismiss the Consolidated Class Action Complaint once it is filed.

### A.     Defendants' Additional Background Statements

As noted above, seven related actions have now been filed, six class actions and one individual claim on behalf of Publix.[3]  Although all the Complaints allege violations of the Sherman Act, § 1 and § 2, different claims have been asserted.  For example, while the Meijer and Publix Complaints assert a conspiracy to monopolize against all Defendants (Count III) the other Complaints assert no such claim.  Similarly, while five of the Complaints assert a claim under Clayton Act § 7, the Meijer and Publix Complaints do not.

The defendant Eastern Mushroom Marketing Cooperative ("EMMC") is an agricultural cooperative operating under the Capper Volstead Act, 7 U.S.C. § 291.  Plaintiffs have also named as defendants companies which plaintiffs believed were members of the EMMC during

---

[3]Another individual action was filed by Giant Eagle, Inc. and Topco Associates in the Western District of Pennsylvania on April 6, 2006.  It names several new defendants and alleges an additional claim under Ohio's Valentine Act.  Defendants will move to transfer this action to this District so that it may be consolidated with the other actions before this Court.

the relevant time period.  Some of the entities so named were not members[4] or members who joined after the acts alleged in the Complaint had ended, i.e., after the deed restrictions were removed.[5]  Defendants believe that the parties who will ultimately be named as defendants in this action will change after the filing of a consolidated amended class action complaint.  (*See*, § II B. 2, infra).

While the Complaints have some overlapping defendants, there are different defendants in different Complaints.  For example, while C. J. Mushroom, Creekside Mushrooms Ltd., East Coast Exotics, Elite Mushroom, Gaspari Brothers, Giorgio Foods Inc., Gourmet's Finest, Oakshire Mushroom Farm, Inc. and South Mill Mushroom Sales Inc. are named in the Meijer, All American, Publix[6] and Robert Complaints, they are not named in the three other Complaints. Similarly, Cardile Brothers Mushrooms Packaging and Money's Mushrooms are named in some Complaints while not named in others.  There will be defenses in this litigation that do not arise in the usual "price-fixing" case as a result of the immunity to antitrust liability granted under the Capper Volstead Act.  There are also serious issues relating to "fact of injury" or impact (whether individual or class-wide) and damages.  Further, Creekside Mushrooms, which was not a member of EMMC, will present its own defenses as a result of its unique position.

## II.   THE PARTIES' RULE 26 CONFERENCE

Counsel for Defendants that have made appearances in the actions ("Defendants' Counsel"), Counsel for the Rosenstein Plaintiffs, Counsel for Meijer and Counsel for Publix met telephonically on March 23, 2006 and March 29, 2006 to discuss a pretrial schedule and discovery plan pursuant to Fed.R.Civ.P. 16 and 26.

---

[4]*See, e.g.,* Creekside Mushrooms and Elite Mushrooms.
[5]Gourmet's Finest.
[6]On March 28, 2006 Notices of Voluntary Dismissal of Elite and Creekside were filed in Publix    case.

   **A.**  **The Parties Disagree As to How To Proceed With Scheduling Issues Prior to the Filing of a Consolidated Class Action Complaint.**

     **1.**  **Rosenstein Plaintiffs' Position**

   The Rosenstein Plaintiffs believe that a comprehensive schedule is the best and most efficient way to proceed to avoid the inevitable delay that accompanies the piece-meal scheduling process that Counsel for Meijer proposes.  Counsel for Meijer proposes that the parties delay any meeting to discuss a comprehensive schedule until no later than 45 days after the completion of briefing on Defendants' motion to dismiss or an order thereon, whichever is earlier (i.e. sometime between July 21, 2006 and September 4, 2006), and that plaintiffs stay discovery from Defendants (with the exception of documents discussed below in §II.B.4, which Defendants have agreed to produce) until some undetermined time after such meeting. Defendants' Counsel initially proposed a meeting to discuss a comprehensive schedule two weeks after Direct Purchaser Plaintiffs file their Consolidated Amended Class Action Complaint which plaintiffs have agreed to file no later than May 1, 2006.  After seeing Meijer's proposal, Defendants have adopted that proposal.  Rosenstein Plaintiffs submit that adopting a comprehensive schedule now will bring scheduling matters to closure without prejudicing the rights of any party.

   Rosenstein Plaintiffs also disagree with Defendants' position that it may eventually be helpful to bifurcate discovery into discreet subject matters.  Rosenstein Plaintiffs believe that it is not possible to segregate out the overlapping issues in the case into discrete subject areas and requiring Direct Purchaser Plaintiffs to do so would be prejudicial to their case and lead to otherwise avoidable duplication of discovery and motion practice.  Rosenstein Plaintiffs reserve the right to fully address this issue should Defendants formally move for bifurcation.

