THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *IN RE MUSHROOMS ANTITRUST LITIGATION* | MASTER FILE NO. 06-620-TON |
| **THIS DOCUMENT RELATES TO:**<br><br>**PUBLIX SUPER MARKETS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**EASTERN MUSHROOM MARKETING COOPERATIVE, INC., et al.,**<br><br>Defendants. | CIVIL ACTION<br><br>NO. 06-cv-00932-TON |

## PLAINTIFF PUBLIX SUPERMARKET, INC'S BRIEF IN SUPPORT OF ITS RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND JOINDER IN THE MEMORANDUM OF LAW FILED BY THE DIRECT PURCHASER CLASS PLAINTIFFS

PUBLIX SUPERMARKETS, INC. ("Publix"), by its attorneys, hereby adopts and joins the Omnibus Opposition of the Direct Purchaser Class Plaintiffs filed on or about September 15, 2006 in response to Defendants' Motion to Dismiss All Complaints. The amended complaint filed by Publix (the "Amended Complaint") differs in only minor respects from the complaint of the Direct Purchaser Class Plaintiffs (the "Class Action Complaint"). Moreover, the two causes of action pled by Publix- for a conspiracy to restrain trade in violation of Sherman Act § 1 and a conspiracy to monopolize in violation of Sherman Act § 2, are also alleged in the Class Action

Complaint[1]. Therefore, in an effort to avoid burdening the Court with duplicative argument, Publix offers the following abbreviated supplemental discussion.

I.  **STANDARD OF REVIEW**

The standard of review on a motion to dismiss an antitrust case is well-settled. Such a motion should be granted "only if 'after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint.'" *In re Warfarin Sodium Antitrust Litigation*, 214 F.3d 395, 398 (3d Cir. 2000) (citing *Trump Hotels and Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir.1998)). Plaintiffs are required only to plead "a short and plain statement of the claim showing that [they] are entitled to relief." Fed. R. Civ. P. 8(a). Moreover, "summary procedures should be used sparingly in complex antitrust litigation," *Poller v. Columbia Broad. Sys.*, 368 U.S. 464, 473 (1962), and courts "should be extremely liberal in construing antitrust complaints." *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 179 (3d Cir. 1988). Despite this well settled standard of review, Defendants inappropriately make repeated attempts to raise factual issues in their Motion to Dismiss.

In the event that the complaint fails to state a claim or plead facts with sufficient specificity, leave to amend the complaint should be freely given absent bad faith, futility or substantial prejudice to the opposing party. Fed. R. Civ. P. 15(a); *see also Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

---

[1] For practical purposes, Publix' Amended Complaint mirrors that filed by the Class Plaintiffs. Both name the same Defendants and complain of identical anticompetitive conduct. The only substantive difference is the Class Plaintiffs' inclusion of a third cause of action for violation of Clayton Act § 7. Other than that, the differences are stylistic. For example, although Publix does not expressly allege that one or more of the Defendants failed to qualify as "farmers" under the Capper-Volstead Act as does the Class (*See* Class Action Complaint ¶¶ 91, 99), it does allege the requisite underlying facts- that certain Defendants were fully integrated growers/ shippers/ marketers and thus fall outside the Capper-Volstead Act's scope of protection. *See* Amended Complaint ¶ 25.

2

## II. ARGUMENT

Publix's Amended Complaint sets forth two straightforward causes of action, both of which are pled with more than adequate detail. Likely recognizing this, and in search of a distraction, Defendants' Motion to Dismiss seems to focus much of its effort on making the point that the Capper-Volstead Act permits "farmers" engaged in a cooperative to fix prices. Although Publix does not concede that Defendants qualify for Capper-Volstead's limited immunity, this issue is largely beside the point. Publix' Amended Complaint alleges a series of anticompetitive actions taken by Defendants as part of their "Supply Control Campaign." It is these collusive, anticompetitive acts, designed to forestall competition from mushroom producers by reducing the supply of land available to grow mushrooms in an attempt to reduce supply, that is the focus of the claims. *See* Amended Complaint ¶¶ 77-78. Although Defendants attempt to minimize their conduct by arguing, in the context of a Motion to Dismiss, that their conduct could not have had any impact on prices, this is not the forum for such a factual dispute. Additionally, given the fact that this very Court has already entered a Final Judgment in the Department of Justice's ("DOJ") case that the DOJ stated a claim under Section 1 of the Sherman Act (*See* Proposed Final Judgment at 2 (attached as Ex. 4 to Defendants' Motion to Dismiss)) and Publix's allegations are nearly identical to the DOJ's, Defendants seem hard-pressed to now make the argument that Publix's complaint fails to state the same claim. Publix' second cause of action for violation of Sherman Act § 2 (attempted monopolization) is similarly well-pled.

## III. CONCLUSION

For the reasons set forth in the Omnibus Opposition of the Direct Purchaser Class Plaintiffs and above, Publix respectfully requests that Defendants' Motion to Dismiss be denied. However, should the Court grant any part of Defendants' Motion to Dismiss, Publix asks for

permission to amend its complaint pursuant to Fed. R. Civ. P. 15(a). This is a case where Defendants have already entered into a consent agreement with the Department of Justice based on allegations very similar to those raised in Publix' Amended Complaint. Consequently, if the Court perceives any technical pleading deficiencies, Publix' requests the opportunity to amend.

DATE: September 15, 2006

**TRUJILLO RODRIGUEZ & RICHARDS, LLC**

By: *Kathryn C. Harr*
Ira Neil Richards (ID No. 50879)
Kathryn C. Harr (ID No. 89709)
The Penthouse
226 W. Rittenhouse Square
Philadelphia, PA 19103
Tel: (215) 731-9004
Fax: (215) 731-9044

Joseph M. Vanek
David P. Germaine
**Vanek, Vickers & Masini, P.C.**
111 S. Wacker Dr., Ste. 4050
Chicago, IL 60606
Tel: (312) 224-1500
Fax: (312) 224-1510

**Attorneys for Plaintiff**