# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: MUSHROOM DIRECT PURCHASER ANTITRUST LITIGATION | Master File No. 06-CV-0620 |
| This Document Relates to: Publix Supermarkets, Inc. | Civil Action No. 06-CV-0932 |

## DEFENDANT CREEKSIDE MUSHROOMS LTD.'S
## ANSWER TO THE SECOND AMENDED PUBLIX COMPLAINT

Defendant Creekside Mushrooms, Ltd. ("Creekside"), by and through its attorneys, hereby respond to the Complaint in like-numbered paragraphs as follows:

## NATURE OF THE CASE

1. Creekside admits only that Plaintiff purports to sue as alleged. Creekside denies all remaining allegations in Paragraph 1, and denies that there is any basis in law or fact for the claims asserted against it. The averments of the second and third sentences of Paragraph 1 constitute conclusions of law to which no responsive pleading is required.

## PARTIES

2. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2, and they are therefore denied.

3. Creekside admits only that the EMMC is an agricultural cooperative incorporated in the Commonwealth of Pennsylvania; that it is headquartered in Kennett Square; and that its members (which have never included Creekside) are mushroom growers. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 3, and they are accordingly denied.

4. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4, and they are therefore denied.

5. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, and they are therefore denied.

6. Creekside admits only that shipping and packing mushrooms are among the activities engaged in by an entity using the name To-Jo. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 6, and they are therefore denied.

7. Creekside admits only that an entity using the name Cardile has a location in Pennsylvania. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 7, and they are therefore denied.

8. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8, and they are therefore denied.

9. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9, and they are therefore denied.

10. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10, and they are therefore denied.

11. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11, and they are therefore denied.

12.     Creekside admits only that an entity using the name Giorgi has a location in Pennsylvania. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 12, and they are therefore denied.

13.     Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13, and they are therefore denied.

14.     Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14, and they are therefore denied.

15.     Creekside admits only that an entity using the name Pizzini has a location in Pennsylvania. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 15, and they are therefore denied.

16.     Creekside admits only that an entity using the name Modern Mushrooms has a location in Pennsylvania. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 16, and they are therefore denied.

17.     Creekside admits only that an entity using the name Sher-Rockee Mushroom has a location in Pennsylvania. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 17, and they are therefore denied.

18. Creekside admits only that an entity using the name C & C Carriage has a location in Pennsylvania. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 18, and they are therefore denied.

19. Creekside admits only that an entity using the name Oakshire Mushroom has a location in Pennsylvania. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 19, and they are therefore denied.

20. Creekside admits only that an entity using the name Phillips Mushroom has a location in Pennsylvania and that Phillips is among the largest suppliers of speciality mushrooms in the United States. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 20, and they are therefore denied.

21. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21, and they are therefore denied.

22. Creekside admits only that an entity using the name Marson has a location in Pennsylvania. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 22, and they are therefore denied.

23. Creekside admits only that an entity using the name Mario Cutone has a location in Pennsylvania. Creekside is without knowledge or information sufficient to form a belief as to

the truth or falsity of the remaining allegations contained in Paragraph 23, and they are therefore denied.

24.  Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24, and they are therefore denied.

25.  Creekside admits only that an entity using the name Monterey Mushrooms has farms located in Florida, Illinois, California, Texas, Tennessee, and Pennsylvania and is among the largest growers of mushrooms. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 25, and they are therefore denied.

26.  Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26, and they are therefore denied.

27.  Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 27, and they are therefore denied.

28.  Creekside admits only that the Mushroom Alliance was very briefly a member of the EMMC during part of 2001. The remaining allegations set forth in Paragraph 28 are denied.

29.  Creekside admits only that it is headquartered in Worthington, Pennsylvania; and that it is a member of the Mushroom Alliance. The remaining allegations set forth in Paragraph 29 are denied.

30.  Creekside admits only that an entity using the name Kitchen Pride Mushrooms has a location in Gonzales, Texas. Creekside is without knowledge or information sufficient to

form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 30, and they are therefore denied.

31.  Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31, and they are therefore denied.

32.  Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32, and they are therefore denied.

33.  Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33, and they are therefore denied.

34.  Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34, and they are therefore denied.

35.  Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35, and they are therefore denied.

## JURISDICTION AND VENUE

36.  Creekside admits only that Plaintiff purports to sue as alleged. The remaining averments of Paragraph 36 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Creekside denies these averments.

37.  The averments of Paragraph 37 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Creekside denies these averments.

