**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: MUSHROOM DIRECT PURCHASER | )   Master File No. 06-0620 |
| ANTITRUST LITIGATION | ) |
| | )   Nos.:   06-03523 |
| THIS DOCUMENT RELATES TO: | ) |
| The above captioned action and | )   Judge O'Neill |
| GIANT EAGLE, INC. and TOPCO ASSOCIATES, LLC | ) |
| v. EASTERN MUSHROOM MARKETING | ) |
| COOPERATIVE, INC., ET AL. 06-03523 | ) |

**BRIEF OF PLAINTIFFS GIANT EAGLE, INC. AND**
**TOPCO ASSOCIATES LLC IN OPPOSITION**
**TO DEFENDANT M .D. BASCIANI & SONS, INC.'S**
<u>**MOTION TO DISMISS THE AMENDED COMPLAINT**</u>

**I.   <u>INTRODUCTION</u>**

Plaintiffs Giant Eagle, Inc. ("Giant Eagle") and Topco Associates LLC ("Topco") have

filed an Amended Complaint (the "GE complaint") that, in all material respects, is identical to

the Consolidated Amended Class Action Complaint (the "Class complaint").   Defendant M.D.

Basciani & Sons, Inc. ("Basciani") by itself and with its co-Defendants, moved last year to

dismiss the Class complaint, arguing that, despite the detailed allegations therein, it failed to

allege a legally cognizable antitrust claim.   Basciani also sought to dismiss the complaint filed by

Publix Super Markets, Inc. ("Publix") on similar grounds.   On April 25, 2007, this Court denied

all motions to dismiss—including Basciani's—except as to Count II of the Class complaint in

which it dismissed the individual Defendants.

Basciani now seeks dismissal of the GE complaint for precisely the same reasons (except

one additional argument) that this Court rejected in denying its earlier motions to dismiss.[1]

Basciani's arguments have not improved with age.   This Court should deny Basciani's motion to

dismiss the GE complaint for the reasons given in its April 25, 2007 Opinion and Order.

---

[1] Notably, all of the other Defendants have answered the GE complaint rather than move to dismiss it.

Basciani's only new wrinkle to its latest motion to dismiss is that Giant Eagle lacks standing to sue the defendant mushroom growers and their cooperative, the Eastern Mushroom Marketing Cooperative, Inc. ("EMMC"), because it contends that Giant Eagle is not a direct purchaser. This argument is based solely on inferences that Basciani asks this Court to draw from allegations that Topco acted as Giant Eagle's purchasing agent for some of its mushroom purchases. But Giant Eagle has more than adequately pled facts supporting its standing as both a direct purchaser and under the control exception to the direct purchaser doctrine. For now, these allegations must be deemed dispositive on standing because Basciani's proposed inference that Giant Eagle is only an indirect purchaser is not permissible at this early stage in the litigation when all inferences must be read in favor of the plaintiff—not the defendant.

Not only is such an inference premature but, more important, it is just plain wrong. While discovery has not yet begun, the attached exhibits reveal that Giant Eagle made most of its mushroom purchases through an on-line auction during the relevant period. Topco merely facilitated the delivery and payment for the mushrooms after Giant Eagle negotiated the price and all other material terms with each selected supplier. For mushroom purchases not made through the on-line auction, Topco acted as Giant Eagle's agent in entering into purchase agreements to which both Topco and Giant Eagle were signatories. These facts confirm Giant Eagle's status as a direct purchaser and its resulting standing. But even if these facts left some lingering doubt regarding Giant Eagle's standing, Topco has recently assigned to Giant Eagle its interest in all antitrust claims arising from Giant Eagle's purchase of mushrooms during the relevant period. Topco's assignment eliminates any possible doubt regarding Giant Eagle's standing to pursue the antitrust claims pled in the GE complaint. In sum, if the Court has any

doubt regarding standing, leave to re-plead should be granted so that the above facts may be alleged.

