IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: MUSHROOM DIRECT PURCHASER ANTITRUST LITIGATION | : : : | Master File No. 06-0620 |
| THIS DOCUMENTS RELATES TO: All Actions | : : : : | NOS. 06-0638; 06-0657; 06-0677; 06-0861; 06-0932; 06-1464; 06-1854; 06-4829 |

O'NEILL, J.                                                                                   NOVEMBER 9, 2007

MEMORANDUM

    Pursuant to the September 6, 2007 Order requiring parties to obtain leave of Court upon a showing of good cause before serving any subpoenas or other discovery requests on persons who are not parties to this litigation, direct purchaser class plaintiffs on September 24, 2007 filed a motion for leave of court to serve targeted third-party subpoenas on seventeen third-parties. Before me now is the motion of direct purchaser class plaintiffs, defendants' response, defendant M.D. Basciani & Sons, Inc.'s response, and plaintiffs' reply.

    As a general rule, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). "Since the precise boundaries of the Rule 26 relevance standard will depend on the context of the particular action, the determination of relevance is within the district court's discretion." Wright v. Montgomery County, 1998 WL 848107, at *2 (E.D. Pa. Dec. 4, 1998) (citation omitted). I note that "[i]t is a generally accepted rule that standards for non-party discovery require a stronger showing of relevance than for party discovery." Zukoski v. Philadelphia Elec. Co., No. 93-4780, 1994 WL 637345, at *3 (E.D. Pa. Nov. 14, 1994). Despite this "discovery rules are to be accorded broad and liberal construction." Wright, 1998 WL 848107, at *2 (citation omitted).

1

Discovery may encompass matters which "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1), yet may be limited where the burden or expense of the proposed discovery outweighs its likely benefit, Fed. R. Civ. P. 26(b)(2)(iii).

Direct purchaser class plaintiffs' present motion requests leave of court to serve targeted third-party subpoenas on seventeen third-parties, whom plaintiffs divide into five distinct categories: (1) five companies who were targeted by the EMMC for membership but refused to join;[1] (2) seven companies that belonged to the EMMC "Growers Association" ("EMMCGA");[2] (3) three companies involved in the land transactions by which the EMMC imposed deed restrictions prohibiting the use of that land for the growing of mushrooms;[3] (4) Stuart Thomas, a mushroom distributor based in Dallas, Texas; and (5) Charles H. Matthews, Jr., the former Executive Director of the EMMC.

The subpoenas plaintiffs seek to serve upon these third-parties include eight requests seeking documents: (1) produced to the DOJ in connection with its investigation of the EMMC;[4] (2) concerning the EMMC or its members including the members named as defendants in this suit; (3) concerning the sale or potential sale by or to the EMMC, any of its members, the EMMCGA, or any of its members of real property used in the farming, production marketing or

---

[1] Elite Mushroom Co., Inc.; Blue Mountain Mushroom Co.; Drew DiCarlo Mushrooms; Gourmet's Delight Mushroom Co.; and C.P. Yeatman & Sons.

[2] Greenhill Mushroom Farms, Inc.; J.D. Mushrooms, Inc.; L.F. Lambert Spawn Co.; Ortiz Shiitake Mushrooms, Inc.; Wayne Lewis Mushrooms; Guizzetti Farm, Inc.; and Angelo J. Zunino & Son, Inc.

[3] Land & Equipment Partners, LLC; C&D Zwicky, LLC; and Zwicky Processing and Recycling, Inc.

[4] Document Request One is not challenged by defendants.

sale of mushrooms; (4) concerning any efforts to take mushroom production facilities out of production; (5) related to membership in the EMMC or the EMMCGA; (6) concerning efforts to solicit anyone to join the EMMC, the EMMCGA or a related group or entity; (7) concerning efforts to solicit anyone to join with the EMMC, its members, the EMMCGA or any related group or entity, in any agreement, contract, association, combination, marketing program, sales program, supply reduction program, incentive program, bonus program or rebate program; and (8) relating to any pricing, discounts, rebates or minimum pricing set by the EMMC, the EMMCGA or any of their members for mushrooms or any aspect of the productions, transportation or sale of mushrooms.[5]

      I initially note that with respect to all proposed third-parties Document Requests Two and Five exceed the scope of permissible discovery for Phase One, are not reasonably calculated to lead to the discovery of admissible evidence and fail to make the stronger showing of relevance required for non-party discovery. The scope of plaintiffs' Document Requests Two and Five as drafted essentially encompasses every document that mentions or concerns in any way the EMMC, the EMMCGA or any of their members. Request Two asks for the production of documents concerning the EMMC or its members including the members named as defendants in this suit, and Request Five asks for the production of any document related to membership in the EMMC or the EMMCGA. These requests are made indiscriminately, without regard toward

---

[5] Plaintiffs contend that the above listed requests are designed to obtain discovery related to the Phase One discovery issues identified in my August 8, 2007 Order: (1) whether all members of EMMC are mushroom growers; (2) facts regarding the vertical integration of EMMC members; (3) whether any third parties conspired with the EMMC or any of its members to violate the antitrust laws; and (4) whether any parties were coerced, threatened or pressured by defendants to participate, join or conspire with the EMMC or any of its members to violate the antitrust laws.

