IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE MUSHROOM DIRECT PURCHASER ANTITRUST LITIGATION | : : : | Master File No. 06-0620 |
| THIS DOCUMENT RELATES TO: | : : | Nos.   06-0638; 06-0657; 06-0677; 06-0861; 06-0932; 06-1464; |
| ALL ACTIONS | : | 06-1854; 06-4829 |

**DEFENDANT M.D. BASCIANI & SONS, INC.'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS FOR SPOLIATION**

Defendant M.D. Basciani & Sons, Inc. ("M.D. Basciani"), by its undersigned counsel, hereby submits this Brief in Opposition to Direct Purchaser Plaintiffs' Motion for Sanctions for Spoliation.

Without any factual basis whatsoever, counsel for plaintiffs[1] repeatedly, falsely and audaciously misrepresent to the Court that M.D. Basciani "spoliated," "destroyed," "withheld," "suppressed" and "purged" the documents of a separate corporation – Basciani Foods, Inc. ("BFI") – an entity that is not even a party to this litigation.  Not satisfied with falsely accusing M.D. Basciani of destroying a non-party's documents, plaintiffs also insult the intelligence of the Court by misrepresenting the contents of its Docket, going so far as to falsely claim that they filed a motion to compel against M.D. Basciani and that the Court entered an Order requiring M.D. Basciani to produce documents.

Desperate times call for desperate measures.  The chaos which is the plaintiffs' case – a representative plaintiff walking out of a noticed depositions, representative plaintiffs refusing to

---

[1] Because counsel for plaintiffs chose to falsely accuse M.D. Basciani of serious misconduct and made other false representations to this Court, on April 28, 2012, counsel for M.D. Basciani served a Rule 11 Motion on the offending attorneys who signed, filed, submitted and/or later advocated the filing of plaintiffs' Motion, Brief and Declaration.  M.D. Basciani will file its Rule 11 Motion on May 21, 2012.

1

be deposed, representative plaintiffs withdrawing as representatives of the putative class, the only plaintiffs' representative who has been deposed testifying under oath that it is possible that it suffered no damages (and who hasn't been interested enough in the case to check for six years) and the conduct of certain plaintiffs' attorneys who are not admitted to the bar of this Court holding themselves out as Lead Counsel for the putative class and actively participating in this case (for years) without authority – is the real reason for plaintiffs' frantic Motion for Spoliation Sanctions against M.D. Basciani. Plaintiffs are now left with throwing mud, hoping that some will stick.

Spoliation is a serious allegation that should not be made lightly. Plaintiffs' claims that M.D. Basciani destroyed the documents of BFI, a separate corporation and non-party to this action, are as unfounded as they are outrageous. Serious accusations should be backed by facts and not the twisted gobbledygook that has become plaintiffs' stock in trade. No alleged "spoliation" analysis is even required here because plaintiffs have offered no evidence, nor could they, that M.D. Basciani "destroyed" anything, much less the documents of a non-party. Having failed to demonstrate this threshold element, the spoliation doctrine does not even apply.

In addition, plaintiffs have failed to demonstrate, nor could they, the first element of any spoliation analysis -- that M.D. Basciani had possession, custody or control of BFI's documents. Plaintiffs' bald and conclusory assertions have been put to rest by the Affidavits of Joseph A. Walheim, Esquire, M.D. Basciani's corporate counsel, and of Jon Walheim, its certified public accountant -- M.D. Basciani is a separate and distinct corporate entity with separate and distinct books and records. M.D. Basciani does not have, and has never had, possession, custody or control over BFI's business records.

Because plaintiffs' have failed to demonstrate that M.D. Basciani "spoliated" the documents of non-party BFI, their Motion must be denied.

