IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: MUSHROOM DIRECT ) | Master File No. 06-0620 |
| PURCHASER ANTITRUST LITIGATION ) | |
| ) | Nos.: 06-03523 |
| THIS DOCUMENT RELATES TO: ) | |
| ) | Judge O'Neill |
| GIANT EAGLE, INC. v. EASTERN ) | |
| MUSHROOM MARKETING ) | |
| COOPERATIVE, INC., ET AL. 06-03523) ) | |

**DEFENDANT M. CUTONE MUSHROOM CO., INC.'S
JOINDER IN AND SUPPLEMENT TO THE MOTION FOR PARTIAL
SUMMARY JUDGMENT AND FOR RECONSIDERATION OF
THE COURT'S MARCH 26, 2009 OPINION AT DOCKET ENTRY NO. 513**

Defendant M. Cutone Mushroom Company, Inc. respectfully joins in Defendants'

Motion for Partial Summary Judgment on the Entitlement to Immunity from Plaintiff's Claims

Under Section I of the Sherman Act and for Reconsideration of this Court's March 26, 2009

which was filed under seal on January 6, 2014 and is located at docket entry 513. Defendant

Cutone incorporates all of the arguments set forth therein and requests all of the relief requested

therein and Cutone requests that this Court enter the order accompanying that motion. In further

support of that Motion, Defendant Cutone avers:

1.    It is uncontested that M. Cutone Mushroom Co., Inc. ("Cutone") entered into a

Membership Agreement with the Eastern Mushroom Marketing Cooperative ("EMMC") on or

about January 20, 2001.  See Exhibit "A."

2.    It is uncontested that the representative of Cutone to the EMMC voted against the

EMMC land acquisition initiative when the decision was reached by the EMMC to purchase land

previously used to grow mushrooms became available to be purchase. See Exhibit "B" (Excerpt

of Deposition of Michael Cutone, Michael Cutone, May 2, 2008, pp./ 106-107.

3.       It is uncontested that by letters dated March 4, 2002, May 20, 2002 and June 19, 2002, Cutone gave notice to the EMMC of its intent to withdraw from the EMMC. See Exhibit "C."

4.       It is uncontested that by letter dated June 19, 2002, the EMMC accepted the Cutone withdrawal and deemed, pursuant to the EMMC by laws, that the withdrawal would become effective on September 1, 2002. See Exhibit "D."

5.       It is uncontested that no member of the EMMC asked or encouraged Cutone to maintain the EMMC minimum pricing level after Cutone's termination of its EMMC membership. See Exhibit "B", pp. 234-235.

WHEREFORE, for the reasons set forth in the Motion for Partial Summary Judgment on the Entitlement to Immunity from Plaintiff's Claims Under Section I of the Sherman Act and for Reconsideration of this Court's March 26, 2009, as supplemented by the accompanying memorandum of law, it is respectfully requested that this Court enter judgment in favor of Cutone and against all of the plaintiffs in this action.

**LITCHFIELD CAVO, L.L.P.**

BY:

Joel I. Fishbein
1515 Market Street, Suit3e 1130
Philadelphia, PA 19103
(215) 557-0771
fishbein@litchfieldcavo.com

Attorney for Defendant
M. Cutone Mushroom Co., Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: MUSHROOM DIRECT | ) | Master File No. 06- |
| 0620 | | |
| PURCHASER ANTITRUST LITIGATION | ) | |
| | ) | Nos.: 06-03523 |
| THIS DOCUMENT RELATES TO: | ) | |
| | ) | Judge O'Neill |
| GIANT EAGLE, INC. v. EASTERN | ) | |
| MUSHROOM MARKETING | ) | |
| COOPERATIVE, INC., ET AL. 06-03523) | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT M. CUTONE MUSHROOM CO., INC.'S
JOINDER IN AND SUPPLEMENT TO THE MOTION FOR PARTIAL
SUMMARY JUDGMENT AND FOR RECONSIDERATION OF
THE COURT'S MARCH 26, 2009 OPINION AT DOCKET ENTRY NO. 513**

## I.    INTRODUCTION

Defendant M. Cutone Mushroom Co., Inc. ("Cutone") hereby joins in and briefly

supplements the Motion for Partial Summary Judgment and for Reconsideration of the

Court's March 26, 2009 Opinion. For the reasons set forth below, Cutone respectfully

requests that the Court enter the proposed order accompanying defendants Motion at

Docket Entry No. 513.

