IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA



| | |
|---|---|
| IN RE MUSHROOM DIRECT PURCHASER ANTITRUST LITIGATION | Master File NO. 06-0620 |
| THIS DOCUMENT RELATES TO: All Actions | FILED MAY 26 2015 MICHAEL D. KUNZ, Clerk By ___ Dep. Clerk |

### ORDER

AND NOW, this 26th day of May, 2015, upon consideration of certain defendants' motion to adjudicate plaintiffs' antitrust claims under the rule of reason (Dkt. No. 492),[1] plaintiffs' opposition to the motion seeking application of the rule of reason and plaintiffs' cross-motion for partial summary judgment on their Sherman Act § 1 claim (Dkt. No. 495), and the responses and replies to each motion (Dkt. Nos. 496, 498, 501-08, 511, 624, 630), following oral argument on the motions and consistent with the accompanying memorandum of law, it is ORDERED that:

1. Defendants' motion to adjudicate plaintiffs' antitrust claims under the rule of reason (Dkt. No. 492) is GRANTED IN PART AND DENIED IN PART as follows:

    a. the motion is GRANTED to the extent that it seeks application of the rule of reason to plaintiffs' claim that defendants violated Section 1 of the Sherman Act by "conspir[ing] among themselves and in conjunction with

---

[1] Moving defendants are: the Eastern Mushroom Market Cooperative (EMMC), Robert A. Feranto, Jr. t/a Bella Mushroom Farms; Brownstone Mushroom Farms, Inc.; Brownstone Farms, Inc.; Brownstone Mushroom Farm; To-Jo Fresh Mushrooms, Inc.; Country Fresh Mushroom Co.; Gino Gaspari & Sons, Inc.; Kaolin Mushroom Farms, Inc.; South Mill Mushroom Farms, Inc.; Southmill Mushroom Sales, Inc.; Modern Mushroom Farms, Inc.; C&C Carriage Mushroom Co.; Sher-Rockee Mushroom Farm, LLC; Oakshire Mushroom Farm, Inc.; Phillips Mushroom Farms, Inc.; Louis M. Marson, Jr., Inc.; Monterey Mushrooms, Inc.; and John Pia (Dkt. No. 513).

nonmember distributors to set artificially-inflated prices" for mushrooms. Dkt. No. 185 at ¶ 93;

    b.    the motion is DENIED to the extent that it seeks application of the rule of reason to plaintiffs' claim that defendants violated Section 1 of the Sherman Act through the EMMC's implementation of a supply control scheme – purchasing and leasing mushroom farms in order to place deed restrictions on the properties prohibiting the conduct of business related to the production of mushrooms. Dkt. No. 185 at ¶ 94. The Court will apply per se liability to plaintiffs' Section 1 supply control claims.

2.    Plaintiff's cross motion for partial summary judgment (Dkt. No. 495) is DENIED.

It is FURTHER ORDERED that, because this Order and the accompanying memorandum of law may contain confidential information, it has been filed under seal pending review by the parties to permit them to meet and confer and propose a single jointly redacted version of the Order and the accompanying memorandum of law. The parties shall submit their proposed redacted Order and accompanying memorandum of law, if any, on or before June 8, 2015. Thereafter, the Court will issue a publicly-available version of this Order and the accompanying memorandum of law.

                                                    /s/ T. N. O'Neill
                                        THOMAS N. O'NEILL, JR., J.

**ENTERED**

MAY 26 2015

**CLERK OF COURT**