# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | x | |
| IN RE MUSHROOM DIRECT | : | **Master File No. 06-0620** |
| PURCHASER ANTITRUST | : | |
| LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| Giorgi Mushroom Co., Giorgio Foods, | : | |
| Inc., Kitchen Pride Mushroom Farms, | : | |
| Inc., and Creekside Mushrooms Ltd. | : | |
| | x | |

## DECLARATION OF BRUCE E. GERSTEIN IN SUPPORT OF DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENTS

I, Bruce E. Gerstein, declare as follows:

1.      I am the managing partner in the law firm of Garwin Gerstein & Fisher, LLP, Lead Counsel for the Direct Purchaser Class Plaintiffs ("DPCPs").[1] I am submitting this declaration in support of DPCPs' Motion for Final Approval of Settlements.

2.      Subject to Rule 23(e) of the Federal Rules of Civil Procedure and Court approval, DPCPs have entered into Settlement Agreements to dismiss this litigation against the following Defendants in exchange for the indicated payments:

a.   Giorgi Mushroom Co. and Giorgio Foods, Inc. (collectively, "Giorgi") to pay $11,500,000;

b.   Creekside Mushrooms Ltd. ("Creekside") to pay $250,000;

c.   Kitchen Pride Mushroom Farms, Inc. ("Kitchen Pride") to pay $125,000.

---

[1] The Court defined and certified the Class in an Order dated November 22, 2016, ECF No. 780. The Court's order preliminarily approving the Giorgi settlement adopted a slightly different class definition for purposes of the Giorgi settlement. *See* Order dated March 22, 2018, ECF No. 877.

3.      All payments shall include any interest accrued while in escrow.  In exchange for these cash payments, Plaintiffs have agreed to dismiss this litigation with prejudice against the above-named Defendants, and certain releases set forth more fully in the Settlement Agreements themselves.  The Settlement Agreements, with their exhibits, are attached as Exhibits 1-3 to the Gerstein Declaration accompanying Plaintiffs' Motion for Preliminary Approval of Proposed Settlements and Approval of the Form and Manner of Notice to the Class and Proposed Settlement Schedule.  ECF No. 852.

4.      On April 23, 2018, Class Counsel, through the Court-appointed claims administrator, caused notice of class certification and settlement to be given to class members via direct mailing.  Notice of class certification and the Settlements were also published in the May 2018 edition of the industry trade magazine, *Progressive Grocer*.  The notices detailed, *inter alia*: (a) the certification of the class, (b) the terms of the Settlements, (c) the procedures and deadline for opting out of the class, (d) the procedures and deadline for objecting to the Settlement, and (e) the location, date, and time of the Court's final fairness hearing.  The Declaration of Samantha Ries of Rust Consulting, Inc. Regarding Mailing and Publication of Notice of Settlement is attached as Exhibit 1 to this declaration.

5.      As set out more fully in the accompanying memorandum of law, the proposed Settlements satisfy all of the factors required for final approval of a class action settlement under Rule 23 of the Federal Rules of Civil Procedure.  The Settlements should therefore be finally approved.

6.      Plaintiffs also submit for the Court's approval a proposed Final Judgment and Order, attached as Exhibit 2 to this Declaration, finally approving the Settlements and

authorizing reimbursement of Class Counsel's expenses incurred as of the date of DPCPs'

motion for preliminary approval of these settlements.

7.      As reflected in Exhibit 3 to this Declaration, Class Counsel seeks reimbursement

of expenses in the amount of $3,576,612.82.  This number reflects expenses incurred by firms

representing the Direct Purchaser Class up to the date of DPCPs' motion for preliminary

approval of the proposed settlements.

8.      Eight firms representing the DPCPs in this case seek reimbursement of expenses

incurred on the Class' behalf.  The expenses incurred by each firm were reasonably incurred and

necessary to the representation of the Class over the twelve years since this case was filed.

These expenses were incurred with no guarantee of recovery and at significant risk of non-

payment.

9.      The expenses include costs for computerized legal research, travel and lodging

expenses, copying, court reporters, deposition transcripts, and mediation.  Each firm also made

contributions to a "litigation fund" established by Lead Counsel to pay to pay expenses such as

document database hosting fees and expert fees.

10.     Exhibit 3 shows the total expenses incurred by each firm as well as the total

amount for which Class Counsel seek reimbursement.  Those amounts for each firm are as

follows:

| Firm Name | | Amount |
|---|---|---|
| Garwin Gerstein & Fisher LLP | $ | 1,209,148.39 |
| Hangley Aronchick Segal Pudlin & Schiller | $ | 264,857.94 |
| Odom & Des Roches, LLC | $ | 756,131.49 |
| Smith Segura & Raphael, LLP | $ | 804,432.98 |
| Kozyak Tropin & Throckmorton | $ | 342,582.75 |
| Phelps Dunbar LLC | $ | 84,792.85 |
| Wagar Richard Kutcher Tygier and Luminais, LLP | $ | 26,648.62 |
| Berman Tabacco | $ | 88,017.80 |
| Total Expenses | $ | 3,576,612.82 |

Exhibit 3 also categorizes the expenses incurred by each firm. Additional detail for these expenses is available should the Court wish to review backup for these expenses.

11.     Class Counsel's motion for preliminary approval of the three settlements advised the Court that in connection with this motion for final approval of the settlements, Counsel would seek expenses in the amount of $3,495,723.60. Class Counsel subsequently learned of some additional expenses that had been incurred prior to DPCPs' motion for preliminary approval. The revised amount of expenses in Exhibit 3 includes these additional expenses.[2]

12.     I, Bruce E. Gerstein, declare under penalty of perjury that the above is true and correct.

Dated: September 7, 2018                    s/ Bruce E. Gerstein
                                            Bruce E. Gerstein

---

[2] As Plaintiffs proposed in their memorandum accompanying their motion for preliminary approval of these settlements (ECF No. 852-1), for reasons of efficiency and to ensure that portions of the class' recovery are not spent unnecessarily on duplicative administrative costs, Plaintiffs do not move for immediate distribution of the recovery nor do they seek attorneys' fees from these settlements. Rather, Class Counsel requests only that their out-of-pocket expenses to date be reimbursed. Class Counsel may apply to the Court for reimbursement of future expenses. Class Counsel proposes to defer allocation of the settlement funds and requests for attorneys' fees to a later date when the amount of any additional settlements and/or the jury award will be known, and the total recovery in this case may be distributed in a single administrative proceeding.

Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN re:  MUSHROOM DIRECT PURCHASER ANTITRUST LITIGATION | |
| This Document Relates To: | Civil Action No. 06-cv-0620 |
| All Actions | |

**DECLARATION OF SAMANTHA RIES OF RUST CONSULTING, INC.
REGARDING NOTICE BY MAILING AND PUBLICATION**

I, Samantha Ries, declare as follows:

1.     I am a Senior Project Manager at Rust Consulting, Inc. ("Rust").  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein.

2.     Rust was appointed Settlement Notice Administrator pursuant to the Order dated March 22, 2018, Dkt. 877 ("Order") in connection with the above-titled action (the "Action").

3.     I respectfully submit this declaration in order to provide the Court with information regarding, among other things, (i) the mailing of the Notice of Class Action Settlement (the "Long Form Notice"); (ii) the publication of the Short Form Notice (the "Summary Notice"); and (iii) the receipt of written requests for Exclusions (opt-outs) and Objections.

**MAILING OF THE LONG FORM NOTICE**

4.     On March 26, 2018, Rust was provided with the names and addresses of 9,767 potential Class members in the Settlement ("Class List").  On March 27, 2018, Class Counsel provided an updated Class List and advised that the updated list now excluded duplicate entries. The updated Class List included the names and addresses of 2,395 potential Class members.

Rust was informed to use the updated Class List containing 2,395 names and addresses for all purposes related to this action.

5.      The Class List of 2,395 potential Class members was sent to the National Change of Address service to ensure adequate address formatting and to qualify for postal discounts. The updated Class List was then loaded to a database created specifically for the administration of this potential Settlement ("Database").

6.      The second list provided containing 2,395 potential Class members, included approximately 523 records where the address or name provided was insufficient, or where an address and/or name was not provided within the data file.  Rust performed 523 manual address traces in attempt to locate addresses for the 523 records.  Of the 523 manual traces performed, Rust was able to obtain potential addresses for 367 records.  This left 156 records for which were excluded from Long Form Notice mailing.

7.      These actions led to the creation of the Class List of 2,239 potential Class members to mail the Long Form Notice to.

8.      On April 23, 2018, Rust caused the Long Form Notice to be mailed via standard first class mail, postage prepaid, to 2,239 names and addresses in the Rust Mailing Database. Attached hereto as Exhibit A is a true and correct copy of the Long Form Notice.

9.      Pursuant to the Order dated March 22, 2018 Rust established a Settlement-specific post office box, with a mailing address of Mushrooms Direct Notice Administrator, c/o Rust Consulting, Inc. - 6057, P.O. Box 44, Minneapolis, MN 55440-0044.  The post office box receives any forwarding notices, undeliverable mail, written requests for Exclusion, Objections, and written communications necessary to the administration of the Settlement.