     **2.**  **Meijer Plaintiffs' Position**

The Meijer Plaintiffs disagree with the Rosenstein Plaintiffs' characterizations of Meijer's positions.  As set forth below, the Meijer Plaintiffs believe that the parties should engage in certain initial discovery between now and a ruling on Defendants' anticipated motion to dismiss. However, instead of entering a comprehensive schedule now, Meijer proposes that the parties meet and confer regarding additional discovery and scheduling deadlines, including class certification, no later than 45 days following the completion of briefing on Defendants' motion to dismiss or a ruling on Defendants' motion, whichever is earlier.  The Meijer Plaintiffs, as well as other parties to these Consolidated actions, believe that this approach strikes the right balance between judicial efficiency and the fair and just adjudication of Plaintiffs' claims.

The Meijer Plaintiffs also do not support any bifurcation of discovery.

**3.      Publix's Position**

Publix supports Meijer's proposed approach and does not support any bifurcation of discovery.

### 4.      Defendants' Counsels' Position

Defendants have proposed a two-step process for scheduling which was provided in the various versions of a Case Management Order previously submitted to the Court.  Defendants at this point have agreed to a schedule for pleadings and motions through the class certification issue.  Except for discovery issues, which will be addressed separately, _infra_, Defendants initially suggested that the remainder of the pretrial scheduling be addressed shortly after the class plaintiffs file their consolidated amended class action complaint.  At that time, we will know which companies will be named as defendants and which claims are being alleged.  It may be that some defendants-to-be-named are not before the Court at this time, may be represented by attorneys not now before this Court, and thus will not have the opportunity to participate in the long-term scheduling process.  Thus, Defendants had initially suggested that the parties meet and confer within two weeks after the consolidated amended class action complaint is served to attempt to resolve the remainder of the case management schedule.  However, after review of the Meijer plaintiffs' proposal, Defendants believe that to meet and confer after the ruling on the motion to dismiss will allow the parties to agree on a more accurate schedule for the remainder of the case.[7]  At that time, the remaining parties and claims, if any, will be defined by the Court.

It is possible that after the motion to dismiss is decided and any portion of this litigation remains, Defendants may suggest that certain issues be bifurcated for early resolution, for the reason that they will require discreet discovery and may save judicial time.  Examples of these types of issues are "relevant market" and "impact."  Regardless of what schedule is adopted, Defendants specifically reserve their right to request a bifurcation of issues to the Court.

### B.      Additional Matters Discussed at 26(f) Conference

---

[7]Except for the schedule for the motion regarding class certification.  _See_, § IIB6, intra.

All Direct Purchaser Plaintiffs and Defendants' Counsel discussed the following items, and agree on items 2, 3, 5.c, and 7 below.

### 1.    Initial Disclosures.

Plaintiffs' believe that the parties should serve initial disclosures as required under Rule 26(a)(1), no later than April 21, 2006.  Defendants' counsel has suggested that at this time initial disclosure under Rule 26(a)(1) be limited to "(A)", the identity of persons likely to have discoverable information.  Defendants' counsel proposes that a copy of certain documents be produced as Defendants' counsel describes in § II B.4, infra.

### 2.    Joinder of Parties, Amending Pleadings.

Plaintiffs will file a Consolidated Amended Class Action Complaint on or before May 1, 2006 and Publix will file an Amended Complaint by the same date.  Plaintiffs reserve their right to seek leave of the Court to make further amendments pursuant to Rule 15.

### 3.    Dispositive Motions.

Defendants plan to move to dismiss the Consolidated Amended Class Action Complaint. Defendants shall file their motions on or before June 2, 2006; Plaintiffs shall file their response on or before July 7, 2006; and, Defendants shall file a reply on or before July 21, 2006.

### 4.    Production of Documents Produced to the Department of Justice in U.S. v. EMMC, 04-CV-5829-TON

The parties disagree as to the scope and timing of the production of these previously collected documents.

The Rosenstein Plaintiffs propose that Defendants produce this set of documents as well as correspondence with the Department of Justice ("DOJ") and transcripts or sworn statements relating to the DOJ's investigation in *U.S. v. EMMC*, 04-CV-5829-TON by May 8, 2006. Rosenstein Plaintiffs understand that the production at issue is not particularly voluminous (less

than 20 bankers boxes).  In order to obtain the discovery in a timely manner, Rosenstein Plaintiffs are willing to incur the expense of having Defendants' copying service copy the production twice – once without Defendants' "confidential/highly confidential" designation which plaintiffs would maintain and review for "attorneys' eyes only" and once after defendant have made such designations pursuant to a confidentiality order entered by the Court.