38.  The averments of Paragraph 38 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Creekside denies these averments.

## INTERSTATE TRADE AND COMMERCE

39.  Creekside admits only that mushrooms sometimes called "white button" are a type of agaricus mushroom. Creekside denies the remaining averments set forth in Paragraph 39.

40.  Creekside admits only that it grew and sold mushrooms in other states. Creekside denies the remaining averments set forth in Paragraph 40.

41.  Creekside admits only that it grew and sold mushrooms in other states. Creekside denies the remaining averments set forth in Paragraph 41.

42.  Denies.

43.  Denies.

44.  Denies.

## DEFENDANTS' UNLAWFUL CONDUCT

45.  Creekside admits only that certain other mushroom growers formed the EMMC in or around January 2001. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 45, and they are accordingly denied. By way of further response, the allegations of Paragraph 45 are directed to parties other than Creekside, and are therefore denied.

46.  Denies.

47.     Creekside admits only that some mushrooms are grown in stacks of beds, that some stacks have six beds and that harvested mushrooms are often kept in refrigerated storage until they are packaged and shipped in refrigerated trucks to the customers. Creekside denies the remaining allegations set forth in Paragraph 47.

48.     Creekside admits only that building a new mushroom growing and production facility costs more than $1 million. Creekside denies the remaining allegations set forth in Paragraph 48.

49.- 55. Creekside admits only that the EMMC purchased certain properties in 2001 that, at some point in time, had been operated, at least in part, as mushroom farms. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraphs 49 through 55, and they are accordingly denied. By way of further response, the allegations of Paragraphs 49 through 55 are directed to parties other than Creekside, and are therefore denied.

56.     After reasonable investigation, Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56, and they are therefore denied. By way of further response, the allegations of Paragraph 56 are directed to parties other than Creekside, and are therefore denied.

57.     After reasonable investigation, Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57, and they are therefore denied. By way of further response, the allegations of Paragraph 57 are directed to parties other than Creekside, and are therefore denied.

Case 2:06-cv-00620-TON   Document 119   Filed 05/24/2007   Page 11 of 18

58. Creekside denies the averments of Paragraph 58. In addition the last sentence of Paragraph 58 constitutes conclusions of law to which no responsive pleading is required. To the extent a response is required, Creekside denies these averments.

59. Creekside admits only that despite its determination not to join the EMMC, members of the EMMC repeatedly tried to convince Creekside to join and that certain members of the EMMC were not supportive of some growers. Creekside denies the remaining allegations set forth in Paragraph 59. By way of further response, the allegations of Paragraph 59 are directed to parties other than Creekside, and are therefore denied.

60. Creekside admits only that mushroom growers sell fresh mushrooms to each other from time to time and that at least one member of the EMMC stopped selling mushrooms to Creekside. Creekside denies the remaining allegations set forth in Paragraph 60. By way of further response, the allegations of Paragraph 60 are directed to parties other than Creekside, and are therefore denied.

61. Denies.

62. Denies.

63. The averments of Paragraph 63 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Creekside denies them.

64. The averments of Paragraph 64 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Creekside denies them.

## GOVERNMENT INVESTIGATION

65.    Creekside admits only that the Department of Justice filed a Complaint against the EMMC, styled *United States of America v. Eastern Mushroom Marketing Cooperative Inc.*, Civil Case NO. 2:04-cv-s 05829 and that a final consent judgment in *United States of America v. Eastern Mushroom Marketing Cooperative Inc.*, Civil Case NO. 2:04-cv-s 05829 was filed on September 9, 2005. Creekside denies any allegation that purports to interpret or construe either the Department of Justice's Complaint or the Consent Judgment as these are writings which speak for themselves. The averments of the last sentence of Paragraph 65 constitute a conclusion of law to which no responsive pleading is required. To the extent a response is required. Creekside denies them. The remaining allegations set forth in Paragraph 65 are denied.

## EFFECTS OF ANTICOMPETITIVE CONDUCT

66.    Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 66, and they are therefore denied.

67.    Denies.

68.    Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 68, and they are therefore denied.

69.    Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 69, and they are therefore denied.

## FRAUDULENT CONCEALMENT

70.    Denies.

71.    Denies.

72. Denies.

73. Denies.

## COUNT 1

**Restraint of Trade in Violation of Section 1 of the Sherman Act 15 U.S.C. § 1**

74. Creekside incorporates the responses to the allegations contained in Paragraphs 1 through 73 above as if fully set forth at length.