## II.   LEGAL ARGUMENT

### A.   Legal Standard of Review on a Motion to Dismiss

This Court has held that, in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[the Court] must accept as true all well-pleaded allegations of fact and any reasonable inferences that may be drawn therefrom in plaintiffs' complaint and must determine whether 'under any reasonable reading of the pleadings, the plaintiff[s] may be entitled to relief.'" *In re Mushroom Direct Purchaser Antitrust Litig.*, Master File No. 06-620, 2007 WL 1221143, *3 (E.D. Pa. April 25, 2007) (quoting *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)).[2] Thus, "a Rule 12(b)(6) motion may be granted 'only if it appears that the plaintiff[s] could prove no set of facts that would entitle [them] to relief.'" *Id.* (quoting *Nami*, 82 F.3d at 65). Stated differently, the Court may grant a motion to dismiss for failure to state a claim upon which relief can be granted only if "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff[s], plaintiff[s are] not entitled to relief." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) (quoting *Oatway v. Am. Int'l Group, Inc.*, 325 F.3d 184, 187 (3d Cir. 2003)).

### B.   The Majority of Basciani's Motion to Dismiss Should be Denied on the Basis of the Law of the Case Doctrine

To avoid duplication, this Court consolidated several antitrust actions and class actions involving an anticompetitive scheme by the EMMC and its members to control the price of fresh agaricus mushrooms. After consolidation, Defendants—including Basciani—moved to dismiss

---

[2] Although Basciani contends in part that Giant Eagle lacks standing, which is usually a jurisdictional matter within Rule 12(b)(1), the Third Circuit treats motions to dismiss for lack of antitrust standing as motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Glaberson v. Comcast Corp.*, Civ. A. No. 03-6604, 2006 WL 2559479, *3 n.2 (E.D. Pa. Aug. 31, 2006) (citing *Maio v. Aetna, Inc.*, 221 F.3d 472, 481 n.7 (3d Cir. 2000)).

all claims and all complaints asserted against them. While these motions were pending, Giant

Eagle and Topco's related action, which had been filed in the Western District of Pennsylvania,

was transferred by Chief Judge Ambrose to this Court. Shortly before the consolidation of the

Giant Eagle/Topco action with the master case, this Court denied the defendants' multiple

motions to dismiss in all respects, except that it dismissed the individual defendants from Count

II of the Class complaint. On June 27, 2007, this Court consolidated Giant Eagle and Topco's

action with the previously-filed actions.

On June 14, 2007, Giant Eagle and Topco amended their complaint to, among other

things, delete the individual defendants from their Section 2 monopolization claim in accordance

with this Court's April 25, 2007 ruling. The GE complaint, however, remains identical to the

Class complaint in all material respects.[3] Although the GE complaint includes a claim under the

Ohio Valentine Act at Count IV, this claim is substantively identical to the Sherman Act claims

in the complaints.

Other than Giant Eagle's purported indirect purchaser status, which is discussed below,

Basciani raises no new grounds for dismissal. These grounds—*i.e.*, the failure to allege antitrust

injury, inability to sue individual members for their cooperative's antitrust violations, and failure

to adequately allege a product market—were rejected by this Court when it denied the motions to

dismiss filed by all Defendants—including Basciani. (Opinion and Order of Court dated April

25, 2007, Master File No. 06-620). Because the Class complaint and the GE complaint are

substantively identical, and further, because Basciani raises the same grounds for dismissal, law

of the case applies. Under that rule, "courts should be loathe [to revisit their prior decisions] in

---

[3]Both the GE complaint and the Class complaint involve the same underlying price-fixing scheme, the same claims, and the same parties (with a few exceptions). Having already decided the merits of multiple motions to dismiss, this Court is familiar with Defendants' illegal attempt to control the supply and price of mushrooms in the United States. As a consequence, Giant Eagle will not again recite the facts contained in the GE complaint and the Class complaint relating to Defendants' horizontal scheme to restrict product supply in support of their price fixing agreement.

the absence of extraordinary circumstances such as where the initial decision was 'clearly

erroneous and would work a manifest injustice.'" *Christiansan v. Colt Indus. Operating Corp.*,

486 U.S. 800, 817 (1988) (*quoting Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)).

Here, Basciani has not alleged, let alone established, that the Court's April 25, 2007

Opinion and Order, denying the Defendants' multiple motions to dismiss the Class complaint,

was "clearly erroneous," or that it "would work a manifest injustice." Basciani does not point to

any change in the law since this Court's denial of the previously-filed motions to dismiss nor has

such a change occurred. Accordingly, as this Court's April 25, 2007 decision properly denied

Defendants' motions to dismiss on the same issues raised here by Basciani, this Court should

apply the law of the case doctrine by denying Basciani's Motion to Dismiss without

reconsidering the merits of its prior decision.[4]

In addition, the language in the Valentine Act mirrors the language in the Sherman Act,

and Ohio courts follow federal antitrust decisional law when interpreting the Valentine Act.