whether the sought documents relate to Phase One discovery issues and even without regard toward whether those documents have any relevance to the plaintiffs' allegations. Though with respect to Request Two plaintiffs "suspect that the vast majority of any documents that any third-parties have concerning the EMMC, EMMCGA, and Members of the EMMC will concern the Supply Control Program," mere suspicion regarding the vast majority of documents clearly does not meet the standards for non-party discovery requiring a stronger showing of relevance and further concedes that the request is overbroad. In defense of Request Five, plaintiffs argue that discovery regarding solicitation practices of the EMMC and the EMMCGA are relevant to Phase One. Yet Request Five makes no mention of solicitation practices and instead requests every document related to membership in the EMMC or the EMMCGA. Such a request goes well beyond information regarding plaintiffs' stated cause – uncovering information about defendants' solicitation practices – as it encompasses any and all communication between the seven members of the EMMCGA regardless of nature and content.

With respect to the targeted third-parties, defendants' assertions that thirteen of the seventeen third-parties have no conceivable relevance to Phase One discovery and that the same information is equally available from persons plaintiffs are allowed to depose under the terms of the August 8 Order are not persuasive.[6] Plaintiffs have demonstrated good cause to subpoena these parties. Plaintiffs note that documents already produced indicate that five companies who are non-parties to the litigation were targeted for membership by the EMMC, and thus discovery

---

[6]Defendants concede that some discovery directed at three companies involved in the land transactions by which the EMMC imposed deed restrictions and Charles H. Matthews, Jr. is warranted at this time and dispute only the scope of the proposed requests directed at these four parties in their response.

from those five companies to uncover information regarding the EMMC's solicitation practices is proper at this time. Such information is relevant to whether any parties were coerced, threatened or pressured by defendants to participate, join or conspire with the EMMC or any of its members to violate the antitrust laws.

Additionally, documents concerning the methods by which the EMMC allegedly controlled the EMMCGA and its seven members are relevant to the discovery issues set forth in my August 8 Order. Defendants state in their response that the EMMCGA is a separate cooperative that is not a member of the EMMC and cite this fact as a basis for disallowing discovery with respect to the EMMCGA members. Yet it is apparent from documents already produced that there was some relationship between the EMMC and the EMMCGA, and the nature of this relationship between the EMMC and a wholly separate cooperative is relevant to whether any third parties conspired with the EMMC or any of its members to violate the antitrust laws. Finally, plaintiffs have established good cause for uncovering information regarding certain allegations made by Stuart Thomas in prior litigation against an EMMC member, as the substance of those allegations are relevant to defendants' entitlement to Capper-Volstead immunity.

With respect to the scope of plaintiffs' remaining document requests, I find that plaintiffs have not sufficiently tailored their requests in number and in scope vis-a-vis these particular third-parties and thus will deny plaintiffs' motion with leave to renew. I note that I do not agree with defendants that plaintiffs' categorization of certain entities prohibits a finding of good cause. Nor do I agree that the issues of solicitation and discriminatory pricing are irrelevant to Phase One discovery. Yet boilerplate document requests sent to all categories of third-parties are

not reasonably calculated to lead to the discovery of admissible evidence. It is clear to me that relevant information sought from the three companies involved in land transactions with the EMMC is distinguishable from relevant information sought from the seven members of the EMMCGA, the five companies targeted for membership by the EMMC, and so forth.

Further, as drafted plaintiffs' document requests exceed the scope of the Order entered on August 8, 2007. That Order recognizes as discoverable, *inter alia*, documents concerning whether any third parties conspired with the EMMC or any of its members to violate the antitrust laws and whether any parties were coerced, threatened or pressured by defendants to participate, join or conspire with the EMMC or any of its members to violate the antitrust laws. Though plaintiffs state that their document requests are intended to uncover such information, I discern no good cause for, e.g., the overbroad requests for all documents concerning changes to normal, customary or existing transportation arrangements for fresh mushrooms and changes to normal, customary or existing marketing practices. This request would require the seven members of the EMMCGA to produce every transportation document and every marketing document in their possession.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: MUSHROOM DIRECT PURCHASER ANTITRUST LITIGATION | : : : | Master File No. 06-0620 |
| THIS DOCUMENTS RELATES TO All Actions | : : : : | NOS. 06-0638; 06-0657; 06-0677; 06-0861; 06-0932; 06-1464; 06-1854; 06-4829 |

**ORDER**

AND NOW, this 9th day of November 2007, upon consideration of plaintiffs' motion for leave of court to serve targeted third-party subpoenas on seventeen third-parties, defendants' response, defendant M.D. Basciani & Sons, Inc.'s response, and plaintiffs' reply, it is ORDERED that plaintiffs' motion is DENIED with leave to renew if plaintiffs remove proposed Document Requests Two and Five; narrow the scope of Document Requests Three, Four, Six, Seven and Eight in adherence to my Order of August 8, 2007 such that they are reasonably calculated to lead only to the discovery of admissible evidence relevant to Phase One discovery; and tailor the proposed document requests to each third-party category. Document Request One is not challenged by defendants and is appropriate as drafted.

s/Thomas N. O'Neill, Jr.
THOMAS N. O'NEILL, JR., J.