I.  **Background**

On April 11, 2012, counsel for plaintiffs filed a Motion for Spoliation Sanctions ("Motion"), Memorandum of Law ("Brief") and Declaration and Local Rule 26.1(f) Certification of Barry L. Refsin ("Declaration").  The Motion, Brief and/or Declaration contained the following false statements,[2] which were made with knowledge that they were false and/or were made without any factual basis whatsoever:

    a.   "Defendant M.D. Basciani, Inc. . . . engaged in the spoliation of documents that this Court specifically ordered to be produced.  *See* Doc. No. 400."  (Motion at 1).

    b.   "As a sanction for destroying documents in the Summer of 2009, Plaintiffs seek (a) an order determining the facts that would have been established by the documents destroyed by M.D. Basciani . . . ."  (Motion at 1).

    c.   "This motion is the fourth that Plaintiffs have been compelled to file with respect to basic pricing and transactional sales documents maintained by Defendant M.D. Basciani & Sons, Inc. . . . ."  (Brief at 1).

    d.   "These documents were purportedly destroyed despite . . . . a motion to compel M.D. Basciani to produce many of them in December 2007, and despite numerous pre-2009 discussions about them with counsel for M.D. Basciani."  (Brief at 2).

    e.   "Accordingly, pursuant to Fed.R.Civ.P. 37(b), 45(e), and this Court's inherent authority, Plaintiffs seek sanctions against Defendant M.D. Basciani . . . for spoliation of documents."  (Brief at 2).

    f.   "The sanctions requested include: (a) an order determining the facts that would have been established in the documents destroyed by M.D. Basciani . . . ."  (Brief at 2).

    g.   "Plaintiffs moved to compel the production of transactional sales and pricing data from all defendants, and this Court granted the motion by order dated February 12, 2008.  *Id*. ¶ 4."  (Brief at 6).

    h.   "Accordingly, Plaintiffs bring this motion seeking an adverse inference and monetary sanctions for the spoliation of documents by M.D. Basciani . . . ."  (Brief at 11).

---

[2] This list is by no means exhaustive. Other misrepresentations will be addressed throughout this Brief.

  i. "Plaintiffs repeatedly requested the documents at issue here. They originally sought them from defendant M.D. Basciani in document requests dated September 24, 2007 (Refsin Dec. ¶ 3)[3]; they moved to compel on those document requests (*id.* ¶4) . . . ." (Brief at 14-15).

  j. "On these facts, it is clear that M.D. Basciani . . . [has] withheld or suppressed key documents." (Brief at 15).

  k. "All of these factors weigh in favor of imposing significant sanctions against the Basciani entities for their blatant destruction of key documents during the pendency of this lawsuit." (Brief at 17).

  l. "M.D. Basciani . . . acted in bad faith in the Summer of 2009 in 'purging' all Basciani Foods' mushroom sales data prior to January 1, 2003." (Brief at 17).

  m. "Plaintiffs believe that the most appropriate sanction to address this prejudice while adequately deterring such conduct by others in the position of M.D. Basciani . . . is an order establishing facts against M.D. Basciani . . . as allowed by Federal Rule of Civil Procedure 37(b)(2(A)(i) . . . ." (Brief at 18).

  n. "In addition, it is appropriate for M.D. Basciani . . . to compensate Plaintiffs for the fees and costs of all of the motions that they have filed to secure this information while the Basciani entities knew that much of it had been destroyed." (Brief at 18-19).

  o. "In addition to the adverse inference and monetary sanctions above, Direct Purchaser Plaintiffs seek an order requiring M.D. Basciani . . . to make available for inspection all responsive documents that were not purged in the Summer of 2009 within ten days after the Court's ruling on this motion." (Brief at 19).

In a Declaration filed with this Court as an Exhibit to the Motion, Mr. Refsin also falsely represented to the Court that:

> "4.  * * * On December 27, 2008, Plaintiffs moved to compel the production of transactional sales and pricing data from all defendants. By order dated February 12, 2008 (Doc. No. 206), the Court granted the motion."