## II.    FACTUAL BACKGROUND

Cutone entered into a Membership Agreement with the Eastern Mushroom

Marketing Cooperative ("EMMC") on or about January 20, 2001. See Exhibit "A."

During the course of Cutone's brief membership in the EMMC, Cutone voted against the

EMMC land acquisition initiative when the decision was reached by the EMMC to

purchase land previously used to grow mushrooms became available to be purchase. See

Exhibit "B" (Excerpt of Deposition of Michael Cutone, Michael Cutone, May 2, 2008, pp. 106-107).

By letters dated March 4, 2002, May 20, 2002 and June 19, 2002, Cutone gave notice to the EMMC of its intent to withdraw from the EMMC. See Exhibit "C. Then, by letter dated June 19, 2002, the EMMC accepted the Cutone withdrawal and deemed, pursuant to the EMMC by laws, that the withdrawal would become effective on September 1, 2002. See Exhibit "D."

No member of the EMMC asked or encouraged Cutone to maintain the EMMC minimum pricing level after Cutone's termination of its EMMC membership. See Exhibit "B", pp. 234-235.

## III.   LEGAL ARGUMENT

The remaining claims in this case against Cutone require evidence that Cutone participated in an antitrust conspiracy. A defendant in an antitrust conspiracy, like a defendant in any conspiracy case, can eliminate or limit its legal responsibility for the damage caused by the conspiracy if it shows that it withdrew from the conspiracy. See United States v. Continental Group, Inc., 603 F.2d 444, 466-67 (3d Cir. 1979). However, as explained in Continental Group "mere cessation of activity in furtherance of the conspiracy is not sufficient to establish withdrawal." Id. at 467. Rather, "the defendant must present evidence of some affirmative act on his part, typically either a full confession to authorities or communication to his co-conspirators that he has abandoned the enterprise and its goals." See United States v. Steele, 685 F.2d 793, 804 (3d Cir.) (citing United States v. United States Gypsum Co., 438 U.S. 422, 464-65 (1978) and United States v. Lowell, 649 F.2d 950, 955 & n.7 (3d Cir. 1981)), cert. denied 459 U.S. 908 (1982).

In its opinion in <u>Continental Group,</u> the Third Circuit quoted the trial court's jury instruction on withdrawal from an antitrust conspiracy, in relevant part, as follows:

> For a defendant to be deemed to have withdrawn there must be evidence showing withdrawal by some affirmative action. Such action must consist of a definite and decisive step of some kind which shows complete disassociation. For example, to disavow or defeat the purpose of a conspiracy or some other conduct wholly inconsistent with continued adherence to the conspiratorial objects would be the type of decisive act that a party could look to as being the basis for withdrawal.

> A defendant may also withdraw from a price fixing conspiracy by notifying his alleged co-conspirators of his intent to withdraw. Such notification can consist of any communication or conduct reasonably calculated to reach the other alleged co-conspirators and proof of such communication does not require evidence that the defendant directly informed each alleged co-conspirator of his or its intention to withdraw.

<u>Continental Group,</u> 603 F.2d 444, 466-67 (3d Cir. 1979). The evidence establishes that

Cutone did precisely what the law, as explained in this jury instruction, required to

evidence its withdrawal from what was later alleged to be an antitrust conspiracy.

The facts in the <u>Steele</u> case are also instructive. The conspiracy alleged in <u>Steele</u>

involved the payment of bribes by three individuals and three corporations including

General Electric Co. to government officials in Puerto Rico. One of the individuals

indicted and convicted was Robert Naples. Mr. Naples appealed his conviction on the

basis that he withdrew from the conspiracy by resigning from General Electric. As was

the case in <u>Steele,</u> the facts surrounding Cutone's withdrawal from the alleged conspiracy

have not, and cannot be rebutted. Indeed, this is the rare conspiracy case in which there

is a letter by an alleged co-conspirator affirmatively withdrawing from the alleged

conspiracy. See Exhibit "C."