10.     As of August 29, 2018, the USPS has returned 627 Long Form Notices as undeliverable without forwarding addresses.  A skip trace, using all available information, was performed on all 627 undeliverable Long Form Notices in an attempt to obtain a new address.  Of the traces performed, 80 resulted in updated addresses.  Long Form Notices were re-mailed to these potential Class members.  39 Long Form Notices have been returned as undeliverable a second time.

11.     As of August 29, 2018, the USPS had returned seven (7) Long Form Notices with forwarding addresses.  Rust re-mailed the Long Form Notices to these potential Class members.

12.     Ultimately, despite Rust's reasonable efforts to obtain updated addresses and re-mail Long Form Notices as outlined in paragraphs 10 and 11 above, 586 of the Long Form Notices remain undeliverable.

13.     As of August 29, 2018, an aggregate of 2,326 Long Form Notices had been mailed or re-mailed pursuant to the Order.

## **PUBLICATION OF THE SUMMARY NOTICE**

14.     Pursuant to the Order Dated March 22, 2018, the Summary Notice was to be published in *Progressive Grocer*, a monthly trade magazine for food retailers.  Rust, in conjunction with sister company Kinsella Media, LLC, caused the Summary Notice to be published in the May issue of Progressive Grocer (page 65).  Attached hereto as Exhibit B is a true and correct copy of the Summary Notice that was published into Progressive Grocer.

## REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS RECEIVED

15.    Requests for exclusions were required to be mailed to the Settlement Administrator postmarked no later than July 28, 2018.  As of August 29, 2018, Rust has received one (1) request for exclusion from potential Class members.  The one (1) request received included ten (10) entities and brand names that should be excluded from the potential Settlement. The letter provided indicated to exclude several subsidiaries associated with the ten (10) entity names listed.  Rust was able to identify 29 records for which matched the ten (10) subsidiaries. The list of these requests for exclusion is attached hereto as Exhibit C.

16.    Objections to the Settlement were required to be mailed to Plaintiffs' Lead Counsel, postmarked no later than August 25, 2018.  As of August 29, 2018, Rust has not received any objections to the Settlement that may have been mailed inadvertently to the PO Box we established for this Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 4th day of September, 2018, in Minneapolis, Minnesota.

Samantha Ries
RUST CONSULTING, INC.

4

# Exhibit A

Mushrooms Direct Notice Administrator
c/o Rust Consulting, Inc. - 6057
P.O. BOX 44
Minneapolis, MN 55440-0044

## IMPORTANT LEGAL MATERIALS

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ UAA <<SequenceNo>>
* C L M N T   I D N O *

<<Name 1>>
<<Name2>>
<<Name3>>
<<Name4>>
<<Address 1>>
<<Address2>>
<<City>> <<State>> <<Zip 10>>
<<CountryName>>

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE MUSHROOM DIRECT PURCHASER ANTITRUST LITIGATION | Master File No. 06-620 (Schiller, J.) |
|---|---|

### NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED PARTIAL SETTLEMENT AND HEARING REGARDING SETTLEMENT

**PLEASE READ THIS NOTICE FULLY AND CAREFULLY. CERTAIN SETTLEMENTS HAVE BEEN PROPOSED IN THIS PENDING CLASS ACTION LITIGATION THAT MAY AFFECT YOUR RIGHTS. IF YOU ARE A MEMBER OF THE CLASS DESCRIBED BELOW, YOU MAY BE ENTITLED TO SHARE IN THIS SETTLEMENT FUND.**

TO:   **All persons and entities in the non-Western United States who purchased FRESH AGARICUS MUSHROOMS directly from an Eastern Mushroom Marketing Cooperative (EMMC) member or one of its co-conspirators or its owned or controlled affiliates, agents, or subsidiaries at any time between February 4, 2001 and August 8, 2005.**

*A federal court has authorized this notice. It is not a solicitation from a lawyer.*

This Notice is being sent pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the Eastern District of Pennsylvania (the "Court") to inform you of

(a) a class action lawsuit that is now pending under the above caption (the "Lawsuit") against the Eastern Mushroom Marketing Cooperative (EMMC); Robert A. Ferranto trading as Bella Mushroom Farms[1]; Brownstone Mushroom Farms; To-Jo Fresh Mushrooms, Inc.; Cardile Mushrooms, Inc.; Cardile Brothers Mushroom Packaging, Inc.; Country Fresh Mushroom Co.; Forest Mushroom Inc.; Franklin Farms, Inc.; Gino Gaspari & Sons, Inc.; Giorgi Mushroom Company; Giorgio Foods, Inc.; Kaolin Mushroom Farms, Inc.; South Mill Mushroom Sales, Inc.; Leone Pizzini and Son, Inc.; LRP-M Mushrooms LLC[2]; Modern Mushroom Farms; Sher-Rockee Mushroom Farm; C& C Carriage Mushroom Co.; Oakshire Mushroom Farm, Inc.; Phillips Mushroom Farms, Inc.; Harvest Fresh Farms, Inc.; Louis M. Marson, Jr. Inc.; Mario Cutone Mushroom Co., Inc.; M.D. Basciani & Sons, Inc.[3]; Monterey Mushrooms, Inc.; Masha & Toto, Inc., trading as M & T Mushrooms[4]; W & P Mushroom, Inc.; Mushroom Alliance, Inc.; Creekside Mushroom Ltd.; Kitchen Pride Mushroom Farms, Inc.; J-M Farms, Inc.; United Mushroom Farms Cooperative, Inc.; and John Pia (collectively, the "Defendants");[5]

---

[1] Buona Foods, Inc., not a defendant in this litigation, is its affiliated distributor.

[2] Manfredini Enterprises, Inc., not a defendant in this litigation, is its affiliated distributor.

[3] Basciani Foods, Inc., not a defendant in this litigation, is its affiliated distributor.

[4] Robert Masha Sales, Inc., not a defendant in this litigation, is its affiliated distributor.

[5] Defendants dispute that purchases made from the identified non-defendant affiliated distributors (Buona Foods, Inc., Manfredini Enterprises, Inc., Basciani Foods, Inc., Robert Masha Sales, Inc.,) as well as other mushroom distributors who are also not defendants in this case may be included in this case. That issue will ultimately be resolved in this case.

(b) that the Court has certified the Lawsuit to proceed as a class action on behalf of direct purchasers in the non-Western United States of fresh agaricus mushrooms (the Class definition is set forth in response to Question 9); and of your rights and options as a potential Class member;

(c) proposed settlements by the Class with three of the defendants identified above, Giorgi Mushroom Company and Giorgio Foods, Inc. (collectively referred to as "Giorgi") (for $11.5 million), Kitchen Pride Mushroom Farms, Inc. (for $125,000), and Creekside Mushrooms Ltd. (for $250,000); and

(d) a hearing is scheduled to held on Monday, September 24, 2018 at 9:30 a.m., before The Honorable Berle M. Schiller, United States District Judge of the U.S. District Court of the Eastern District of Pennsylvania, in Courtroom 13B at United States Courthouse, 601 Market Street, Philadelphia, PA 19106 (the "Fairness Hearing").

The purpose of the Fairness Hearing will be to consider whether to approve: (1) the proposed settlements between the Class and Giorgi, Kitchen Pride Mushroom Farms, Inc., and Creekside Mushrooms Ltd. as fair, reasonable, adequate, and in the best interests of the Class; (2) a proposed plan to reimburse Class counsel for "out-of-pocket" expenses incurred during the litigation and to reserve the remainder for the payment of future litigation expenses. After expenses are reimbursed, any remaining funds from these settlements would be paid to the members of the class. Plaintiffs will move the Court at a future date for disbursement of the remaining settlement funds to the class. The Court may continue or reschedule the hearing; if the Court does so, the Class Plaintiffs will advise the Class by posting a conspicuous notice at www.garwingerstein.com. Whether or not the three above-referenced settlements are approved, the litigation will continue against the non-settling defendants.

Class members who do not wish to object to the Proposed Settlements need not appear at the hearing. Any Class member that has not timely and validly requested exclusion may appear at the hearing in person or by duly authorized attorneys and show cause why the Proposed Settlements should not be approved as fair, reasonable and adequate. However, no Class member shall be heard in opposition to the Proposed Settlements, and no paper or brief submitted by any Class member shall be received or considered by the Court unless, on or before Saturday, August 25, 2018, the Class member electronically files a notice of intention to appear and a statement of the position to be asserted and the grounds therefor, together with any supporting papers or brief, referring to In re Mushroom Direct Purchaser Antitrust Litigation, Master file Number 06-620 with the Clerk of the Court, United States District Court for the Eastern District of Pennsylvania, Federal Courthouse, U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106. Copies of any such objection, and any supporting papers or brief shall also be sent by first-class mail, postage prepaid, postmarked no later than, Saturday, August 25, 2018, to Plaintiffs' Lead Counsel, whose addresses are listed below, and Plaintiffs' Lead Counsel shall serve Settling Defendants' Counsel with copies of same.