The Meijer Plaintiffs propose that Defendants produce, within 45 days of the filing of this Report, all documents produced to the Department of Justice, including electronic data, correspondence with the DOJ and any other administrative or governmental, state or federal agency, and privilege logs, as well as all any transcripts or sworn statements related to any governmental investigation, including but not limited to the DOJ's investigation (as first proposed by the Meijer Plaintiffs).

Publix supports Meijer's proposed approach.

Defendants have agreed to produce the documents (with one caveat[8]) and interrogatory answers from the files of Defendants that were produced to the DOJ, but not the correspondence with the DOJ and not the individual witness' transcripts, within sixty (60) days after a protective order is entered by this Court.  The parties are currently negotiating a protective order.

The documents produced to the DOJ were not stamped with any labels of "confidential" or "highly confidential."  All those documents must now be reviewed to categorize them under these categories before they are produced to the plaintiffs.  We also plan to scan the documents electronically which is preferable to hard copy production.

---

[8]The caveat is that some documents produced to the DOJ are not traditionally produced in discovery, individual company's tax returns being an example.  Moreover, certain privileged documents were produced to the DOJ with the proviso that that privilege was not waived.  Defendants reserve the right to object to the production of these documents, once identified.

Rosenstein Plaintiffs' suggestion would require a double production – one with no "protective order" markings and again after the "protective order" markings are in place.

In contrast to the production of business documents, Defendants believe it is inappropriate to provide transcripts of individual witnesses which are of a much more personal and intrusive nature until, at the very least, the Court has ruled on the motion to dismiss.  In In re NASDAQ Market-Makers Antitrust Litig., 169 F.R.D. 493, 530 (S.D.N.Y. 1996), for example, discovery of certain CID documents occurred before CID transcripts, which was stayed pending resolution of the class certification motion.

Defendants' counsel have requested as a quid pro quo that each plaintiff produce its records of direct purchases (including invoices, credits, rebates, allowances, and other discounts) of fresh agaricus mushroom from named Defendants as well as from other vendors.

     **5.**    **Fact Discovery**.

        a.    The parties disagree on when discovery should commence.   The Rosenstein Plaintiffs propose that discovery should commence at the same time as initial disclosures are made on April 21, 2006 and should be completed by March 23, 2007.  Rosenstein Plaintiffs disagree with Defendants' position that all discovery, apart from documents produced to the DOJ, should be stayed until after Defendants' motions to dismiss is briefed and decided. Such stays or discovery are not favored by this court.  See Coca-Cola Bottling Co. Of the Lehigh Valley v. Grol, No. 92-7061, 1993 U.S. Dist. LEXIS 3734, at *6 (E.D. Pa. Mar. 3, 1993),("[m]otions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.")

This is particularly true where as here a decision on the motion to dismiss will not dispose of the entire case.  Id. at *7.   Keystone Coke Co. V. Pasquale, No. 1999 U.S. Dist. LEXIS 170, at *1 (E.D. Pa. Jan. 6, 1999) (denying motion to stay pending motion to dismiss); Coca-Cola, 1993 U.S. Dist. LEXIS 3734, at *6-7 (same); Pacific Ins. Co. V. Tremoglie, No. 97-8005, 1998 U.S. Dist. LEXIS 11764, at *5 (E.D. Pa. 1998) (same).

Here, it is unlikely that a motion to dismiss asserting immunity under the Capper-Volstead Act (the "Act") would dispose of all of Plaintiffs' claims.  The Act provides limited immunity from the antitrust laws to farm cooperatives and their members for certain joint conduct.  The Act does not provide any immunity in cases like this one where farm cooperatives engage in exclusionary practices, monopolize trade or suppress competition with non-members. *Maryland & Virginia Milk Producers Ass'n*, 362 U.S. 458 (1960); *Knuth v. Erie-Crawford Dairy Co-operative Ass'n*, 395 F.2d 420, 423 (3d Cir. 1968).  By, *inter alia*, eliminating mushroom supply from non-EMMC members, and/or using collective efforts to penalize non-EMMC members that charged lower prices, the Defendants suppressed competition from growers that were not members of the cooperative.

The Meijer Plaintiffs propose the following: (1) Defendants produce all documents which were previously produced to the Department of Justice, including electronic data, correspondence, and privilege logs, as well as any transcripts or sworn statements related to the government's investigation within 45 days of the filing of this Report; (2) Plaintiffs produce their purchase records from the Defendants within 45 days of the filing of this Report; (3) third party discovery may commence immediately; and (4) the parties meet and confer regarding all other discovery and scheduling matters no later than 45 days following the completion of briefing on Defendants' motion to dismiss or a ruling on Defendants' motion, whichever is earlier.