75. The averments of Paragraphs 75 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Creekside denies them.

76. Denies.

77. The averments of Paragraph 77 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Creekside denies them.

78. Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 78 and they are therefore denied.

79. The averments of Paragraph 79 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Creekside denies these averments.

80. Denies.

81. Denies.

## COUNT II

### Conspiracy to Monopolize in Violation of Sherman Act Section 2

82.  Creekside incorporates the responses to the allegations contained in Paragraphs 1 through 81 above as if fully set forth at length.

83.  The averments of Paragraph 83 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Creekside denies these averments.

84.  Denies.

85.  Creekside denies the averments in Paragraph 85. In addition the averments in the last sentence of Paragraph 85 constitute conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is required, Creekside denies these averments.

86.  Denies.

87.  The averments of Paragraph 87 constitute conclusions of law to which no responsive pleading is required. To the extent a response is required, Creekside denies these averments.

88.  Denies.

89.  Creekside is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 89 and they are therefore denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff is barred from recovering damages or obtaining injunctive relief on the claims asserted in the Complaint by the doctrines of estoppel, waiver, laches and/or unclean hands.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### FOURTH DEFENSE

Plaintiff's claims are barred, because is has not suffered any damages as a result of matters alleged in the Complaint.

### FIFTH DEFENSE

Plaintiff's claims for injunctive relief are invalid and improper in that Plaintiff is incapable of demonstrating irreparable harm and/or the absence of any adequate remedy at law.

### SIXTH DEFENSE

There is no direct and proximate causal connection between any claim of harm or injury alleged by Plaintiff and any acts alleged to have been committed by Creekside.

### SEVENTH DEFENSE

Plaintiff is barred, in whole or in part, from pursuing damages for the claims asserted in the Complaint because they failed to mitigate its damages or to otherwise take commercially reasonable steps to limit any risks and losses.

### EIGHTH DEFENSE

Plaintiff has suffered no antitrust injury.

### NINTH DEFENSE

Plaintiffs has failed to plead that it purchased Creekside's products in any properly defined market or sub-market.

### TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any conduct engaged in by Creekside was reasonable and based on independent, legitimate business and economic justifications.

### ELEVENTH DEFENSE

Creekside has not engaged in any concert, combination or conspiracy to restrain trade.

### TWELFTH DEFENSE

Creekside lacks market power in any relevant market or sub-market.

### THIRTEENTH DEFENSE

At all material times, Creekside acted in good faith.

### FOURTEENTH DEFENSE

Plaintiff's damages, if any, were sustained by the conduct of third parties.

### FIFTEENTH DEFENSE

Creekside was never a member of the EMMC.

### SIXTEENTH DEFENSE

Creekside is immune from liability pursuant to the Capper-Volstead Act. 7 U.S.C. §291 et seq. and the Clayton Act, 15 U.S.C. § 17.

### SEVENTEENTH DEFENSE

Creekside cannot conspire or attempt to conspire with other members of a cooperative because they enjoy intra-enterprise immunity.

### EIGHTEENTH DEFENSE

If there was a conspiracy, and if Creekside was a member of the conspiracy, Creekside withdrew from the conspiracy.

### NINETEENTH DEFENSE

Plaintiff's claims are barred in whole or in part for lack of antitrust standing.

### TWENTIETH DEFENSE

Plaintiffs cannot recover under Section 7 of the Clayton Act, 15 U.S.C. § 18, against defendants who did not acquire the assets.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred in whole or in part because Pennsylvania Corporation Law, including 15 Pa.C.S. § 5552 and 15 Pa.C.S.A. § 7102, affords members of a Pennsylvania non-profit cooperative corporation protection against personal liability.

### TWENTY-SECOND DEFENSE

Creekside adopts by reference any defense not otherwise expressly set forth herein that is pleaded by any other defendant in this action.

### PRAYER FOR RELIEF

WHEREFORE, Creekside denies that Plaintiff is entitled to any of the relief requested for each of the Causes of Action of the Complaint and respectfully requests that the Court enter judgment in its favor on all claims.

                              Respectfully submitted,

Dated: May 24, 2007

                              s/ Barbara Sicalides
                              Barbara Sicalides
                              Barak A. Bassman
                              PEPPER HAMILTON LLP
                              3000 Two Logan Square
                              Eighteenth & Arch Streets
                              Philadelphia, PA  19103-2799
                              (215) 981-4000

                              Attorneys for Defendant Creekside Mushrooms Ltd.