*Johnson v. Microsoft Corp.*, 106 Ohio St. 3d 278, 281 (Ohio 2005) ("the Ohio General Assembly

patterned Ohio's antitrust provisions in accordance with federal antitrust provisions" and

therefore "Ohio has long followed federal law in interpreting the Valentine Act"); *see also*

Basciani's Br. at 21. Therefore, the same rationale which the Court employed in denying

defendants' motions to dismiss the Sherman Act claims mandates a dismissal of Basciani's

motion to dismiss the Ohio Valentine Act claim at Count IV of the GE complaint.

---

[4] Should this Court wish to revisit its prior decision, Giant Eagle and Topco incorporate all of the legal arguments
contained within the briefs filed by the Class and Publix in opposition to the previously-filed motions to dismiss.

C.      **Giant Eagle has Standing**

        1.      **Giant Eagle Has Sufficiently Alleged**
                **Its Standing As A Direct Purchaser**

Basciani claims that the GE complaint "alleges unequivocally that Giant Eagle purchased

all of its mushrooms from Topco . . . who is alleged to have directly purchased them from

defendants." Basciani Br. at 13.  That is not, however, what the amended complaint says.

Contrary to Basciani's mischaracterization, Giant Eagle alleges that Topco merely acted as its

*purchasing agent*:

> [A]t all times relevant hereto . . . Topco acted on behalf of Giant
> Eagle . . . in purchasing mushrooms from Defendants for resale to
> the public.
>
> Since Defendants' unlawful conspiracy began in 2001, Giant Eagle
> has purchased its mushrooms from EMMC members in the
> following approximate amounts . . . .
>
> All of these purchases by Giant Eagle were made through Topco
> who, at all times relevant hereto, acted as Giant Eagle's purchasing
> agent.

(Am. Compl. ¶¶ 9, 75, 76).  For its purchases, Giant Eagle was negotiating the terms with the

grower directly, or was using Topco as its purchasing agent.  *See, e.g.,* Part II.C.2.a. and b., *infra.*

The prohibition on indirect purchaser standing established in *Illinois Brick Co. v. Illinois*,

431 U.S. 720 (1977) does not apply where, as here, the purported intermediary (Topco) is an

agent of either the buyer or the seller.  *See, e.g., In re NASDAQ Market-Makers Antitrust Litig.*,

169 F.R.D. 493, 505 (S.D.N.Y. 1996) ("where a particular industry structure includes a principal-

agent relationship between the indirect and direct purchasers . . . the indirect purchaser has

standing under *Illinois Brick*"); *In re Mercedes-Benz Anti-Trust Litig.*, 157 F. Supp. 2d 355, 366

(D.N.J. 2001) ("Courts applying *Illinois Brick* have held that where an agent does not function as

an independent economic entity in the chain of distribution, the purchaser is a direct purchaser

directly from the principal."). As the *Mercedes Benz* court explained, the rationale for the well-established exception to *Illinois Brick*—"where the supposed intermediary is controlled by one or the other of the parties"—applies equally "where the control exists through the contractual relationship of agency." 157 F. Supp. 2d at 366.[5]

This exception comports with the purpose of and principles underlying the *Illinois Brick* doctrine. These principles reflect concern over the possibility of duplicative liability, the complexity of ascertaining the amount of overcharge passed on to indirect purchasers and dilution of the direct purchaser's incentive to sue. 431 U.S. at 730-35. None of these concerns is present here. Both Topco and Giant Eagle are parties to this action so there will be no duplicative recovery. And significantly, because Topco is a cooperative serving as an agent for its members, *Illinois Brick's* concerns regarding the difficulty of ascertaining the extent of passing on of overcharges by an independent intermediary are not present here.