Declaration at ¶4. Mr. Refsin's false Declaration is simply inexplicable because the actual facts are easily verifiable from the Court's Docket, to which Mr. Refsin specifically refers the Court. Mr. Refsin's false Declaration is particularly inexcusable because counsel for M.D. Basciani

---

[3] In 2007, after M.D. Basciani properly objected to plaintiffs' wrongful efforts to obtain the documents of non-party Basciani Foods, Inc. ("BFI") from it because the documents were not in M.D. Basciani's possession, custody or control, plaintiffs neither moved to compel M.D. Basciani to produce them, nor did they serve a subpoena at that time on non-party BFI.

brought these false representations to the Court's attention as recently as December, 2011, in a letter filed with the Court (Doc. No. 393) in connection with another of plaintiffs' filings. *See* Letter dated December 15, 2011 from Thomas K. Schindler, Esquire to the Honorable Thomas N. O'Neill, Jr.[4]

In fact:

---

[4] At least one federal court has questioned representations made by Mr. Refsin to the Court in a reported opinion. *See In re K-Dur Antitrust Litigation*, 2007 U.S. Dist. LEXIS 100238, at *85-87 (D.N.J 2007). In *K-Dur Antitrust Litigation*, the Honorable Stephen M. Orlofsky, Special Master in the case and a former federal judge for the United States District Court for the District of New Jersey, expressed "surprise" at certain representations made by Mr. Refsin to him in writing:

> Although the pending motions to dismiss do not address the DP Plaintiffs' claims, the DP Plaintiffs have raised several arguments in opposition to the pending motions which must be considered.
>
> On October 23, 2006, Mr. Pearlman filed the Direct Purchaser Plaintiffs' Memorandum In Opposition to Defendants Schering-Plough, Wyeth, and ESI Lederle's Applications to Special Master to Dismiss Portions of the Indirect Purchaser Plaintiffs' Amended Consolidated Class Action Complaint (the "DP Plaintiffs' Answering Brief"). In that Answering Brief, the DP Plaintiffs essentially took the position that "overcharged purchasers" have standing to assert *Walker Process* claims. At the oral argument at the January 24, 2007 hearing before me, Mr. Sorenson (incorrectly identified in the transcript as Mr. Lieverman), speaking on behalf of the DP Plaintiffs, presented oral argument on the Motions to Dismiss, limiting himself to two minutes. *See* Transcript of January 24, 2007 Oral Argument at 78-79. Thereafter, on January 26, 2007, I received a letter from Mr. Refsin, submitted on behalf of the DP Plaintiffs. Mr. Refsin's January 26, 2007 letter indicated that he was writing because my ruling on the pending Motions to Dismiss "could affect the DP Plaintiffs' pending challenge to the exclusionary payments made by Schering even though we do not have *Walker Process* claims and were not afforded an opportunity to participate fully in Wednesday's argument." (Refsin Letter, at 1.)
>
> Although Mr. Refsin was present at the oral argument on January 24, 2007, he did not at that time request an opportunity to be heard. While I was somewhat surprised by Mr. Refsin's letter stating that the DP Plaintiffs "were not afforded an opportunity to participate fully in Wednesday's argument," particularly in light of Mr. Pearlman's Answering Brief filed on October 23, 2006, and Mr. Sorenson's presentation at the oral argument on January 24, 2007, I overruled the Defendants' objections to the submission of Mr. Refsin's letter and agreed to consider it. I also gave the Defendants an opportunity to reply to Mr. Refsin's letter of January 26, 2007, which they did in a February 1, 2007 letter from Mr. Nields, addressed to me. I have now considered Mr. Pearlman's Answering Brief, filed October 23, 2006, Mr. Refsin's letter of January 26, 2007, and Mr. Nields' letter of February 1, 2007 in response.

2007 U.S. Dist. LEXIS 100238, at *85-87.

5

**M.D. Basciani did not destroy or purge the documents of non-party BFI.[5]**

**No motion to compel has ever been filed in this case against M.D. Basciani.**

**This Court has never entered an Order requiring M.D. Basciani to produce documents.**

II. Argument

    A. There Is No Evidence, Nor Could There Be, That M.D. Basciani Destroyed The Documents Of Non-Party BFI.

"As an initial matter, Plaintiffs have provided no evidence that any spoliation took place." *Gurvey v. Fixzit National Install Services, Inc.*, 2011 U.S. Dist. LEXIS 12835, at *12 (D.N.J. 2011) ("This is a frequent theme in Plaintiffs' papers -- broad assertions of damaging admissions and controlling authority backed by little or no evidence and inapposite citations to caselaw."). "Their allegations are conclusory, are not entitled to an assumption of truth, and are insufficient to support their claim of [spoliation]." *Blasetti v. Allstate Insurance Co.*, 2012 U.S. Dist. LEXIS 7344, at *11 (E.D.Pa. 2012) (O'Neill, J.). In the words of this Court: "Who, what, when, where, how?" *Blancato v. St. Mary Hospital*, 1993 U.S. Dist. LEXIS 5158, at *8 n.12 (E.D.Pa. 1993).