Moreover, prior to its unambiguous written withdrawal from the EMMC, through

statements in board meetings, Cutone informed its alleged co-conspirators that it

disagreed with the policy of acquiring mushroom farms both on principal, and because Cutone could not afford the financial commitment. See Exhibit "B", pp. 106-07. Importantly, once Cutone withdrew from the EMMC, its presence as a member could no longer serve as the foundation for the court's conclusion that its presence in the EMMC destroyed the EMMC's Capper-Volstead immunity.[1]

## IV.    CONCLUSION

For the foregoing reasons, Cutone joins in the Motion for Partial Summary Judgment and for Reconsideration of the Court's March 26, 2009 Opinion and Cutone respectfully requests that the Court enter the proposed order accompanying defendants Motion at Docket Entry No. 513.

**LITCHFIELD CAVO, L.L.P.**

BY:

_____

Joel I. Fishbein
1515 Market Street, Suit3e 1130
Philadelphia, PA 19103
(215) 557-0771
fishbein@litchfieldcavo.com

Attorney for Defendant
M. Cutone Mushroom Co., Inc.

---

[1] The court explicitly based its decision rejecting EMMC's claim to Capper-Volstead immunity on the presence of the Cutone entity in the EMMC. It reserved judgment on whether material factual disputes existed concerning the memberships of Leone Pizzini and Son, Inc., Brownstone Mushroom Farms, Inc. and LRP-M Mushroom, LLC would have also resulted in EMMC's loss of the Capper-Volstead exemption. See In re Direct Purchaser Mushroom Antitrust Litigation, 621 F.Supp.2d 274, 286 n.13 (E.D. Pa. 2009).

## CERTIFICATE OF SERVICE

I, Joel I. Fishbein, do hereby certify that I served a true and correct copy of Defendant M. Cutone Mushroom Co., Inc.'s Joinder in and supplement to the Motion for Partial summary Judgment and for Reconsideration of the Court's March 26, 2009 Opinion at docket Entry No. 513 on January 15, 2014 using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants.

| | |
|---|---|
| David P. Smith<br>W. Ross Foote<br>Percy, Smith & Foote, L.L.P.<br>720 Murray Street<br>P.O. Box 1632<br>Alexandria, Louisiana 71309<br>Tel: (318) 445-4480<br>Fax: (318) 487-1741 | Brent B. Barriere<br>David Patron<br>Susie Morgan<br>Phelps Dunbar, L.L.P.<br>Canal Place<br>365 Canal Street, Suite 2000<br>New Orleans, Louisiana 70130<br>Tel: (504) 584-9210<br>Fax: (504) 568-9130 |
| Robert T. Kelly, Jr.<br>Myers, Brier & Kelly, LLP<br>425 Spruce Street, Suite 200<br>P.O. Box 551<br>Scranton, Pennsylvania 18501-0551<br>Tel: (570) 342-6100<br>Fax: (570) 342-6147 | Adam Moskowitz<br>Tucker Ronzetti<br>Kozyak, Tropin & Throckmorton, P.A.<br>2525 Ponce De Leon, 9th Floor<br>Coral Gables, Florida 33134<br>Tel: (305) 372-1800<br>Fax: (305) 372-3508 |
| John Gregory Odom<br>Stuart E. Des Roches<br>Odom & Des Roches, L.L.P.<br>Suite 2020, Poydras Center<br>650 Poydras Street<br>New Orleans, Louisiana 70130<br>Tel: (504) 522-0077<br>Fax: (504) 522-0078 | Robert A. Kutcher<br>Chopin, Wagar, Richard & Kutcher<br>3850 Notih Causeway Boulevard, Suite 900<br>Metairie, Louisiana 70002<br>Tel: (504) 830-3838<br>Fax: (504) 836-9540 |
| Alfred G. Yates<br>Law Office of Alfred G. Yates, Jr., P.C.<br>519 Allegheny<br>Building 429 Forbes Avenue<br>Pittsburgh, Pennsylvania 15219<br>Tel: (412) 391-5164<br>Fax: (412) 471-1033 | Anthony J. Bolognese<br>Joshua H. Grabar<br>Bolognese & Associates, LLC<br>One Penn Center Plaza<br>1617 JFK Boulevard, Suite 650<br>Philadelphia, Pennsylvania 19103<br>Tel: (215) 814-6750<br>Fax: (215) 814-6764 |