Class members also are hereby advised of their right to object or appear at the Fairness Hearing or to elect to exclude themselves from the Class, as explained below.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| DO NOTHING | By doing nothing, you remain in the Class and may be entitled to share in recovery from the above-referenced settlements, any future judgment following trial, and/or settlement with the remaining Defendants. All of the Court's orders will apply to you and legally bind you. |
| EXCLUDE YOURSELF FROM THE CLASS AND THE SETTLEMENTS | You may choose to exclude yourself (*i.e.*, "opt out") from the Class. If you decide to exclude yourself, you will not be bound by any decision in this Lawsuit. This is the only option that allows you to bring your own separate lawsuit (if you choose to do so) against Defendants relating to the legal claims in this case. |
| STAY IN THE LAWSUIT BUT OBJECT TO THE SETTLEMENTS | If you do not want to exclude yourself from the Class, but object to all or any part of the proposed settlements, write to the Court about why you do not like the proposed settlements. |
| GET MORE INFORMATION | If you would like to obtain more information about the Lawsuit, you can send questions to the lawyers identified in this notice. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

## BASIC INFORMATION

### 1. Why did I get this notice?

You received this notice because you may have purchased Fresh Agaricus Mushrooms in the non-Western United States directly from an Eastern Mushroom Marketing Cooperative (EMMC) member or one of its co-conspirators or its owned or controlled affiliates, agents, or subsidiaries at some point between February 4, 2001 and August 8, 2005, and therefore you may be a member of the Class certified by the Court. The Class definition is set forth in response to Question 9.

### 2. What are Fresh Agaricus Mushrooms?

Fresh Agaricus Mushrooms are the common table variety, and include white (young) and brown (aged, also sometimes called "Portobello" or "crimini") mushrooms. Fresh Agaricus mushrooms are mushrooms of the quality required to be resold as fresh unprocessed mushrooms whether or not they are ultimately processed before resale. Agaricus mushrooms of a quality that can only be sold for processing or that cannot otherwise be sold as fresh are not included in the definition of Fresh Agaricus Mushrooms.

### 3. Which states and territories are included in the non-Western United States?

The non-Western United States refers to the states east of the Rocky Mountains (Alabama, Arkansas, Colorado, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Virginia, West Virginia, Wisconsin, and Vermont), and the District of Columbia.

### 4. Who are the Defendants in this case?

The companies that have been sued are called the "Defendants." In this case, the Defendants are: the Eastern Marketing Cooperative (EMMC); Robert A. Ferranto trading as Bella Mushroom Farms[6]; Brownstone Mushroom Farms; To-Jo Fresh Mushrooms, Inc.; Cardile Mushrooms, Inc.; Cardile Brothers Mushroom Packaging, Inc.; Country Fresh Mushroom Co.; Forest Mushroom Inc.; Franklin Farms, Inc.; Gino Gaspari & Sons, Inc.; Giorgi Mushroom Company; Giorgio Foods, Inc.; Kaolin Mushroom Farms, Inc.; South Mill Mushroom Sales, Inc.; Leone Pizzini and Son, Inc.; LRP-M Mushrooms LLC[7]; Modern Mushroom Farms; Sher-Rockee Mushroom Farm; C& C Carriage Mushroom Co.; Oakshire Mushroom Farm, Inc.; Phillips Mushroom Farms, Inc.; Harvest Fresh Farms, Inc.; Louis M. Marson, Jr. Inc.; Mario Cutone Mushroom Co., Inc.; M.D. Basciani & Sons, Inc.[8]; Monterey Mushrooms, Inc.; Masha & Toto, Inc., trading as M & T Mushrooms[9]; W & P Mushroom, Inc.; Mushroom Alliance, Inc.; Creekside Mushrooms Ltd.; Kitchen Pride Mushroom Farms, Inc.; J-M Farms, Inc.; United Mushroom Farms Cooperative, Inc.; and John Pia (collectively, the "Defendants").[10]

### 5. What is this lawsuit about?

Plaintiffs allege that the Defendants conspired to fix the price of fresh agaricus mushrooms sold in the non-Western United States (*i.e.* east of the Rocky Mountains) between February 4, 2001 and August 8, 2005 in violation of the federal antitrust laws. Among other things, Plaintiffs contend that the Defendants agreed to pricing policies and written price lists that established the price at which Defendants and their affiliated distributors would sell to direct purchasers in each of the six regions that make up the non-Western United States. Plaintiffs further contend that Defendants engaged in a Supply Control Program designed to limit the supply of fresh agaricus mushrooms and increase their price. This Supply Control Program included the acquisition and/or lease of mushroom farms in order to transfer them subject to deed restrictions that prohibited the production of mushrooms on those properties.

A copy of Plaintiffs' Revised Consolidated Class Action Amended Complaint filed on November 13, 2007 (the "Complaint") is available at www.garwingerstein.com.

---

[6] Buona Foods, Inc., not a defendant in this litigation, is its affiliated distributor.

[7] Manfredini Enterprises, Inc., not a defendant in this litigation, is its affiliated distributor.

[8] Basciani Foods, Inc., not a defendant in this litigation, is its affiliated distributor.

[9] Robert Masha Sales, Inc., not a defendant in this litigation, is its affiliated distributor.

[10] Defendants dispute that purchases made from the identified non-defendant affiliated distributors (Buona Foods, Inc., Manfredini Enterprises, Inc., Basciani Foods, Inc., Robert Masha Sales, Inc.,) as well as other mushroom distributors who are also not defendants in this case may be included in this case. That issue will ultimately be resolved in this case.

Plaintiffs allege that Defendants' conduct violated the antitrust laws. Plaintiffs further allege that they and the other members of the Class were injured by having to pay artificially-inflated prices for their purchases of fresh agaricus mushrooms.

Defendants deny Plaintiffs' allegations, and deny that any Class member is entitled to damages or other relief. Defendants also deny that any of their conduct violated any applicable law or regulation. Defendants further deny that the Class members have suffered any injury or damages. Defendants have raised the indirect purchaser defense as to persons or entities that purchased from any of their affiliated distribution companies.

Defendants have also claimed immunity from the Antitrust Laws under the Capper-Volstead Act. The Court has ruled that Defendants have no claimed immunity. Defendants have preserved this issue for appeal. No trial has been held.

THE COURT HAS NOT DECIDED WHETHER ANY DEFENDANT VIOLATED ANY LAWS. THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF PLAINTIFFS' CLAIMS AGAINST ANY DEFENDANT, OR THE DEFENSES ASSERTED BY ANY DEFENDANT.

The class action is known as *In re Mushroom Direct Purchaser Antitrust Litigation*, Master Docket No. 06-620 (E.D. Pa.). Judge Berle M. Schiller of the United States District Court for the Eastern District of Pennsylvania is overseeing this class action.

## 6. What is a class action?

A class action is a type of lawsuit in which one or more entities, called "Class Representatives," sue on behalf of other entities with similar claims to obtain monetary or other relief for the benefit of the entire group. In a class action lawsuit, one court resolves the issues for everyone in the Class, except for those Class Members who exclude themselves (*i.e.*, "opt out") from the Class.

In this case, the court-appointed Class Representatives are Wm Rosenstein & Sons Co.; Associated Grocers, Inc.; M. Robert Enterprises, Inc.; M.L. Robert, II, L.L.C.; and Market Fare, LLC.

## 7. Why is this lawsuit a class action?

In an Order entered on November 22, 2016, the Court determined that the Lawsuit can proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. A redacted copy of the Court's Class Certification Order may be found at www.garwingerstein.com.

Specifically, the Court has found that:

- the number of Class members is too large to practically join them in a single case;
- there are questions of law or fact common to the Class;
- the claims of the Class Representatives (listed in response to Question 6) are typical of the claims of the rest of the Class;
- the Class Representatives will fairly and adequately protect the Class's interests;
- common legal questions and facts predominate over any questions affecting only individual members of the Class; and
- a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## 8. Has the Court identified Class common claims, issues, or defenses?

Yes. In its Order certifying the Class, the Court found that there were common classwide claims and issues, including:

- whether there has been a violation of the antitrust laws (including, whether Defendants agreed to fix prices and restrict output);
- whether Class members suffered an injury from the claimed antitrust violations (*i.e.* whether Class members were overcharged as a result of Defendants' price fixing and supply restrictions); and
- aggregate damages suffered by the Class as a result of Defendants' conduct.

# WHO IS IN THE CLASS

## 9. Am I part of the Class?

The Court has certified the following Class:

> All persons or entities in the non-Western United States who purchased fresh agaricus mushrooms directly from an Eastern Mushroom Marketing Cooperative (EMMC) member or one of its co-conspirators or its owned or controlled affiliates, agents, or subsidiaries at any time between February 4, 2001 and August 8, 2005 (the "Class Period"). For group buying organizations and their members, direct purchasers are either: (1) members who have a significant ownership interest in or functional control over their organizations; or (2) if no member has such interest or control, the organizations themselves. The Class excludes the EMMC, its members and their parents, subsidiaries and affiliates.