Publix supports Meijer's proposed approach.

Defendants believe as follows:  Apart from the documents produced to the DOJ as discussed in No. 4 above, defense counsel suggest that no further discovery be conducted until after the motions to dismiss are ruled upon.  As stated earlier, there are serious questions arising under the immunity granted under the Capper Volstead Act that may result in this entire matter being dismissed or the claims being narrowed on the remaining issues to be litigated or certain defendants being dismissed.  Under such circumstances, it is appropriate to stay discovery until the motion to dismiss is decided.  Weisman v. Mediq, Inc., 1995 U.S. Dist. LEXIS 5900 at *5 (E.D.Pa. 1995); see also, Delancy v. National Post Office Mail Handler, Watchmen, Messengers & Group Handlers, 1985 U.S. Dist. LEXIS 18597 at *2 (M.D.Pa. 1985); Hatchette Distribution, Inc. v. Hudson County News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991).  The Court should balance the risk of harm to the parties in staying or not staying discovery.  Glades Pharmaceuticals, LLC v. Call, Inc., 2005 U.S. Dist. LEXIS 3696 at *26-28 (E.D.Pa. 2005).

Defendants suggest the stay is especially appropriate here in light of the fact that Defendants have agreed to produce the documents they produced to the DOJ.

b.     The plaintiffs believe that the limits on the number of depositions set by Rule 30(a)(2)(A) shall not apply in this case.  Defendants suggest that it is premature to discuss any limits on depositions until we know the number of parties that remain in the case.

c.      Each party reserves the right to seek a protective order pursuant to Rule 26(c).  Counsel for the parties are currently negotiating a protective order and hope to reach resolution shortly.

**6.     Class Certification**.

The Rosenstein Plaintiffs propose that Plaintiffs shall file a class certification motion, along with any supporting memoranda and expert report or affidavit by November 17, 2007.[2] Any expert that submits a report or affidavit in connection with Plaintiffs' class certification motion can be deposed by Defendant regarding such report or affidavit, and the contents thereof, at any time before December 15, 2006.  Defendant shall file any brief in opposition to Plaintiffs' motion for class certification, along with any materials and/or expert reports or affidavits in support of Defendant's' opposition brief by December 29, 2006.  Any expert that submits a report or affidavit in connection with Defendants' opposition to Plaintiffs' class certification motion can be deposed by Plaintiff regarding such report or affidavit, and the contents thereof, at any time before January 26, 2007.  Plaintiffs shall file any reply brief in further support of their motion for class certification, along with any expert rebuttal reports or affidavits by February 9, 2007.

The Meijer Plaintiffs propose that the parties meet and confer regarding class certification deadlines no later than 45 days following the completion of briefing on Defendants' motion to dismiss or a ruling on Defendants' motion, whichever is earlier.  Although the Meijer Plaintiffs believe that it may be possible to file a motion for class certification on or before November 17, 2006, until Defendants make the production described in Section II.B.4 above, the Meijer Plaintiffs believe that setting such a deadline is premature.  As such, the Meijer Plaintiffs have proposed this meet and confer so that a filing date for Plaintiffs' Motion for Class Certification may be more intelligently ascertained.

---

[2]Direct Purchaser Plaintiffs' proposed November 17, 2006 deadline for plaintiffs to move for class certification differs from the date proposed in the CMO (by all Direct Purchaser Plaintiffs except Meijer and Publix) to reflect the fact that plaintiffs have not yet received the documents Defendants produced to the Department of Justice.

Publix takes no position on this issue.

Defendants have no preference between the proposals of the Rosenstein Plaintiffs and Meijer as to plaintiffs' initial papers for class certification.  However, should the Court accept the Rosenstein proposal that the class briefing commence on or before November 17, Defendants disagree with the remainder of the Rosenstein Plaintiffs' schedule.  Rather, Defendants suggest that the time proposed by plaintiffs for Defendants to respond is too short, particularly since the year-end holidays intervene.  Defendants suggest they have eight (8) weeks (to January 12, 2007) to depose plaintiffs' expert, if necessary, to obtain their own expert reports, if necessary, and to file a memoranda in opposition.  Plaintiffs may have reasonable time necessary to depose Defendants' expert(s) and file reply papers.