Giant Eagle has alleged that it purchased mushrooms from Defendants and that Topco acted only as its purchasing agent to effect these purchases. (Am. Compl. ¶¶ 9, 75, 76). These allegations, if proven, establish an exception to *Illinois Brick* and, accordingly, confer standing on Giant Eagle. Thus, contrary to Basciani's argument that the Court should infer that Topco is the direct purchaser, the Court should infer the allegations in the light most favorable to Giant Eagle, consistent with the Third Circuit's admonition "that antitrust complaints, in particular, should be liberally construed." *In re Hypodermic Products Antitrust Litig.*, 2007 WL 1959225, at 6 (D.N.J. 2007); *accord Commonwealth of Pennsylvania ex. rel. Zimmerman v. Pepsi Co. Inc.*, 836 F.2d 173, 179 (3d Cir. 1988). With respect to standing, Giant Eagle has more than satisfied

---

[5] *Cf. Schwimmer v. Sony Corp.*, 637 F.2d 41, 48-49 (2d Cir. 1980)("a court must guard against the situation in which a seller [like the mushroom growers here] interposes a middleman as a shield against antitrust liability . . ."). Although in *Schwimmer* the "middleman" was a wholly owned subsidiary of the seller, the same principle should apply with equal force where, as here, the "middleman" (Topco) is a purchasing agent of the purchaser (Giant Eagle).

"the pleading standard for 'Section I claims [which] is the short and concise statement standard of

Rule 8(a).'" *In re Hypodermic Prods.*, 2007 WL 1959225, at 6 (*quoting Lum v. Bank of Am.*, 361

F.3d 217, 228 (3d Cir. 2004)).  As Giant Eagle has sufficiently alleged that Topco is a

purchasing agent for Giant Eagle, which if proven establishes an exception to *Illinois Brick* and

confers standing on Giant Eagle, Basciani's motion to dismiss on this basis should be denied.

> **2.    Discovery will Further Confirm that Giant Eagle has Standing to
> Assert its Antitrust Claims Against Defendants and, as a Result,
> Leave to Replead Should be Granted if this Court has Any Doubt
> Regarding Such Standing**

> **a.    Giant Eagle's Status as a Direct Purchaser**

Giant Eagle is in fact a direct purchaser of mushrooms.  To obtain its supply of

mushrooms, Giant Eagle contracts with Freemarkets, Inc. ("Freemarkets") to conduct on-line

auctions. *See* Giant Eagle Request for Quotation for Mushrooms (the "RFQ")(attached as

Exhibit A).  In these auctions, mushroom growers may participate in the auction only if they

have been pre-approved by Giant Eagle. *Id.* at 4.  As the RFQ explains, Giant Eagle analyzes

> the submitted qualifying bids, assess[es] individual supplier
> competitiveness and invite[s] Suppliers to bid in the online
> event . . . .  Giant Eagle reserves the right to invite some or all
> Suppliers to the online event, based on the competitiveness of
> each Supplier's Qualifying Round bid.

*Id.* at 14.  Leaving no doubt regarding Giant Eagle's direct purchaser status, the RFQ provides

that

> Giant Eagle alone will select the awarded Supplier from the bids in
> this event.  The lowest bid does not automatically become the
> winning bid . . . .  Award decisions will be made no later than June
> 3, 2002, upon satisfactory completion of the Giant Eagle
> qualification process.  All bids submitted through the online
> bidding process shall remain valid, firm, and subject to
> unconditional acceptance by Giant Eagle until award notifications
> are issued.

*Id.* at 16. And significantly, Giant Eagle has purchased most of its fresh mushrooms through these on-line auctions during the relevant period. All other purchases have been made by Topco acting as Giant Eagle's agent pursuant to purchase agreements signed by both Giant Eagle and Topco. *Id.* at 4 ("Giant Eagle will not accept bids at any time or by any other means for this business.").

Thus, between 2002 and 2005, Giant Eagle used on-line auctions to obtain the best possible terms—including pricing—for its mushroom purchases, *see* Ex. A, and then entered into purchase contracts with the winning on-line bidders. While Topco handled certain administrative chores like ordering and billing, Giant Eagle had sole responsibility for deciding which mushrooms growers may participate in the on-line auction, selecting the winning bidders, and negotiating all material terms to the mushroom purchase contracts. Ex. A, at 4, 14-16. For these purchases, Giant Eagle was, by any measure, the direct purchaser of its mushrooms.