Here, plaintiffs' accusations are long on conclusion and short on fact. Without any factual basis whatsoever, plaintiffs allege that:

> a. "Defendant M.D. Basciani, Inc. . . . engaged in the spoliation of documents that this Court specifically ordered to be produced. *See* Doc. No. 400." (Motion at 1).
>
> b. "As a sanction for destroying documents in the Summer of 2009, Plaintiffs seek (a) an order determining the facts that would have been established by the documents destroyed by M.D. Basciani . . . ." (Motion at 1).

---

[5] M.D. Basciani does not have, and has never had, possession, custody or control over BFI's business records. *See* Jon Walheim Affidavit at ¶7.

6

    c. "Accordingly, pursuant to Fed.R.Civ.P. 37(b), 45(e), and this Court's inherent authority, Plaintiffs seek sanctions against Defendant M.D. Basciani . . . for spoliation of documents." (Brief at 2).

    d. "The sanctions requested include: (a) an order determining the facts that would have been established in the documents destroyed by M.D. Basciani . . . ." (Brief at 2).

    e. "Accordingly, Plaintiffs bring this motion seeking an adverse inference and monetary sanctions for the spoliation of documents by M.D. Basciani . . . ." (Brief at 11).

    f. "On these facts, it is clear that M.D. Basciani . . . [has] withheld or suppressed key documents." (Brief at 15).

    g. "All of these factors weigh in favor of imposing significant sanctions against the Basciani entities for their blatant destruction of key documents during the pendency of this lawsuit." (Brief at 17).

    h. "M.D. Basciani . . . acted in bad faith in the Summer of 2009 in 'purging' all Basciani Foods' mushroom sales data prior to January 1, 2003." (Brief at 17).

**M.D. Basciani did not destroy or purge the documents of non-party BFI.**[6] "[A]bsent any evidence that [M.D. Basciani] was at fault for the loss or destruction of [BFI's document], it would be inappropriate to apply the spoliation doctrine." *Townsend v. American Insulated Panel Company, Inc.*, 174 F.R.D. 1, 13 (D. Mass. 1997). "[Plaintiffs] cit[e] no case in which a court actually imposed sanctions adverse to a blameless party." *Id.*

Because there is no evidence whatsoever, nor could there be, that M.D. Basciani destroyed the documents of non-party BFI, the spoliation doctrine does not apply. Plaintiffs' Motion must be denied for this reason alone.

---

[6] *See* Jon Walheim Affidavit at ¶7.

B.  **In The Alternative, There Is No Evidence, Nor Could There Be, That M.D. Basciani "Spoliated"[7] BFI's Documents.**

"Spoliation occurs where: the evidence was in the party's control; the evidence is relevant to the claims or defenses in the case; there has been actual suppression or withholding of evidence; and, the duty to preserve the evidence was reasonably foreseeable to the party." *Bull v. United Parcel Service, Inc.*, 665 F.3d 68, 73 (3d Cir. 2012). Only if plaintiffs meet this threshold burden does the Court then consider the imposition of sanctions. *Spanish Peaks Lodge, LLC v. Keybank National Association*, 2012 U.S. Dist. LEXIS 34931, at *2 (W.D. Pa. 2012). It is plaintiffs' burden to prove spoliation. *Id.*

Application of these principles to the facts of this case reveals that the spoliation doctrine does not apply.