Michael D. Hausfeld
Brian A. Ratner
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4669

Linda P. Nussbaum
Kaplan, Fox & Kilsheimer, LLP
805 Third Avenue, 22nd Floor
New York, New York 10022
Tel: (212) 687-1980
Fax: (212) 687-7714

Paul E. Slater
Sperling & Slater, P.C.
55 West Monroe Street, Suite 3300
Chicago, Illinois 60603
Tel: (312)641-3200
Fax: (312) 641-6492

Eugene A. Spector
Jeffrey L. Kodroff
Jeffrey J. Corigan
Jay S. Cohen
Spector Roseman & Kodroff
1818 Market Street, Suite 2500
Philadelphia, Pennsylvania 19103
Tel: (215) 496-0300
Fax: (215) 496-6611

Nathan Neuman
Law Offices of Nathan Neuman
700 Lake Drive
Ambler, Pennsylvania 19002
Tel: (215) 646-9520
Fax: (215) 646-9521

R. Scott Palmer
Manuel J. Dominguez
Berman, DeValerio, Pease, Tabacco, Burt
& Pucillo
222 Lakeview Avenue, Suite 900
West Palm Beach, Florida 33401

Donald M. Barnes
Salvatore A. Romano
Porter, Wright, Morris & Arthur, LLP
1919 Pennsylvania Avenue NW, Suite 500
Washington, D.C. 20006-3434
Tel: (202) 778-3000

William A. DeStefano
Rudolph Garcia Joseph
Joseph R. Loverdi
Buchanan Ingersoll P.C.
1835 Market Street, 14th Floor
Philadelphia, Pennsylvania 19103-3887
Tel: (215) 665-3887

H. Laddie Montague, Jr.
Martin I. Twersky
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103-6365
Tel: (215) 875-3000
Fax: (215) 875-4671

Abraham C. Reich
Fox, Rothschild, O'Brien & Frankel, LLP
2000 Market Street, 10th Floor
Philadelphia, Pennsylvania 19103
Tel: (215) 299-2090

| | |
|---|---|
| Donna M. Albani<br>Law Offices of Donna M. Albani<br>11 Hampton Lane<br>Glen Mills, Pennsylvania  19432<br>Tel:  (610) 459-8858 | Thomas K. Schindler<br>Brown, Mayhart, Martin & Schindler,<br>112 West Courthouse Alley<br>West Chester, Pennsylvania  19380<br>Tel:  (610) 436-9100 |
| Amy R. Richter<br>621 SW Morrison Street, Suite 1300<br>Portland, Oregon  97205-3816<br>Tel:  (503) 224-0435 | Barbara Sicalides<br>Pepper Hamilton, LLP<br>3000 Two Logan Square<br>18th & Arch Streets<br>Philadelphia, Pennsylvania  19103<br>Tel:  (215) 981-4000<br>Fax:  (215) 689-4532 |
| Neill C. Kling<br>Francis P. Newell<br>Harkins Cunningham, LLP<br>2800 One Commerce Square<br>2005 Market Street<br>Philadelphia, Pennsylvania  19103<br>Tel:  (215) 851-6700<br>Fax:  (215) 851-6710 | Tanya W. Bowman<br>Theresa A. Canaday<br>Frost, Brown, Todd, LLC<br>400 West Market Street, 32nd Floor<br>Louisville, Kentucky  40202-3363<br>Tel:  (502) 589-5400 |
| Bruce E. Gerstein<br>Noah H. Silverman<br>Kevin Landau<br>Garwin, Gerstein & Fisher, LLP<br>1501 Broadway, Suite 1416<br>New York, New York  10036<br>Tel:  (212) 398-0055<br>Fax:  (212) 764-6620 | Barry L. Refsin<br>Steve D. Shadowen<br>Hangley, Aronchick, Segal & Pudlin<br>One Logan Square, 21th Floor<br>Philadelphia, Pennsylvania  19103-6933<br>Tel:  (215) 568-6200<br>Fax:  (215) 568-0300 |