The non-Western United States refers to the following states which were in the six regions of the country which plaintiffs claim were subject to the EMMC's pricing policies: Maine, New Hampshire, Vermont, Massachusetts, Rhode Island, Connecticut, New York, Pennsylvania, New Jersey, Delaware, Maryland, Virginia, North Carolina, South Carolina, Georgia, Florida, Tennessee, Alabama, Mississippi, Arkansas, Louisiana, Wisconsin, Minnesota, Iowa, Kanas, Nebraska, Colorado, Oklahoma, Texas, Ohio, Missouri, Michigan, Indiana, Kentucky, West Virginia, Illinois, and the District of Columbia.

Only purchases in the non-Western United States of fresh agaricus mushrooms *directly* from one or more of the Defendants, **their co-conspirators, and/or owned or controlled affiliated distributors** are covered by this lawsuit. If you are located outside the non-Western United States, you are *not* a member of the Class. If you **only** bought fresh agaricus mushrooms from a source other than any of the Defendants, **their co-conspirators, and/or owned or controlled affiliated distributors,** you are *not* a member of the Class. If you are the EMMC, one of its members, or a parent, subsidiary, or affiliate of an EMMC member, you are *not* a member of the Class.[11] If you do not meet the Class definition or are not a member of the Giorgi Settlement Class, this Notice does not apply to you.

As is discussed above in response to Question 4, Defendants dispute that purchases made from certain identified non-defendant affiliated distributors (Buona Foods, Inc., Manfredini Enterprises, Inc., Basciani Foods, Inc., and Robert Masha Sales, Inc.,) as well as other mushroom distributors that are also not defendants in this case, may be included in this case. Defendants contend that these affiliated distributors do not qualify as "owned or controlled" by the named defendant under the law and, thus, purchasers from those entities may not qualify as class members. That issue will ultimately be resolved in this case.

If you are not sure whether you are part of the Class, you may call or write to the lawyers in this case at the telephone numbers or addresses listed in Question 13 below.

### The Proposed Partial Settlements and
### Status Of the Settlement Funds

As referenced above, the Class has entered proposed settlements with Defendants Giorgi Mushroom Company and Giorgio Foods, Inc. (Collectively "Giorgi"), Kitchen Pride Mushroom Farms, Inc. ("Kitchen Pride"), and Creekside Mushrooms Ltd. ("Creekside").

Subject to the terms and conditions of the settlement agreement with Giorgi, dated April 27, 2011 which is on file with the Court as Exhibit 1 to Class Plaintiffs' January 29, 2018 Motion for Preliminary Approval, a copy of which is also available at www.garwingerstein.com, Giorgi has paid $11.5 million in cash into an escrow account for the benefit of the Class. The settlement with Giorgi includes a "most favored nation" provision whereby (subject to specified exceptions) future settlements with certain other defendants that have not yet settled might lead to a reduction in the settlement amount paid by Giorgi. The proposed settlement with Giorgi is a compromise of disputed claims and does not mean that it or any other defendant in this action has been found liable for the claims made by the Class Plaintiffs. Giorgi does not admit any wrongdoing or liability on its part.

Subject to the terms and conditions of the settlement agreement with Kitchen Pride, dated June 26, 2015 which is on file with the Court as Exhibit 2 to Class Plaintiffs' January 29, 2018 Motion for Preliminary Approval, a copy of which is also available at www.garwingerstein.com, Kitchen Pride has agreed to pay $125,000 in cash for the benefit of the Class upon final Court approval of the settlement. Kitchen Pride has also agreed to cooperate with the Class in its continuing litigation against the non-settling defendants, to the extent that such cooperation does not conflict with attorney-client or work product privilege. Kitchen Pride does not admit any wrongdoing or liability on its part.

Subject to the terms and conditions of the settlement agreement with Creekside, dated April 19, 2017 which is on file with the Court as Exhibit 3 to Class Plaintiffs' January 29, 2018 Motion for Preliminary Approval, a copy of which is also available at www.garwingerstein.com, Creekside has paid $250,000 in cash into an escrow account for the benefit of the Class.

---

[11] The Giorgi settlement is on behalf of a class that is defined as follows:

> All persons or entities who purchased Agaricus mushrooms directly from an EMMC member or one of its co-conspirators or its owned or controlled affiliates, agents or subsidiaries at any times during the period January 1, 2001 through December 31, 2008. The term "Agaricus mushrooms" shall mean all varieties and strains of the species Agaricus bisporus, including, among others, both brown and white varieties. The Direct Purchaser Class excludes the EMMC, its members and their parents, subsidiaries and affiliates. The Class also excludes Giant Eagle and Publix Super Markets, Inc. and their parents, subsidiaries and affiliates

(the "Giorgi Settlement Class").

Creekside has also agreed to cooperate with the Class in its continuing litigation against the non-settling defendants, to the extent that such cooperation does not conflict with attorney-client or work product privilege or disclose any information learned exclusively through efforts or communications subject to the joint defense or common interest privilege. Creekside does not admit any wrongdoing or liability on its part.

If the Settlements are approved by the Court, Giorgi, Kitchen Pride and Creekside, and their respective present and former parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, employees, agents and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") shall be released and forever discharged from liability for all claims that were or could have been brought by Class Plaintiffs and members of the Class in this case (the "Released Claims"). Notwithstanding the Class Definition certified by the Court and referenced above, Giorgi shall be released and forever discharged from liability for all claims that were or could have been brought against Giorgi as defined in the settlement agreement with Giorgi, dated April 27, 2011. Each member of the Class who does not opt-out covenants and agrees that it shall not seek to establish liability against any Released Party based, in whole or in part, upon any of the Released Claims. Any disputes arising under or relating to the Settlement Agreements, including, but not limited to, the releases in the Settlement Agreements, will be resolved in the U.S. District Court for the Eastern District of Pennsylvania.

The foregoing text is only a summary of the settlements with Giorgi, Kitchen Pride and Creekside. Full copies of the Settlement Agreements, including the releases,

are attached as Exhibits 1, 2 and 3 to Class Plaintiffs' January 29, 2018 Motion for Preliminary Approval on public file with the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106. Class Counsel have made copies readily available at www.garwingerstein.com.

Certain individual direct purchasers who have brought their own lawsuits against defendants may have simultaneously but separately settled their own claims against Giorgi, Kitchen Pride and Creekside. These individual plaintiffs will not share in the proposed settlement with the Class.

The Court preliminarily approved the proposed settlements with Kitchen Pride and Creekside by Order dated February 14, 2018. The Court preliminarily approved the proposed settlement with Giorgi by Order dated March 14, 2018. The Court found the proposed settlements, upon preliminary review, to be within the range of reasonableness.

Accordingly, the Court has set a Fairness Hearing on Monday, September 24, 2018 at 9:30 a.m. in order to determine whether the proposed settlements with Giorgi, Kitchen Pride and Creekside should finally be approved.

### The Plan of Allocation for the Settlement Funds

In the event the proposed settlements are approved by the Court and become final, the Settlement Fund will be distributed in accord with a Plan of Allocation approved by the Court. The Plan of Allocation will be based upon proofs of claim to be filed by class members at a later time. You may be required as a condition of participating in the recovery to present evidence of your purchases of fresh agaricus mushrooms during the period February 4, 2001 to August 8, 2005.

At this time, Class Counsel do not intend to ask the Court to distribute any part of the Settlement Fund of $11,875,000 to any of the class members. They plan to ask the Court to reimburse them for the out-of-pocket expenses that they have incurred in prosecuting this case to date. On a future date, when this case is fully resolved by trial or future settlement, counsel will ask the Court to approve a distribution plan for the entire recovery plus interest and less administrative expense, taxes, attorney fees and expenses and incentive payments to the Class Representatives.

### IF YOU DO NOTHING

**10. What happens if I do nothing?**

If you do nothing, you remain in the Class. You will be bound by any judgment reached in this case. You will have the right to share in the recovery from the settlements between the Class and Giorgi, Kitchen Pride Mushrooms, Inc., and Creekside Mushrooms Ltd. To the extent there is any further recovery through trial or settlement, you will keep the right to share in it. You will not be able to start a lawsuit, continue with another lawsuit, or be part of any other lawsuit against Defendants about the legal issues in this case. All of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE CLASS

### 11. What happens if I ask to be excluded from the Class?

If you exclude yourself from the Class (*i.e.*, "opt out" of the Class), you will not be legally bound by anything that happens in the lawsuit between Direct Purchaser Class Plaintiffs and Defendants, whether favorable or unfavorable. You will not share in the recovery from the settlements between the Class and Giorgi, Kitchen Pride Mushrooms, Inc., and Creekside Mushrooms Ltd. If any further recovery is obtained as a result of a trial or settlement on behalf of the Class, you will not share in it. You may be able to sue Defendants on your own about the legal issues in this case, but you will have to hire and pay for your own lawyer for that lawsuit, and you will have to prove your claims. If you exclude yourself so that you can start your own lawsuit against Defendants, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations, which means that your claims will expire if you do not take timely action.