Defendant Creekside Mushrooms opposes the filing of the Motion for Class Certification until after resolution of the Motion to Dismiss. Creekside Mushrooms believes that a Motion to Dismiss ruling will clarify what, if any, theories are legally viable, and thus narrow and focus the issues for class certification. Stagi v. Amtrak, 407 F. Supp. 2d 671, 673 n.2 (E.D. Pa. 2005) (noting court previously stayed plaintiff's motion for pre-certification class discovery pending court's disposition of defendant's Motion for Judgment on the Pleadings).

### 7.    Scope of Expert Discovery.

The parties agree that the draft expert reports and communications between counsel and experts shall not be discoverable in this case.  This agreement applies to both class and merits expert discovery.

### 8.    Sequence and Timing of Expert Discovery.

The parties disagree about the sequence and dates for expert discovery.  The Rosenstein Plaintiffs propose that any party wishing to introduce expert evidence or testimony at trial

regarding an issue on which the party has an affirmative burden shall serve on opposing counsel reports from such expert(s) (the "Opening Expert Reports.") on or before March 30, 2007.  The parties will make available for deposition in a reasonable time any expert for whom an Opening Expert Report is submitted before April 27, 2007.  Any parties wishing to serve expert reports or affidavits in opposition to any Opening Expert Reports (the "Opposition Expert Reports") shall serve on opposing counsel reports from such expert(s) by May 11, 2007.  The parties will make available for deposition in a reasonable time any expert for whom an Opposition Expert Report is submitted before June 8, 2007.  Parties wishing to serve expert reports or affidavits in rebuttal to the Opposition Expert Reports (the "Rebuttal Expert Reports") shall serve on opposing counsel reports from such expert(s) by June 22, 2007.  The parties will make available for deposition in a reasonable time any expert for whom a Rebuttal Expert Report is submitted.  Such deposition will be limited to the scope of the experts' Rebuttal Expert Report before July 13, 2007.  Notwithstanding any provision of this paragraph, in no case shall an expert on a single subject be deposed more than twice.

The Meijer Plaintiffs propose that the parties meet and confer regarding the sequence and timing of expert discovery no later than 45 days following the completion of briefing on Defendants' motion to dismiss or a ruling on Defendants' motion, whichever is earlier.

Publix supports Meijer's proposed approach.

Defendants submit that plaintiffs bear the burden of proof as to damages and liability and that, therefore, expert discovery should proceed in the normal, traditional sequence:

> (1)    Plaintiffs file a report, followed by a deposition.

> (2)    Defendants file a report, followed by a deposition.

> (3)    Plaintiffs file a rebuttal report, if necessary.

Timing should be addressed at the appropriate time.  (*See*, Defendants' § II.A.2., supra).

9.    **Summary Judgment.**

The parties disagree about the dates by which any summary judgment motion should be filed.  The Rosenstein Plaintiffs propose any motion for summary judgment should be filed by August 10, 2007; papers in opposition to the summary judgment motion shall be filed by September 14, and reply briefs in further support of summary judgment motion shall be filed by October 5, 2007.

The Meijer Plaintiffs propose that the parties meet and confer regarding summary judgment deadlines no later than 45 days following the completion of briefing on Defendants' motion to dismiss or a ruling on Defendants' motion, whichever is earlier.

Publix supports Meijer's proposed approach.

Defendants' counsel believe timing should be addressed at the appropriate time.  (*See*, Defendants' § II.A.2., supra).

10.    **Pretrial Memoranda, Final Pre-Trial Conference and Trial**

The parties disagree about the schedule for these filings and events.  The Rosenstein Plaintiffs propose that parties submit pre-trial memoranda by October 26, 2007, that the court hold the final pre-trial hearing on November 2, 2007, and that trial begin on or about November 9, 2007.

The Meijer Plaintiffs propose that the parties meet and confer regarding deadlines for pretrial memoranda and dates for a final pre-trial conference and the trial no later than 45 days following the completion of briefing on Defendants' motion to dismiss or a ruling on Defendants' motion, whichever is earlier.

Publix supports Meijer's proposed approach.

Again, Defendants' counsel believe it is premature at this time to address this portion of the schedule.  (*See*, Defendants' § II.A.2., <u>supra</u>).  Moreover, it goes without saying that the Court's schedule must be taken into account in the setting of a potential trial date and the filing deadlines and events leading up to trial.

<div style="margin-left: 40%;">

Respectfully submitted,

WAD567_____
William A. DeStefano
Terri A. Pawelski
Buchanan Ingersoll, P.C.
1835 Market St., 14th Fl.
Philadelphia, PA  19103


H. Laddie Montague
Martin I. Twersky
Berger & Montague P.C.
1622 :Locust Street
Philadelphia, PA 19103

Counsel for Defendants

</div>