For mushroom purchases in 2001 and 2005 to the present, Topco acted as Giant Eagle's agent in negotiating the terms of these purchases with the growers. At the completion of these negotiations, however, Giant Eagle and Topco entered into the purchase agreements with vendors. *E.g.,* Mushroom Products Supply Agreement Among Modern Mushroom Farms, Inc., Topco, and Giant Eagle (July 1,2005)(attached as Exhibit C). As a signatory to these purchase agreements, Giant Eagle was a direct purchaser for all purposes—including antitrust standing.

### b.    Discovery will Confirm that the Cost-Plus Exception Applies

Discovery will also establish that the cost-plus exception to *Illinois Brick* applies. That exception applies where, as here, "there is a 'pre-existing cost-plus contract' that insulates the direct purchaser 'from any decrease in its sales as a result of attempting to pass on the overcharge, because its customer is committed to buying a fixed quantity regardless of price.'" *Diskin v. Daily Racing Form, Inc.,* 1994 WL 330229, at 4 (S.D.N.Y. 1994) (*quoting Illinois*

*Brick*, 431 U.S. at 736).  Giant Eagle's purchasing agent, Topco, was insulated from any decrease in its sales resulting from passing on the mushroom grower's overcharge.  As discovery will reveal, Topco merely charged Giant Eagle what the mushroom growers had previously agreed to charge Giant Eagle plus an administrative fee. *E.g.,* Ex. C.

> **c.** **Topco's Assignment to Giant Eagle of its Interest in All Antitrust Claims Arising From Giant Eagle's Purchase of Mushrooms**

To preclude any claim that Giant Eagle lacks standing to pursue claims arising from its purchase of mushrooms, Topco has assigned its interest in all such claims to Giant Eagle. *See* Assignment of Claims (attached as Exhibit B).  While not necessary to confer standing on Giant Eagle, the Topco assignment to Giant Eagle eliminates any potential question regarding Giant Eagle's standing to pursue its claims.  Thus, Giant Eagle would have standing based on the assignment, even if Basciani's unsupported claim that Giant Eagle is not a direct purchaser had merit.

## III.   CONCLUSION

Basciani's motion to dismiss is largely a rehash of the same arguments this Court rejected only a few months ago.  As such, the law of the case doctrine bars re-litigation of the issues which Basciani re-raises in its motion to dismiss the GE Complaint, particularly where, as here, Basciani fails to allege that the Court's prior decision was clearly erroneous or that the law has since changed.  As to standing, Giant Eagle has sufficiently alleged that it is a direct purchaser. For these reasons, M.D. Basciani & Sons, Inc.'s Motion to Dismiss the Amended Complaint should be denied.

Dated:  August 16, 2007                    Respectfully submitted,

                                           */s/ Moira Cain-Mannix*
                                           Bernard D. Marcus,  PA ID No.01293
                                           Scott D. Livingston,  PA ID No. 60649
                                           Moira Cain-Mannix,  PA ID No. 81131
                                           MARCUS & SHAPIRA LLP
                                           One Oxford Centre, 35th Floor
                                           301 Grant Street
                                           Pittsburgh, PA  15219
                                           (412) 471-3490

                                           Counsel for Giant Eagle, Inc.

                                           Victor E. Grimm
                                           Scott M. Mendel
                                           BELL BOYD & LLOYD LLC
                                           70 West Madison Street, Suite 3300
                                           Chicago, IL 60602
                                           (312) 327-1121

                                           Counsel for Topco Associates, LLC

                                           Lawrence T. Hoyle, Jr.,  PA ID No. 02926
                                           Arleigh P. Helfer III, PA ID No. 84427
                                           HOYLE FICKLER HERSCHEL & MATHES, LLP
                                           One South Broad Street, Suite 1500
                                           Philadelphia, PA 19107
                                           (215) 981-5700

                                           Local Counsel for Plaintiffs Giant Eagle, Inc. and
                                           Topco Associates, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing BRIEF OF PLAINTIFFS

GIANT EAGLE, INC. AND TOPCO ASSOCIATES LLC IN OPPOSITION TO DEFENDANT

M .D. BASIANI & SONS, INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT

was served upon all parties through their counsel of record via the Court's electronic court filing

(ECF) system, where it is available for viewing and downloading, on this 16th day of August,

2007.


/s/Moira Cain-Mannix
Moira Cain-Mannix