1.  **M.D. Basciani's Did Not Have Possession, Custody Or Control Of BFI's Documents.**

"The fundamental factor is that the document, or other potential objects of evidence, must be in the party's possession, custody, or control for any duty to preserve to attach."[8] *Phillips v.*

---

[7] Nor is there evidence that BFI "spoliated" its documents. To the contrary, BFI has asserted in its Response to this Motion that its standard document retention policy is to purge documents older than seven years. *See* BFI Response at 6. This is not "spoliation." As the Third Circuit recently explained:

> In *Brewer* we discussed the connection between a finding of sanctionable spoliation and a ruling on bad faith, stating the following:
>
>> For the [spoliation] rule to apply . . . it must appear that there has been an actual suppression or withholding of the evidence. *No unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for. See generally* 31A C.J.S. Evidence § 156(2); *29 Am.Jur.2d Evidence § 177* ("Such a presumption or inference arises, however, only when the spoliation or destruction [of evidence] was intentional, and indicates fraud and a desire to suppress the truth, and it does not arise where the destruction was a matter of routine with no fraudulent intent.").
>
> *Brewer, 72 F.3d at 334* (emphasis added). Therefore, a finding of bad faith is pivotal to a spoliation determination. This only makes sense, since spoliation of documents that are merely withheld, but not destroyed, requires evidence that the documents are actually withheld, rather than--for instance--misplaced. Withholding requires intent.

*Bull*, 665 F.3d at 79.

8

*Netblue, Inc.*, 2007 U.S. Dist. LEXIS 67404, at *7 (N.D. Cal. 2007). "One cannot keep what one does not have." *Id.*

Here, plaintiffs broadly assert that BFI's documents were in M.D. Basciani's possession, custody or control.[9] They fail, however to substantiate this conclusion with any facts.[10] That is because they cannot.

Plaintiffs' bald and conclusory assertions have been put to rest by the Affidavits of Joseph A. Walheim, Esquire, M.D. Basciani's corporate counsel, and of Jon Walheim, its certified public accountant -- M.D. Basciani is a separate and distinct corporate entity with separate and distinct books and records. M.D. Basciani does not have, and has never had, possession, custody or control over BFI's business records.

---

[8] Notably, plaintiffs cite no case, nor could they, which holds that spoliation sanctions are appropriate where the subject documents were in the custody or control of a third party. *See MacSteel, Inc. v. Eramet North America*, 2006 U.S. Dist. LEXIS 83338, at * (E.D. Mich. 2006).

[9] The cases cited by plaintiffs are easily distinguishable.

In *Gerling Int'l Ins. Co. v. Commissioner*, 839 F.2d 131 (3d Cir. 1998), a tax case that did not involve an allegation of spoliation, the Third Circuit held that the Tax Court *erred* in finding that two corporations were under common control based on improper and unsupported presumptions, and that even if the subject corporations "had been properly presumed or assumed to be under common control, there was no finding, and no record to support a finding, that their corporate entities had been disregarded . . . ." *Id.* at 141. Here, there is sworn evidence of record from M.D. Basciani's corporate counsel and certified public accountant that M.D. Basciani is a separate corporation, that the separate corporate entities were regarded and maintained and that M.D. Basciani did not have possession, custody or control of BFI's documents. *See* Joseph A. Walheim, Esquire Affidavit at ¶¶5-7; Jon Walheim Affidavit at ¶¶4-7.

Similarly inapposite is *Heraeus Electro-Nite Co. v. Midwest Instrument Co., Inc.*, 2006 U.S. Dist. LEXIS 76452, at *3 (E.D.Pa. 2006). Again, the Court in *Heraeus* held that the corporation at issue was *not responsible* for producing the documents possessed by related corporations because there was no evidence that it was their alter ego or agent. In addition, *Heraeus* did not involve an allegation of spoliation.

*Davis v. Gamesa Technology Corp.*, 2009 U.S. Dist. LEXIS 97507, at *5-7 (E.D.Pa. 2009) is equally inapposite. In *Davis*, the parties shared a common parent corporation. The sworn evidence in this action reveals that there is no such relationship here. *See* Joseph A. Walheim, Esquire Affidavit at ¶¶4-7. In addition, unlike *Davis*, the separate corporate entities were regarded and maintained here, and M.D. Basciani did not have possession, custody or control of BFI's documents. *Id.* Finally, *Davis* did not involve allegations of spoliation.