**LITCHFIELD CAVO LLP**

BY: _____

**JOEL I. FISHBEIN**

# EXHIBIT "A"

EASTERN MUSHROOM MARKETING COOPERATIVE

MEMBERSHIP AGREEMENT

and

CERTIFICATE OF MEMBERSHIP


THIS MEMBERSHIP AGREEMENT and CERTIFICATE OF MEMBERSHIP

(collectively, the "Agreement") is entered into between Eastern Mushroom Marketing

Cooperative, a nonprofit agricultural cooperative association organized under the

Commonwealth of Pennsylvania Cooperative Agricultural Association Law of 1990, as amended

(the "Cooperative"), and _M. Cutone Mushroom Co_ ("Producer").

WITNESSETH:

WHEREAS, Producer is one of numerous producers engaged in the production

and marketing of mushrooms;

WHEREAS, Producer can more efficiently and economically engage in such

production and marketing by joining together with other such producers in a cooperative

association;

WHEREAS, Producer represents and warrants to the Cooperative that Producer is

presently engaged in the production and marketing of mushrooms;

WHEREAS, Producer bears the risks associated with the production of

mushrooms, which is a highly perishable crop which must be marketed upon harvesting and

which therefore has a history of distress selling and wide fluctuations in price beyond the control

of individual producers;

Cutone

Exhibit _4_

5-2-08 _____ pmc

Doc. #250844 v.05

By: _____     _____, 2001
                President

By: _____
                Secretary

PRODUCER

_____

M. Cu tue-Mushroom Co.

Date of Execution
_____, 2001

Address of Record:

145 Market St
Chelsea Ma 02150

13

Doc. #250844 v.05

CONFIDENTIAL

EMMC-DOJ-00166

# EXHIBIT "B"

1

```
1   IN THE UNITED STATES DISTRICT COURT

2   FOR THE EASTERN DISTRICT OF PENNSYLVANIA

3   Master File No. 06-0620

4   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    IN RE MUSHROOM DIRECT

5   PURCHASER ANTITRUST

    LITIGATION

6   - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

                    May 2, 2008

7                   10:17 a.m.

8

9

10          30(b)(6) Videotaped Deposition of

11  MICHAEL D. CUTONE, taken by Plaintiff,

12  pursuant to Notice, held at the offices of

13  Silverman Burns Kasmen & Krawitz, 2 Penn

14  Center Plaza, 1500 JFK Boulevard,

15  Philadelphia, Pennsylvania, before

16  PATRICIA MULLIGAN CARRUTHERS, a Certified

17  Shorthand Reporter and Notary Public of

18  the State of New Jersey.

19

20

21

22

23

24

25
```

```
 1              M. CUTONE
 2   wisdom of levying this assessment and
 3   purchasing these farms?
 4              MS. PAWELSKI:  Objection.
 5              MS. ALBANI:  Objection.
 6        A.    Say it again?
 7        Q.    Was there a discussion at the
 8   meetings you attended regarding the
 9   levying of a special assessment in the
10   purchase of the Dublin and Hillsboro
11   farms?
12        A.    "Levying" meaning what?
13        Q.    Making a special assessment to
14   the members?
15              MS. ALBANI:  Objection to the
16   continued characterization as a "special
17   assessment."
18        A.    It was a group decision.  We
19   voted on it, but if you voted no -- it
20   didn't --
21        Q.    Right.
22        A.    -- It didn't matter.
23        Q.    What was your entity's vote?
24        A.    No.
25        Q.    Your vote was no?
```

1                    M. CUTONE

2        A.        Yeah.

3        Q.        And that entity would be

4   Avondale.

5        A.        Avon -- Chelsea Avondale.  I

6   mean, Avondale division?  What are --

7        Q.        Which -- Which entity voted no

8   at the meeting to purchase the Dublin and

9   Hillsboro farms?

10       A.        It wasn't an identity.  I just

11  voted no.  I was at the meeting.  I think

12  my father was there, too.  Voted no.