### 12. How do I opt out of the class?

To exclude yourself from the Class (*i.e.*, "opt out" of the Class), you must send a letter via U.S. First Class mail saying that you want to be excluded from the Class in *In re Mushroom Direct Purchaser Antitrust Litigation*, No. 06-620 (E.D. Pa.). Be sure to include your name, address, telephone number, and your signature. **Your exclusion request must be mailed to Mushrooms Direct Notice Administrator, c/o Rust Consulting, Inc. – 6057, P.O. Box 44, Minneapolis, MN 55440-0044 and be postmarked on or before July 28, 2018.** You cannot exclude yourself by telephone or e-mail.

The Court will exclude from the Class any member who timely requests exclusion.

## THE LAWYERS REPRESENTING YOU

### 13. Do I have a lawyer in this case?

The Court has decided that the Law Firm listed below is qualified to represent you and all Class Members as Lead Class Counsel. Lead Class Counsel is also working with additional Law Firms to prosecute this Lawsuit on behalf of the Class (together, "Class Counsel"). Class Counsel are experienced in handling similar cases against other companies.

**Lead Class Counsel**
Garwin Gerstein & Fisher LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel.: 212-398-0055
Fax: 212-764-6620

Contact:    Bruce E. Gerstein, Esq.
            Jonathan Gerstein, Esq.

### 14. Should I get my own lawyer?

You do not need to hire your own lawyer because Lead Class Counsel is working on your behalf. However, if you wish to do so, you may retain your own lawyer at your own expense. You may enter an appearance in this case through your own lawyer, if you choose to do so.

### 15. How will the lawyers be paid?

The Court will be asked to approve reasonable attorney's fees, as well as reimbursement of expenses Class Counsel have advanced on behalf of the Class from the settlements with the Class and Giorgi , Kitchen Pride Mushrooms, Inc., and Creekside Mushrooms Ltd. and any further recovery obtained as a result of a trial or settlement on behalf of the Class. At this time, Class Counsel only intends to ask the Court to reimburse Class Counsel's out-of-pocket expenses to date from the Settlement Fund. In the future, once the remainder of this case has been resolved by settlement or trial, Class Counsel will request reasonable attorney's fees, and to be reimbursed for any additional out-of-pocket expenses incurred. If the Court grants Class Counsel's requests, fees and expenses would either be deducted from any money obtained for the Class, or the Court may order the Defendants to pay attorney's fees and costs in addition to any damage award to the Class. Members of the Class will not have to pay any attorney's fees or expenses.

## GETTING MORE INFORMATION

| **16. How do I get more information?** |
| --- |

If you have questions about this case or want to get additional information, you may call or write to the Lead Class Counsel (contact information is listed in response to Question 13), or to the Notice Administrator, Rust Consulting, Inc. as set forth above.  You may also get additional information by visiting www.garwingerstein.com.

**PLEASE DO NOT WRITE OR CALL THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.**

DATE: March 22, 2018  BY THE COURT

> Honorable Berle M. Schiller, Jr.
> United States District Judge

# Exhibit B

Legal Notice

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED PARTIAL SETTLEMENT AND HEARING REGARDING SETTLEMENT

**TO:** All persons and entities in the non-Western United States who purchased FRESH AGARICUS MUSHROOMS directly from an Eastern Mushroom Marketing Cooperative (EMMC) member or one of its co-conspirators or its owned or controlled affiliates, agents, or subsidiaries at any time between February 4, 2001 and August 8, 2005, YOUR RIGHTS COULD BE AFFECTED BY A CLASS ACTION LAWSUIT.

Direct Purchasers of fresh agaricus mushrooms have filed a lawsuit against the Eastern Mushroom Marketing Cooperative (EMMC); Robert A. Ferranto trading as Bella Mushroom Farms[1]; Brownstone Mushroom Farms; To-Jo Fresh Mushrooms, Inc.; Cardile Mushrooms, Inc.; Cardile Brothers Mushroom Packaging, Inc.; Country Fresh Mushroom Co.; Forest Mushroom Inc.; Franklin Farms, Inc.; Gino Gaspari & Sons, Inc.; Giorgi Mushroom Company; Giorgio Foods, Inc.; Kaolin Mushroom Farms, Inc.; South Mill Mushroom Sales, Inc.; Leone Pizzini and Son, Inc.; LRP-M Mushrooms LLC[2]; Modern Mushroom Farms; Sher-Rockee Mushroom Farm; C& C Carriage Mushroom Co.; Oakshire Mushroom Farm. Inc.; Phillips Mushroom Farms, Inc.; Harvest Fresh Farms, Inc.; Louis M. Marson, Jr. Inc.; Mario Cutone Mushroom Co., Inc.; M.D. Basciani & Sons, Inc.[3]; Monterey Mushrooms, Inc.; Masha & Toto, Inc., trading as M & T Mushrooms[4]; W & P Mushroom, Inc.; Mushroom Alliance, Inc.; Creekside Mushrooms Ltd.; Kitchen Pride Mushroom Farms, Inc.; J-M Farms, Inc.; United Mushroom Farms Cooperative, Inc.; and John Pia (collectively, the "Defendants"),[5] alleging that they violated the antitrust laws by fixing the prices, and restricting the supply, of fresh agaricus mushrooms. The lawsuit has been certified as a class action by Judge Thomas N. O'Neill of the United States District Court for the Eastern District of Pennsylvania and is known as *In re Mushroom Direct Purchaser Antitrust Litigation*, No. 06-620. Defendants deny that they were subject to and violated the antitrust laws. Defendants also deny that the Class was impacted or suffered any compensable losses as a result of the EMMC's policies at issue in this case. The Court has not decided whether Defendants did anything wrong. These issues will ultimately be resolved in this case.

**The Class** certified is: All persons or entities in the non-Western United States who purchased fresh agaricus mushrooms directly from an Eastern Mushroom Marketing Cooperative (EMMC) member or one of its co-conspirators or its owned or controlled affiliates, agents, or subsidiaries at any time between February 4, 2001 and August 8, 2005 (the "Class Period"). For group buying organizations and their members, direct purchasers are either: (1) members who have a significant ownership interest in or functional control over their organizations; or (2) if no member has such interest or control, the organizations themselves. The Class excludes the EMMC, its members and their parents, subsidiaries and affiliates. The non-Western United States refers to the following states which were in the six regions of the country which plaintiffs claim were subject to the EMMC's pricing policies: Maine, New Hampshire, Vermont, Massachusetts, Rhode Island, Connecticut, New York, Pennsylvania, New Jersey, Delaware, Maryland, Virginia, North Carolina, South Carolina, Georgia, Florida, Tennessee, Alabama, Mississippi, Arkansas, Louisiana, Wisconsin, Minnesota, Iowa, Kansas, Nebraska, Colorado, Oklahoma, Texas, Ohio, Missouri, Michigan, Indiana, Kentucky, West Virginia, Illinois. and the District of Columbia.[6] If you do not meet these requirements or are not a member of the Giorgi Settlement Class, this Notice does not apply to you.

**Common Class Wide Claims and Issues** identified by the Court include: whether there has been a violation of the antitrust laws; whether Class members suffered an injury from the claimed antitrust violations; and aggregate damages suffered by the Class as a result of Defendants' conduct.

**Proposed Partial Settlement.** Plaintiffs have reached settlements with the following Defendants: Giorgi Mushroom Company and Giorgi Foods, Inc. (collectively "Giorgi"), Creekside Mushroom Ltd. ("Creekside") and Kitchen Pride Mushroom Farms, Inc. ("Kitchen Pride"). The settlements are contingent upon the Court's preliminary and final approval of class certification under Rule 23 of the Federal Rules of Civil Procedure.

Subject to the terms and conditions of the settlement agreement with Giorgi, dated April 27, 2011 which is on file with the Court as Exhibit 1 to Class Plaintiffs' January 29, 2018 Motion for Preliminary Approval, a copy of which is also available at www.garwingerstein.com, Giorgi has paid $11.5 million in cash into an escrow account for the benefit of Class. The settlement with Giorgi includes a "most favored nation" provision whereby (subject to specified exceptions) future settlements with certain other defendants that have not yet settled might lead to a reduction in the settlement amount paid by Giorgi. The proposed settlement with Giorgi is a compromise of disputed claims and does not mean that it or any other defendant in this action has been found liable for the claims made by the Class Plaintiffs. Giorgi does not admit any wrongdoing or liability on its part.

Subject to the terms and conditions of the settlement agreement with Kitchen Pride, dated June 26, 2015 which is on file with the Court as Exhibit 2 to Class Plaintiffs'

January 29, 2018 Motion for Preliminary Approval, a copy of which is also available at www.garwingerstein.com,

Kitchen Pride has agreed to pay $125,000 in cash for the benefit of the Class upon final Court approval of the settlement. Kitchen Pride has also agreed to cooperate with the Class in its continuing litigation against the non-settling defendants, to the extent that such cooperation does not conflict with attorney-client or work product privilege. Kitchen Pride does not admit any wrongdoing or liability on its part.

Subject to the terms and conditions of the settlement agreement with Creekside, dated April 19, 2017 which is on file with the Court as Exhibit 3 to Class Plaintiffs' January 29, 2018 Motion for Preliminary Approval, a copy of which is also available at www.garwingerstein. com, Creekside has paid $250,000 in cash into an escrow account for the benefit of the Class. Creekside has also agreed to cooperate with the Class in its continuing litigation against the non-settling defendants, to the extent that such cooperation does not conflict with attorney-client or work product privilege or disclose any information learned exclusively through efforts or communications subject to the joint defense or common interest privilege. Creekside does not admit any wrongdoing or liability on its part.