*In re NTL Securities Litigation*, 244 F.R.D. 179 (S.D.N.Y. 2007) is also distinguishable. In that case, there was a document sharing clause in an agreement that required the subject corporation to make available to another entity any documents that it needed, including those for the lawsuit in question. No such agreement exists here.

[10] Not surprising, plaintiffs misrepresent other alleged "facts" of record. For example, and without being exhaustive: BFI did **not** pay M.D. Basciani's membership dues and assessments (*See* M.D. Basciani & Sons, Inc.'s Response to Direct Purchaser Class Plaintiffs' First Set of Interrogatories, Answer to Interrogatory No. 9, attached to Plaintiffs' Omnibus Opposition as Exhibit 37) and Michael Basciani did **not** testify that BFI was required to sell mushrooms at prices set by the EMMC by reason of M.D. Basciani's membership in the EMMC—his **actua**l testimony was that "I tried my best to explain to them that, yes, you know, I can't abide by this. I'm sorry. It would damage my company. It would make me go out of business." (*See* Deposition of Michael J. Basciani [Doc. No. 254] at 303).

Because BFI's documents were not in M.D. Basciani's possession, custody or control, the spoliation doctrine does not apply, and plaintiffs' Motion must be denied for this reason as well.

### C. There Is No Legal Basis For The Relief Sought By Plaintiffs Against M.D. Basciani

#### 1. Rule 37(b)(2)(A)(i) Is Not A Basis For Sanctions Against M.D. Basciani.

Plaintiffs' Motion purports to seek spoliation sanctions against M.D. Basciani pursuant to Rule 37(b)(2)(A)(i) and 45(e). Rule 37(b)(2)(A)(i) provides:

> (b) Failure to Comply with a Court Order.
>
> \*   \*   \*
>
> (2) *Sanctions in the District Where the Action Is Pending*.
>
> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims . . . .

Fed.R.Civ.P. 37(b)(2)(A)(i). No discovery Order was entered by this Court against M.D. Basciani from which the Court may enter sanctions under Rule 37, monetary or otherwise.

This fact has not stopped plaintiffs from fabricating a motion to compel that was never filed and even a Court Order that was never entered in their wrongful attempt to obtain sanctions against M.D. Basciani. Their misrepresentations to the Court are calculated and deliberate:

#### a. The Fictional Motion to Compel

According to plaintiffs:

> a. "This motion is the fourth that Plaintiffs have been compelled to file with respect to basic pricing and transactional sales documents maintained by Defendant M.D. Basciani & Sons, Inc. . . . ." (Brief at 1).

    b. "These documents were purportedly destroyed despite . . . . a motion to compel M.D. Basciani to produce many of them in December 2007, and despite numerous pre-2009 discussions about them with counsel for M.D. Basciani." (Brief at 2).

    c. "Plaintiffs moved to compel the production of transactional sales and pricing data from all defendants, and this Court granted the motion by order dated February 12, 2008. *Id*. ¶ 4." (Brief at 6).

    d. "Plaintiffs repeatedly requested the documents at issue here. They originally sought them from defendant M.D. Basciani in document requests dated September 24, 2007 (Refsin Dec. ¶ 3)[11]; they moved to compel on those document requests (*id.* ¶4) . . . ." (Brief at 14-15).

    e. "4. * * * On December 27, 2008, Plaintiffs moved to compel the production of transactional sales and pricing data from all defendants. By order dated February 12, 2008 (Doc. No. 206), the Court granted the motion." (Declaration and Local Rule 26.1(f) Certification of Barry L. Refsin, attached as Exhibit A to Plaintiffs' Motion.).

**No motion to compel has ever been filed in this case against M.D. Basciani.** This is readily verifiable from the Docket. As more fully set forth above, counsel for M.D. Basciani brought plaintiffs' misrepresentations to the attention of the Court -- and plaintiffs -- as recently as December of 2011 in connection with another of plaintiffs' filings. (Doc. No. 393).