13       Q.        Did you have one vote?

14       A.        Yes.  I think.

15       Q.        Why didn't you want to purchase

16  those farms, you being Cutone?

17       A.        It was just getting out of

18  hand.  We couldn't afford it.  We would

19  have to borrow the money.  It was, you

20  know, just -- It wasn't in our budget.

21       Q.        Okay.  So was it a monetary

22  concern on the part of Cutone?

23       A.        Yeah.  We -- Where they were

24  buying the farms was not in anywhere I was

25  selling mushrooms, so --

1                    M. CUTONE

2    testimony that Cutone did not terminate

3    its membership in the EMMC until September

4    1st of 2002?

5         A.        Correct.

6         Q.        So would you say that the March

7    4th, 2002, letter was superseded by the

8    May 20th, 2002, letter?

9         A.        Supersedious, huh?  You're

10   throwing that at me.

11        Q.        Which letter was the effective

12   letter in cancelling your membership in

13   the EMMC?

14        A.        There was three of them, so --

15        Q.        Well, one wasn't apparently

16   signed.  Of the two that were signed,

17   which letter was the letter that did the

18   trick?

19        A.        The 20th.  Right?  May 20th.

20        Q.        Now, I believe you stated that

21   even while Cutone was in the EMMC, it did

22   not always adhere to the minimum pricing.

23   Would that be a correct statement, correct

24   summary of your testimony?

25                  MR. LANDAU:  Objection.

235

1                          M. CUTONE

2          A.       Yes.

3          Q.       And after you left the EMMC,

4    Cutone left the EMMC, did you continue to

5    feel obligated or bound by any sort of

6    policy in the EMMC after you left the

7    organization?

8          A.       No.

9          Q.       So would you say you were free

10   to price your mushrooms at whatever you

11   wanted to price your mushrooms at after

12   you left the EMMC?

13         A.       Yes.

14         Q.       And to the best of your

15   recollection did you do so?

16         A.       I'd have to check the records

17   on that.

18         Q.       Now, after you resigned from

19   the EMMC, did any other EMMC member ask

20   you or encourage you to maintain the

21   minimum pricing level?

22                  MS. CAIN-MANNIX:   Objection.

23   Asked and answered.

24         Q.       You can answer.

25         A.       No.

# EXHIBIT "C"

Received 05/29/2002 10:29AM in 01:14 on line [10] for 2271 WORKSRV2 printed B00AEEF4 on 05/29/2002  10:31AM * Pg 3/3
MAY.29.2002   9:41AM   MODERN MUSHROOM SALES                                        NO.700   P.3/3

# M. Cutone Mushroom Co., Inc.

### CHELSEA, MA / AVONDALE, PA

RECEIVERS & COMMISSION MERCHANTS • FRUITS, VEGETABLES & FLOWERS
145 MARKET STREET, CHELSEA, MA  02150
MA (617) 889-1129  FAX (617) 884-8944  PA (610) 268-2271

May 20, 2002

Gary Schroeder
Oakshire Mushroom Farms, Inc
P.O. Box 749
Horsham, PA 19044

Jack  Roitnauer
Modern Mushrooms
1340 Newark Road
Toughkenamon, PA 19374

John Pia
South Mill Mushroom Sales, Inc.
P.O. Box 1037
649 W. South Street
Kennet Square, PA 19348-1037

Attention John, Jack  & Gary,

Please be advised that M. Cutone Mushroom Co, Inc. is terminating its
membership with the E.M.M.C.  Due to current circumstances we can no longer
be bound to the rules and regulations of the cooperative.

Thank you.