If the Settlements are approved by the Court, Giorgi, Kitchen Pride and Creekside, and their respective present and former parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, employees, agents and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") shall be released and forever discharged from liability for all claims that were or could have been brought by Class Plaintiffs and members of the Class in this case (the "Released Claims"). Notwithstanding the Class Definition certified by the Court and referenced above, Giorgi shall be released and forever discharged from liability for all claims that were or could have been brought against Giorgi as defined in the settlement agreement with Giorgi, dated April 27, 2011. Each member of the Class who does not opt-out covenants and agrees that it shall not seek to establish liability against any Released Party based, in whole or in part, upon any of the Released Claims. Any disputes arising under or relating to the Settlement Agreements, including, but not limited to, the releases in the Settlement Agreements, will be resolved in the U.S. District Court for the Eastern District of Pennsylvania.

**Mailed Notice.** If you believe you are a member of the Class but have not yet received the more detailed Notice of Pendency of Class Action ("Mailed Notice"), you may obtain a copy of the Mailed Notice (that includes additional information regarding objections to the settlements or the certification of the Class as well as deadlines for asserting those objections if any), by contacting the Notice Administrator at:

Mushrooms Direct Notice Administrator
c/o Rust Consulting, Inc. - 6057
P.O. Box 44
Minneapolis, MN 55440-0044

**Excluding Yourself From The Class.** To exclude yourself from the Class ("opt out"), **you must send a letter to the Notice Administrator at the above address by U.S. First Class Mail, postmarked on or before July 28, 2018**, requesting exclusion and following the detailed instructions in the Mailed Notice. **You cannot exclude yourself by telephone or e-mail.** If you exclude yourself, you will not be bound by any judgment that may be made in the case, and you will not share in recovery from the Giorgi, Kitchen Pride or Creekside settlements, or any recovery that may be obtained as the result of a trial or other, future settlements. You will keep any right to sue Defendants on your own about the legal issues in this case. The Court will exclude from the Class any member who requests exclusion.

**Staying in the Lawsuit But Objecting to the Settlements.** If you object to all or any part of the proposed settlements, write to the Court about why you do not like the proposed settlements. Any Notice of Intention to Appear and Summary Statement of Objections to the proposed Giorgi, Kitchen Pride and/or Creekside settlements filed by a Class member must be postmarked no later than **Saturday, August 25, 2018**, 30 days prior to the Fairness Hearing, which will be held on **Monday, September 24, 2018 at 9:30 a.m.**, before The Honorable Berle M. Schiller, United States District Judge of the U.S. District Court of the Eastern District of Pennsylvania, in Courtroom 13B at United States Courthouse, 601 Market Street, Philadelphia, PA 19106.

**If You Do Nothing.** If you do nothing, you remain in the Class. You will be bound by any judgment reached in this case. You will share in recovery from the Giorgi, Kitchen Pride or Creekside settlements and, to the extent there is any further recovery through trial or settlement, you will keep your right to share in it.

Although not required, you may also hire your own attorney at your own expense and enter an appearance in the case through your own lawyer, if you so desire.

**Getting More Information.** If you have questions, need additional information, or want to receive the Mailed Notice, please contact the Notice Administrator Rust Consulting, Inc. as set forth above. You may also get additional information by visiting www.garwingerstein.com.

**PLEASE DO NOT WRITE OR CALL THE COURT OR THE CLERK'S OFFICE FOR INFORMATION.**

DATE: March 22, 2018, BY THE COURT
Honorable Berle M. Schiller, United States District Judge

---

[1] Buona Foods, Inc., not a defendant in this litigation, is its affiliated distributor.

[2] Manfredini Enterprises, Inc., not a defendant in this litigation, is its affiliated distributor.

[3] Basciani Foods, Inc., not a defendant in this litigation, is its affiliated distributor.

[4] Robert Masha Sales, Inc., not a defendant in this litigation, is its affiliated distributor.

[5] Defendants dispute that purchases made from the identified non-defendant affiliated distributors (Buona Foods, Inc., Manfredini Enterprises, Inc., Basciani Foods, Inc., Robert Masha Sales, Inc.,) as well as other mushroom distributors who are also not defendants in this case may be included in this case. That issue will ultimately be resolved in this case.

[6] The Giorgi settlement referenced below is on behalf of a class that is defined as follows:

All persons or entities who purchased Agaricus mushrooms directly from an EMMC member or one of its co-conspirators or its owned or controlled affiliates, agents or subsidiaries at any times during the period January 1, 2001 through December 31, 2008. The term "Agaricus mushrooms" shall mean all varieties and strains of the species Agaricus bisporus, including, among others, both brown and white varieties. The Direct Purchaser Class excludes the EMMC, its members and their parents, subsidiaries and affiliates. The Class also excludes Giant Eagle and Publix Super Markets, Inc. and their parents, subsidiaries and affiliates (the "Giorgi Settlement Class").

---

**For Information: www.garwingerstein.com**

# Exhibit C







Ahern & Associates, P.C.
Willoughby Tower
8 South Michigan Avenue – Suite 3600
Chicago, IL 60603
www.ahernandassociatespc.com

Patrick J. Ahern
(312) 404-3760
patrick.ahern@ahernandassociatespc.com

July 25, 2018

*In re Mushroom Direct Purchaser Antitrust Litigation* -- EXCLUSIONS
Mushrooms Direct Notice Administrator
c/o Rust Consulting, Inc. -- 6057
P.O. Box 44
Minneapolis, MN 55440-0044

**Via Federal Express Overnight
Delivery and Certified Mail Return
Receipt Requested**

RE:     REQUEST FOR EXCLUSION FROM THE LITIGATION AND SETTLEMENT
         CLASSES in *In re Mushroom Direct Purchaser Antitrust Litigation*, Civil Action
         No. 06-cv-620 (E.D.Pa.)

Dear Class Action Administrator:

We are writing on behalf of Winn-Dixie Stores, Inc., Bi-Lo Holding, LLC, and Southeastern Grocers, LLC to let you know that they, together with all current and former parents, predecessors, successors, subsidiaries, agents, affiliates, partnerships in which it has a majority interest, acquisitions, divisions, departments and offices, however designated, including, but not limited to the entities listed on the attached list (collectively "Winn-Dixie"), request exclusion from and intend to opt out of the Litigation and Settlement Classes described in the Notice of Pendency of Class Action, Proposed Partial Settlement and Hearing Regarding Settlement dated March 22, 2018, in *In re Mushroom Direct Purchaser Antitrust Litigation*, Civil Action No. 06-cv-620 (E.D.Pa.). Since we do not know for certain how a given Defendant identifies our clients in its customer files, we reserve the right to supplement this list.

This opt-out letter is not intended for any purpose other than to effect Winn-Dixie's intention to opt out of the Litigation and Settlement Classes.

Please remove the foregoing entities from the Litigation and Settlement Class lists that you have compiled or will compile.

If you have any questions about this exclusion notice, please call me.  Thank you for your assistance in this matter.

Sincerely,

Patrick J. Ahern

## LIST OF WINN-DIXIE ENTITIES AND BRAND NAMES

Southeastern Grocers LLC

Winn-Dixie Stores, Inc.

Winn-Dixie Procurement, Inc.

Harveys

Fresco Y Mas

Save-Rite

Bi-Lo

Bi-Lo Holding LLC

Bi-Lo LLC

Superbrand

Ahern + Assoc., PC
8 S. Michigan Ave
# 3600
Chicago, IL 60603







7018 1130 0000 7938 0084    1000    55440

U.S. POSTAGE
PAID
POSEN, IL
60469
JUL 25, 18
AMOUNT
$6.7
R2305K13689



RECEIVED CERTIFIED SECTION
JUL 30 2018
MINNEAPOLIS MN 55440

Mushrooms Direct Notice Admin
c/o Rust Consulting, Inc. -- 6057
P.O. Box 44
Minneapolis, MN 55440-0044

Please Rtn Receipt

55440-004444

Exhibit 2

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | x | |
| IN RE MUSHROOM DIRECT PURCHASER ANTITRUST LITIGATION | : : : | **Master File No. 06-0620** |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| | : | |
| Giorgi Mushroom Co., Giorgio Foods, Inc., Kitchen Pride Mushroom Farms, Inc., and Creekside Mushrooms Ltd. | : : : | |
| | x | |

## [PROPOSED] FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENTS AND DISMISSING DIRECT PURCHASER CLASS CLAIMS AGAINST GIORGI, KITCHEN PRIDE, AND CREEKSIDE

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in accordance with the terms of the separate Settlement Agreements entered into by Direct Purchaser Class Plaintiffs' Lead Counsel with Defendants Giorgi Mushroom Co. and Giorgio Foods, Inc. ("Giorgi"), Defendant Kitchen Pride Mushroom Farms, Inc. ("Kitchen Pride"), and Defendant Creekside Mushrooms Ltd. ("Creekside") (collectively "the Settling Defendants"); and

Direct Purchaser Class Plaintiffs' Lead Counsel acting pursuant to the authority provided by the Court's Order dated June 5, 2006 (ECF No. 45), on behalf of Class Representative Plaintiffs Wm. Rosenstein & Sons Co., Associated Grocers, Inc., M. Robert Enterprises, Inc., M.L. Robert, II, LLC, and Market Fare, LLC (collectively "Plaintiffs"), and on behalf of the Direct Purchaser Class certified by order dated November 28, 2016 (ECF No.782);

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.      This Final Judgment and Order hereby incorporates by reference the definitions in the separate Settlement Agreements between the Direct Purchaser Class and each of the Settling

Defendants, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreements.