In addition to the fictional motion to compel, the absurdity of plaintiffs' argument is also apparent in its application. In order for Rule 37 to have ever provided a basis for sanctions against M.D. Basciani, the motion to compel which plaintiffs never filed would have needed to be filed against M.D. Basciani, <u>but seeking BFI's documents</u>. Plaintiffs only misrepresent that they "moved to compel the production of transactional sales and pricing data <u>from all defendants</u>." (Brief at 6). BFI is not a defendant and its documents are not the documents of a defendant.

---

[11] In 2007, after M.D. Basciani properly objected to plaintiffs' wrongful efforts to obtain the documents of non-party Basciani Foods, Inc. ("BFI") from it, plaintiffs neither moved to compel M.D. Basciani to produce them, nor did they serve a subpoena at that time on non-party BFI.

### b. The Imaginary Court Order.

According to plaintiff:

> a. "Plaintiffs moved to compel the production of transactional sales and pricing data from all defendants, and this Court granted the motion by order dated February 12, 2008. *Id*. ¶ 4." (Brief at 6).
>
> b. "4. * * * On December 27, 2008, Plaintiffs moved to compel the production of transactional sales and pricing data from all defendants. By order dated February 12, 2008 (Doc. No. 206), the Court granted the motion." (Declaration and Local Rule 26.1(f) Certification of Barry L. Refsin, attached as Exhibit A to Plaintiffs' Motion.).

**This Court has never entered a discovery Order against M.D. Basciani requiring it to produce documents.** Like the fictitious motion to compel, M.D. Basciani brought this misrepresentation to the attention of the Court and plaintiffs in December of 2011. (Doc. No. 393). It defies explanation that plaintiffs continue to relentlessly misrepresent the contents of a Court Order to the Court that entered the Order.

Even if the fictional Order had granted the fictional motion to compel which allegedly sought "the production of transactional sales and pricing data from all defendants" it would not have required defendant M.D. Basciani to produce the transactional and pricing data from non-party BFI.

Because Rule 37 provides no basis for sanctions against M.D. Basciani, plaintiffs' Motion must be denied.

### 2. Rule 45(e) Is Not A Basis For Sanctions Against M.D. Basciani.

Plaintiffs also purport to rely on Rule 45(e) as an alleged basis for their Motion. (Motion at 1). Rule 45(e) provides:

> (e) Contempt. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Fed.R.Civ.P. 45(e).  M.D. Basciani, a party, was not served with a subpoena, nor did it fail to obey a subpoena.  Rule 45(e) cannot, therefore, be a legal basis for sanctions against M.D. Basciani, monetary or otherwise.

### 3. Plaintiffs Cite No Case Which Might Support The "Inherent Authority" Of This Court To Sanction M.D. Basciani For No Reason.

Also absent from plaintiffs' Motion is any legal authority which might provide the basis for this Court to order M.D. Basciani to provide the documents of a separate, non-party corporation which are not in its possession, custody or control, and which are not the subject of a motion to compel against it.  Nor do plaintiffs cite any cases which might support a Court's inherent authority to sanction a party -- without any basis in law or fact -- just for the sake of it.

Because there is no "inherent authority" of a Court to grant spoliation sanctions against a party for no reason, plaintiffs' Motion must be denied for this reason as well.

### III. Conclusion

Plaintiffs' Motion is an eleventh hour maneuver to resuscitate a dying case.  Desperation is, however, not an excuse for falsely accusing a party of destroying a non-party's documents.  Plaintiffs have no basis for their allegations of spoliation against M.D. Basciani and they know it.

For these reasons and all of the reasons more fully set forth above, plaintiffs' Motion for Sanctions for Spoliation must be denied.

                Respectfully submitted,

                /s/ Thomas K. Schindler, Esquire
                Thomas K. Schindler, Esquire
                Attorney I.D. No. 52279
                SCHINDLER LAW GROUP, LLC
                818 East Baltimore Pike
                Kennett Square, PA 19348
                 (610) 444-6216

                                    Donna M. Albani, Esquire
                                    Attorney I.D. No. 37297
                                    DONNA M. ALBANI, ESQUIRE, P.C.
                                    11 Hampton Lane
                                    Glen Mills, PA 19342
                                    (610) 459-8858

                                    Attorneys for Defendant
Dated: May 4, 2012                M.D. Basciani & Sons, Inc.