Sincerely,

Mario Cutone
President

*Cutone* ID
Exhibit   34
5-2 -08   pmc

EMMC-DOJ-00070
CUTONE  0002

Received 03/19/2002 04:17PM in 00:46 on line [11] for 2271 WORKSRV2 printed B00A8296 on 03/19/2002 04:20PM * Pg 2/2
MAR.19.2002  4:27PM   MODERN MUSHROOM SALES                                                         NO.219  P.2/2

# M. Cutone Mushroom Co., Inc.

### CHELSEA, MA / AVONDALE, PA

**RECEIVERS & COMMISSION MERCHANTS • FRUITS, VEGETABLES & FLOWERS**
145 MARKET STREET, CHELSEA, MA  02150
MA (617) 889-1122  FAX (617) 884-8944  PA (610) 268-2271

March 4, 2002

Gary Schroeder
Oakshire Mushroom Farms, Inc
P.O. Box 388
295 Thompson Road
Kennett Square, PA 19348

Jack
Modern Mushrooms
1340 Newark Road
Toughkenamon, PA 19374

John Pia
South Mill Mushroom Sales, Inc.
P.O. Box 1037
649 W. South Street
Kennet Square, PA 19348-1037

Attention John, Jack  & Gary,

Please be advised that M. Cutone Mushroom Co. Inc. is terminating its membership with the E.M.M.C. Due to current circumstances we can no longer be bound to the rules and regulations of the cooperative. Although we will not be members, we fully intend to adhere to the pricing structure unless we are forced to alter it by other growers. Please return our escrow ($5,000) and the balance of the capitol assessment ($100,000).

Thank you.

Sincerely,

Mario Cutone
President.

Cutone  ID

Exhibit  32
5-2 -08  pmc

EMMC-DOJ-00062
CUTONE  0001

June 19, 2002

Gary Schroeder
Oakshire Mushroom Farms, Inc
P.O. Box 749
Horsham, PA 19044

Jack Roitnauer
Modern Mushrooms
1340 Newark Road
Toughkenamon, PA 19374

John Pia
South Mill Mushroom Sales, Inc.
P.O. Box 1037
649 W. South Street
Kennet Square, PA 19348-1037

Attention John, Jack & Gary,

Please be advised that M. Cutone Mushroom Co. Inc. is terminating its membership with the E.M.M.C. Due to current circumstances we can no longer be bound to the rules and regulations of the cooperative.

Please send an acknowledgment for the termination of our membership.

Thank you.

Sincerely,

Mario Cutone
President



CUTONE 0003

# EXHIBIT "D"



**SAUL EWING** LLP
ATTORNEYS AT LAW

MICHAEL A. FINIO
Phone: (717) 238-7671
Fax: (717) 257-7585
mfinio@saul.com
www.saul.com

June 19, 2002

Mario Cutone, President
M. Cutone Mushroom Co., Inc.
145 Market Street
Chelsea, MA   02150

Re:  Withdrawal from EMMC

Dear Mr. Cutone:

This letter will acknowledge your notice, given prior to June 15, 2002, of your desire to withdraw as a member of the EMMC. As you know, Section 1 of the Membership Agreement permits member withdrawals during the period June 15 to July 1 in each calendar year, subject to certain limitations, with a properly noticed withdrawal being deemed effective as of the end of the then-current membership year; that is, the termination is effective as of September 1.

While your notice was premature, the EMMC will, nevertheless, treat it as constructively having given notice during the proper time period. Your membership in the EMMC remains valid until September 1, 2002, and you remain responsible as a member as per all terms of the Membership Agreement and Bylaws and all policies adopted thereunder.

If you have any questions, please have your legal counsel contact me at 717-238-7671 or by e-mail, mfinio@saul.com, or by fax, 717-257-7585.

Thank you.

Very truly yours,

Michael A. Finio

MAF/kls
cc:  Jack Reitenauer

Cutone ID
Exhibit  36
5-2-08   pmc

CUTONE 0004

2 North Second Street, 7th Floor • Harrisburg, PA 17101-1604 • Phone: (717) 257-7500 • Fax: (717) 238-4622

90254.1 6/19/02 BALTIMORE    CHESTERBROOK    HARRISBURG    NEW YORK    PHILADELPHIA    PRINCETON    WILMINGTON
A DELAWARE LIMITED LIABILITY PARTNERSHIP