2.      This Court certified the following class on November 22, 2016 (ECF. No. 780) ("Direct Purchaser Class"):

> All persons and entities in the non-Western United States who purchased fresh agaricus mushrooms directly from an Eastern Mushroom Marketing Cooperative (EMMC) member or one of its co-conspirators or controlled affiliates, agents, or subsidiaries at any time between February 4, 2001 and August 8, 2005 (the "Class Period"). For group buying organizations and their members, direct purchases are either (1) members who have a significant ownership interest in or functional control over their organizations; or (2) if no member has such interest or control, the organizations themselves. The Class excludes the EMMC, its members and their parents, subsidiaries, and affiliates.

3.      For purposes of the Giorgi Settlement, the Court certified the following class on March 23, 2018 (ECF No. 877):

> All persons or entities who purchased Agaricus mushrooms directly from an EMMC member or one of its co-conspirators or its owned or controlled affiliates, agents or subsidiaries at any times during the period January 1, 2001 through December 31, 2008. The term "Agaricus mushrooms" shall mean all varieties and strains of the species Agaricus bisporus, including, among others, both brown and white varieties. The Direct Purchaser Class excludes the EMMC, its members and their parents, subsidiaries and affiliates. The Class also excludes Giant Eagle and Publix Super Markets, Inc. and their parents, subsidiaries and affiliates (the "Giorgi Settlement Class").

4.      The Court has appointed Wm. Rosenstein & Sons Co., Associated Grocers, Inc., M. Robert Enterprises, Inc., M.L. Robert, II, LLC, and Market Fare, LLC as representatives of the Direct Purchaser Class (the "Class Representatives"). The Court found that Lead Counsel and Liaison Counsel ("Class Counsel") would fairly and adequately represented the interests of the Direct Purchaser Class and satisfied the requirements of Fed. R. Civ. P. 23(g).

5.      The Court has jurisdiction over these actions, each of the parties, and all members of the Direct Purchaser Class for all manifestations of this case, including these Settlements.

6.      The notice of class certification and settlement substantially in the form presented to this Court as Exhibits A and B to ECF No. 875 (the "Notice") constituted the best notice

2

practicable under the circumstances.  In making this determination, the Court finds that the Notice provided for individual notice to all members of the Direct Purchaser Class who were identified through reasonable efforts.  Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Notice provided Direct Purchaser Class members due and adequate notice of the Settlements, the Settlement Agreements, these proceedings, and the rights of Class members to opt-out of the Direct Purchaser Class and/or object to the Settlements.

6.      Due and adequate notice of the proceedings having been given to the Direct Purchaser Class and a full opportunity having been offered to the Direct Purchaser Class to participate in the September 24, 2018 Fairness Hearing, but no class member having given notice of an intent to appear and present an objection at that hearing, it is hereby determined that all Direct Purchaser Class members are bound by this Final Judgment and Order.

7.      In determining that the Settlements should be given final approval, the Court makes the following findings of fact and conclusions of law.

8.      The Court has fully considered the *Girsch* factors and the *Prudential* factors and finds that, considered together, the factors overwhelmingly favor approval of the Settlements. *See Girsch v. Jepson*, 521 F.2d 153 (3d Cir. 1975); *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998).

9.      While three class members have opted out of the class and excluded themselves from it,[1] no class member has objected to the Settlements in whole or in part.  The overwhelming majority of class members remain in the class.  The positive reaction of the class, which is a

---

[1] Giant Eagle, Inc. and Publix Super Markets, Inc. opted out of the class by filing their own individual complaints early in the litigation.  Winn-Dixie filed a complaint in 2015 and opted out of the class during the exclusion period following notice of the Court's order granting Class Certification.

*Girsch* factor that is important to the Court's fairness analysis, supports the Court's conclusion that the Settlements are fair, reasonable, and adequate.

10.    The only objection to the Settlements received by the Court was from certain non-settling defendants who objected to the Most Favored Nation ("MFN") provision in the Giorgi settlement. *See* ECF No. 890.  The Court finds that objection to be irrelevant to its determination that the Giorgi settlement is fair, reasonable, and adequate.  These non-settling defendants are not class members and have no standing to object to the settlement.  Moreover, the MFN provision does not limit the rights of the non-settling Defendants in any way.  The MFN does not prevent non-settling defendants from reaching a settlement on any terms that they can convince counsel for the Direct Purchaser Class to accept.  The MFN provision is appropriately circumscribed, reasonable, and enforceable.

11.    The amount of the Settlements, plus accrued interest earned while the amounts were held in escrow, confers a monetary benefit on the Direct Purchaser Class that is substantial.

12.    Class Counsel fully appreciated the merits of this case at the time each of the Settlements was reached and at the time of the motions for preliminary and final approval.  While each of the Settlements was negotiated independently and executed at different times, each was entered into after the completion of extensive fact discovery and motion practice.  Every issue in this highly complex antitrust case has been vigorously litigated for twelve years.  The litigation between the Direct Purchaser Class and the Defendants is at an advanced stage.  All discovery has been completed, the parties engaged in several rounds of summary judgment motions, the Court has considered *Daubert* challenges to all experts, and the Court has granted class certification.  All claims in this case are currently ready for trial.

13.    Class Counsel faced significant risks in taking their claims against the Settling Defendants to trial, including the risk that a jury might not find in their favor on any of a number

4

of issues and that any jury verdict could result in lengthy post-trial motions and appellate

challenges. By contrast, the Settlements provide the Direct Purchaser Class with immediate relief

without the delay, risk, and uncertainty of continued litigation against the Settling Defendants.

14.    The Settlements were not the product of collusion between the Direct Purchaser

Class Plaintiffs and the Settling Defendants or their respective counsel, but rather were the result

of *bona fide* and arm's-length negotiations conducted in good faith between Direct Purchaser

Class Counsel and counsel for the Settling Defendants, and at times included the assistance of

various mediators.

15.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby

approves the Settlements, and finds that the Settlements are, in all respects, fair, reasonable, and

adequate to Direct Purchaser Class members.  Accordingly, the Settlements shall be

consummated in accordance with the terms and provisions of the Settlement Agreements.

16.    All claims against the Settling Defendants in *In re Mushroom Direct Purchaser*

*Antitrust Litig.*, No. 06-cv-620-BMS (E.D. Pa.), including those brought by members of the

Direct Purchaser Class who have not timely excluded themselves from the Direct Purchaser

Class, are hereby dismissed with prejudice, and without costs.

17.    Upon the Settlement Agreements becoming final in accordance with their terms

and this Final Judgment and Order, Plaintiffs and the Direct Purchaser Class shall release and

forever discharge each Settling Defendant in accordance with the specific terms of the release set

forth in each Settling Defendant's respective settlement agreement.  *See* ECF 852, Ex. 1, Giorgi

Agreement, at ¶ 14, Ex. 2, Kitchen Pride Agreement at ¶ 14, Ex. 3, Creekside Agreement at ¶

12.

18.    As part of DPCPs' motion for preliminary approval of the Settlements, Class

Counsel for the Direct Purchaser Class requested reimbursement of expenses incurred in the

prosecution of this action in the amount of $3,576,612.82.  That request for reimbursement of expenses has been on the docket and otherwise publicly available since January 29, 2018.  ECF No. 852.  In addition, the class notice indicated that the purpose of the fairness hearing is in part to address the proposed plan for reimbursement of Class Counsel's out-of-pocket costs.  *See* ECF No. 852, Ex. 5 at p.2.  No class member has objected to this request.

19.     In awarding reimbursement of expenses accrued to date, the Court makes the following findings of fact and conclusions of law.

20.     The Court finds that Class Counsel are entitled to be reimbursed for their out-of-pocket expenses incurred to date, which were reasonably incurred in their representation of the Direct Purchaser Class.  *See Planned Parenthood of Central New Jersey v. Attorney General of State of New Jersey*, 297 F.3d 253, 267 (3d Cir. 2002)

21.     As noted above, the Settlements have conferred a monetary benefit on the Direct Purchaser Class that is substantial.

22.     The Settlements here are directly attributable to the skill and efforts of Class Counsel, who are highly experienced in prosecuting these types of cases.

23.     In prosecuting this action over a period of twelve years, Class Counsel have incurred substantial out-of-pocket expenses, with no guarantee of recovery and at significant risk of non-payment.

24.     Upon consideration of Class Counsel's petition for expenses, Class Counsel are hereby awarded costs and expenses totaling $3,576,612.82.  Garwin Gerstein & Fisher LLP shall allocate and distribute such costs and expenses among the various Class Counsel that have participated in this litigation.  The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment or disbursement of expenses or costs among Class Counsel, nor with respect to any allocation of expenses or costs to any other person or

entity who may assert any claim thereto.  The costs and expenses authorized and approved by this Final Judgment and Order shall be paid to Garwin Gerstein & Fisher LLP within five (5) business days after these Settlements become final and unappealable or as soon thereafter as is practical.

25.     The Court retains exclusive jurisdiction over the Settlements and the Settlement Agreements as described therein, including the administration and consummation of the Settlements, and over this Final Judgment and Order.  Class Counsel may periodically apply to the Court for reimbursement of future expenses incurred in litigating this case against the remaining defendants.  The Court will consider a plan for distribution of the remaining balance of the settlement amounts and any application by counsel for an award of attorneys' fees when the total recovery in this case through settlement and/or trial is known.

26.     The Court finds that this Final Judgment and Order adjudicates all of the claims, rights and liabilities of the parties to the Settlement Agreements (including the members of the Direct Purchaser Class), and is final and shall be immediately appealable.  Neither this Final Judgment and Order nor the Settlement Agreements nor any other Settlement-related document shall constitute any evidence or admission by the Settling Defendants or any other Released Party on liability, any merits issue, or any class certification issue (including but not limited to whether a class can be certified for purposes of litigation or trial) in this or any other matter or proceeding, nor shall either the Settlement Agreements, this Order, or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreements, the terms of this Final Judgement and Order, or if offered by any released Party in responding to any action purporting to assert Released Claims.

IT IS SO ORDERED.

Dated: _____ , 2018          _____
                                        Berle M. Schiller, J.

Exhibit 3

**Mushroom Litigation**
**Expense Report - All Firms Summary Page**

| Firm Name | | Amount |
|---|---|---|
| Garwin Gerstein & Fisher LLP | $ | 1,209,148.39 |
| Hangley Aronchick Segal Pudlin & Schiller | $ | 264,857.94 |
| Odom & Des Roches, LLC | $ | 756,131.49 |
| Smith Segura & Raphael, LLP | $ | 804,432.98 |
| Kozyak Tropin & Throckmorton | $ | 342,582.75 |
| Phelps Dunbar LLC | $ | 84,792.85 |
| Wagar Richard Kutcher Tygier and Luminais, LLP | $ | 26,648.62 |
| Berman Tabacco | $ | 88,017.80 |
| Total Expenses | $ | 3,576,612.82 |

**Mushroom Litigation**
**Expense Report**

Firm Name: Garwin Gerstein & Fisher LLP
Reporting Period:  From Inception thru January 8, 2017

| Description | | Amount |
|---|---|---|
| Telephone/Teleconference/Facsimile | $ | 7,481.99 |
| Photocopies | $ | 291.45 |
| Postage/Express Mail /Messengers | $ | 3,603.64 |
| Filing Fees/Process Servers | $ | 755.00 |
| Research | $ | 50,590.85 |
| Travel/Hotel/Meals | $ | 56,856.83 |
| Litigation Fund Assessments | $ | 1,089,375.00 |
| Other (computer rental) | $ | 89.64 |
| Other (supplies) | $ | 103.99 |
| Total Expenses | $ | 1,209,148.39 |

**Mushroom Litigation**
**Expense Report**

Firm Name:   Hangley Aronchick Segal Pudlin & Schiller
Reporting Period:  From Inception thru December, 2017

| Description | | Amount |
|---|---|---|
| Telephone/Teleconference/Facsimile | $ | 6.57 |
| Photocopies - In-House | $ | 5,455.00 |
| Photocopies - Outside | $ | 12,734.77 |
| Postage/Express Mail /Messengers | $ | 6,305.17 |
| Filing Fees/Service of Process | $ | 2,291.00 |
| Research | $ | 52,384.74 |
| Travel/Hotel/Meals | $ | 4,104.40 |
| Litigation Fund Assessments | $ | 165,000.00 |
| Other (transcript of testimony) | $ | 4,207.64 |
| Other (notary fees/witness fees) | $ | 1,065.00 |
| Other (overtime) | $ | 1,303.65 |
| Other (mediation fees) | $ | 10,000.00 |
| Total Expenses | $ | 264,857.94 |

**Mushroom Litigation**
**Expense Report**

Firm Name: Odom & Des Roches, LLC
Reporting Period:  From Inception thru December 2017

| Description | | Amount |
|---|---|---|
| Telephone/Teleconference/Facsimile | $ | 161.51 |
| Photocopies - In-House | $ | 8,048.44 |
| Photocopies - Outside | $ | 375.12 |
| Postage/Express Mail /Messengers | $ | 430.37 |
| Filing Fees | $ | 870.00 |
| Research | $ | 250.66 |
| Travel/Hotel/Meals | $ | 26,620.39 |
| Litigation Fund Assessments | $ | 719,375.00 |
| Other (include description) | | |
| Total Expenses | $ | 756,131.49 |

**Mushroom Litigation**
**Expense Report**

Firm Name: Smith Segura & Raphael, LLP
Reporting Period:  From Inception thru January 16, 2018

| Description | | Amount |
|---|---|---|
| Telephone/Teleconference/Facsimile | $ | 2,869.44 |
| Photocopies - In-House | $ | 5,717.90 |
| Photocopies - Outside | $ | 480.26 |
| Postage/Express Mail /Messengers | $ | 201.21 |
| Filing Fees | $ | 400.00 |
| Research | $ | 1,255.90 |
| Travel/Hotel/Meals | $ | 14,133.27 |
| Litigation Fund Assessments | $ | 779,375.00 |
| Other | $ | - |
| Total Expenses | $ | 804,432.98 |

**Mushroom Litigation**
**Expense Report**

Firm Name:   Kozyak Tropin & Throckmorton, LLP
Reporting Period:  From Inception thru January 19, 2018

| Description | | Amount |
|---|---|---|
| Telephone/Teleconference/Facsimile | $ | 1,282.59 |
| Photocopies & Digital Images - In-House | $ | 3,642.70 |
| Photocopies - Outside | $ | 678.84 |
| Postage/Express Mail /Messengers | $ | 976.49 |
| Filing Fees | $ | 1,922.00 |
| Computerized Research | $ | 23,262.83 |
| Travel/Hotel/Meals | $ | 34,211.93 |
| Litigation Fund Assessments | $ | 275,000.00 |
| Other (include description) | $ | 1,605.37 |
|    - Lunch and Dinner meetings ($1,389.29) | | |
|    - Pacer ($126.08) | | |
|    - Nationwide Locate Search ($90.00) | | |
| **Total Expenses** | **$** | **342,582.75** |

**Mushroom Litigation**
**Expense Report**

Firm Name: Phelps Dunbar LLC
Reporting Period:  From Inception thru December 2017

| Description | | Amount |
|---|---|---|
| Telephone/Teleconference/Facsimile | $ | 2,226.69 |
| Photocopies - In-House | $ | 7,306.80 |
| Photocopies - Outside | $ | 4,609.54 |
| Postage/Express Mail /Messengers | $ | 564.67 |
| Filing Fees | $ | 254.00 |
| Research | $ | 13,483.70 |
| Travel/Hotel/Meals | $ | 21,055.95 |
| Litigation Fund Assessments | $ | 35,000.00 |
| Steno Service | $ | 290.70 |
| Binding, Tabs and Other | $ | 0.80 |
| Total Expenses | $ | 84,792.85 |

**Mushroom Litigation**
**Expense Report**

Firm Name: Wagar Richard Kutcher Tygier and Luminais, LLP
Reporting Period:  From Inception thru February 2017

| Description | | Amount |
|---|---|---|
| Telephone/Teleconference/Facsimile | $ | 40.75 |
| Photocopies | $ | 1,294.35 |
| Postage/Express Mail /Messengers | $ | 237.45 |
| Filing Fees | $ | 160.00 |
| Research | $ | 643.32 |
| Travel/Hotel/Meals | $ | 9,272.75 |
| Litigation Fund Assessments | $ | 15,000.00 |
| Total Expenses | $ | 26,648.62 |

**Mushroom Litigation**
**Expense Report**

Firm Name:   Berman Tabacco
Reporting Period:  From Inception thru December 2017

| Description | | Amount |
|---|---|---|
| Telephone/Teleconference/Facsimile | $ | 652.31 |
| Photocopies - In-House | $ | 3,719.50 |
| Photocopies - Outside | $ | 548.07 |
| Postage/Express Mail /Messengers | $ | 1,258.25 |
| Filing Fees | $ | 80.00 |
| Research | $ | 4,213.89 |
| Travel/Hotel/Meals | $ | 11,426.31 |
| Litigation Fund Assessments | $ | 65,000.00 |
| Other (include description) | | |
|    Scan/Electronic Media | $ | 451.46 |
|    Process Service | $ | 70.49 |
|    Clerical Overtime | $ | 505.72 |
|    Case Management | $ | 91.80 |
| Total Expenses | $ | 88,017.80 |