UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re MUSHROOM DIRECT PURCHASER ANTITRUST LITIGATION | Master File No. 06-CV-0620 |
| THIS DOCUMENT RELATES TO: | |
| WINN-DIXIE STORES, INC., *et al.* | |
| v. | Civil Action No. 15-CV-6480 |
| EASTERN MUSHROOM MARKETING COOPERATIVE, INC., *et al.* | **ORAL ARGUMENT REQUESTED** |

**DEFENDANT KITCHEN PRIDE MUSHROOM FARMS, INC.'S
REPLY IN SUPPORT OF ITS
RENEWED MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE**

While there are many glaring deficiencies in Plaintiffs' opposition to Kitchen Pride's Renewed Motion to Dismiss, one is especially troubling: Plaintiffs' lack of candor to the Court and mischaracterization of the scope and effect of Judge O'Neill's decisions in *In re Mushroom Direct Purchaser Antitrust Litigation*.

Plaintiffs attempt to lure the Court into committing reversible error by inviting it to deny Kitchen Pride's Renewed Motion to Dismiss without scrutiny simply because, according to Plaintiffs, Judge O'Neill previously denied "motions to dismiss the Consolidated Class Action Complaint based on identical allegations." (Doc. No. 77, p. 1.)

In ruling on those prior motions to dismiss filed in *In re Mushroom*, however, Judge O'Neill never made a decision on the merits with respect to the arguments raised by Kitchen

Pride in its Renewed Motion to Dismiss here.[1] Nor did Judge O'Neill make a decision on the merits of these arguments when denying Kitchen Pride's initial Motion to Dismiss in this case *without prejudice* to refile should Plaintiffs opt out of the certified class, which they subsequently did. Similarly, in ruling on Kitchen Pride and other Defendants' motions for summary judgment in *In re Mushroom*, Judge O'Neill denied those motions *without prejudice* on all issues other than the Capper-Volstead issue, an issue that Kitchen Pride does not raise in its Renewed Motion to Dismiss here.

Nonetheless, and ironically, Kitchen Pride here moves to dismiss Plaintiffs' cut-and-paste complaint on grounds *that were not at issue* in the motion to dismiss on which Judge O'Neill ruled in *In re Mushroom* in 2007. Kitchen Pride here moves to dismiss Plaintiffs' complaint on four grounds: (i) facts alleged in Plaintiffs' complaint are undisputedly incorrect based on unrebutted testimony from *2008* in *In re Mushroom* (Doc. No. 74-2, p. 5)[2]; (ii) that Plaintiffs waived the right to rebut certain of Kitchen Pride's arguments made in its initial Motion to Dismiss this case when Plaintiffs failed to respond to those arguments in *2016* (*See* Doc. No. 49.); (iii) Plaintiffs' failure to respond to those arguments in *2016* constituted an irrevocable judicial admission (*See id.*); and (iv) Plaintiffs' eleventh-hour complaint, filed in *2015*, is the prototypical shakedown that *Twombly* condemns (*See* Doc. No. 1). It defies credibility to

---

[1] Tellingly, Plaintiffs here fail to tell the Court that, in ruling on the various motions to dismiss in *In re Mushroom*, Judge O'Neill **dismissed** the putative class' Section 2 monopolization claim as to all defendants except for the EMMC. (Civil Action No. 06-0620, Doc. No. 108 at 23) ("However, because there is no claim for concerted monopolization under Section 2, the member defendants must be dismissed from plaintiffs' Section 2 monopolization claim."). Yet Plaintiffs here attempt to assert a Section 2 monopolization claim against all Defendants based upon the exact same facts that Judge O'Neill found insufficient. Plaintiffs cannot have it both ways, emphasizing Judge O'Neill's decisions when they believe they help their cause, but turning a blind eye when they do not.
[2] Plaintiffs call Kitchen Pride's reference to *In re Mushroom* in this regard as "push[ing] the bounds of legitimate advocacy," yet Plaintiffs point emphatically to *In re Mushroom* when they believe it supports their cause. Once again, Plaintiffs cannot have it both ways.

suggest that Judge O'Neill considered, let alone rejected, these arguments in an Order published in *2007* based on motions filed in *2006*. Yet Plaintiffs try to convince the Court that is the case.

But it gets worse. Plaintiffs next mischaracterize Judge O'Neill's rulings on Kitchen Pride and other Defendants' motions for summary judgment in *In re Mushroom*. Tellingly, Plaintiffs quote Judge O'Neill's opinion regarding the motions that were before him, but they do not even attempt to say what those motions or Judge O'Neill's decision involved. (Doc. No. 77, p. 3.) In reality, Judge O'Neill ruled only that the EMMC was not entitled to Capper-Volstead immunity based on the facts then of record. (*See* Civil Action No. 06-0620, Doc. No. 294 at p. 13, 24 (noting facts that precluded application of Capper-Volstead immunity to the EMMC.) Indeed, Judge O'Neill did not pass on the merits of any arguments other than the Capper-Volstead argument, ruling them to be premature. (*Id.*, p. 9 n.6 ("Defendants Mushroom Alliance, Kitchen Pride, [and others] claim that regardless of the exemption determination their motions for summary judgment on plaintiffs' claims against them should be granted. Because Phase One discovery was narrowly focused on facts implicating the Capper-Volstead exception, I will dismiss ***without prejudice*** all of defendants' arguments not pertaining to Capper-Volstead because resolution at this stage would be premature.") (emphasis added). Moreover, Plaintiffs' attempt to mislead the Court on this point is completely unnecessary, because nowhere in its Renewed Motion to Dismiss does Kitchen Pride argue that the Court should dismiss the claims against Kitchen Pride because it has Capper-Volstead immunity. (*See* Doc. No. 74-2.)

Plaintiffs have to attack the straw man of Capper-Volstead because they have no valid response to the arguments Kitchen Pride actually raises. Once again, Plaintiffs' failure to squarely address Kitchen Pride's arguments amount to a waiver. *Skold v. Galderma Labs, L.P.*, 99 F.Supp.3d 585, 598 (E.D. Pa. 2015) ("Where an issue of fact or law is raised in an opening

brief but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant in regard to the uncontested issue.") (quoting *Markert v. PNC Fin. Servs. Grp., Inc.*, 828 F.Supp.2d 765, 773 (E.D. Pa. 2011)).  To be sure, Plaintiffs' display their ignorance of Local Rule 7.1 and the precedents of this Court by relegating their opposition to Kitchen Pride's waiver argument -- the only actual argument that Plaintiffs even attempt to address -- to a footnote.[3]  See *Johnson v. MetLife Bank, N.A.*, 883 F.Supp.2d 542, 550 n.4 (E.D. Pa. 2012) ("Arguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived.") (quotation omitted).  See also *In re: Asbestos Prods. Liab. Litig. (No. VI)*, 873 F.3d 232, 237 (3d Cir. 2017) ("This attempt to shoehorn in an argument outside the briefs [by way of a footnote] is insufficient to raise an issue on appeal.").

In short, Plaintiffs fail to tell the Court the whole story.  They make a futile attempt to defeat Kitchen Pride's Renewed Motion to Dismiss by misconstruing both prior decisions from *In re Mushroom* and the arguments raised by Kitchen Pride in its Motion.  Judge O'Neill **never** passed on the merits of the arguments Kitchen Pride makes here, either in his motion to dismiss order or his summary judgment order.  And by responding to arguments that Plaintiffs wish Kitchen Pride had made, rather than responding to the arguments Kitchen Pride actually makes, Plaintiffs have waived the right to respond.  Plaintiffs should not benefit from their attempt to convince the Court to rubber-stamp Plaintiffs' Complaint based on their incorrect assertion that Judge O'Neill made legal rulings on the issues that Kitchen Pride raises in its Renewed Motion to Dismiss.  Judge O'Neill simply did not make the rulings that Plaintiffs say he did.  The Court should therefore grant Kitchen Pride's Renewed Motion to Dismiss and dismiss Plaintiffs' claims against Kitchen Pride with prejudice.

---

[3]   Plaintiffs further display their disregard for applicable procedural rules by faulting Kitchen Pride for not providing discovery in this matter even though the Court has not yet scheduled a Rule 16 conference and the parties have not yet held a Rule 26(f) conference, and therefore, no discovery responses are due.  See Fed. R. Civ. P. 26(d).

                                                  Respectfully submitted,

                                                   */s/ Francis Patrick Newell*
                                                  Francis Patrick Newell
                                                  Newell & Clemente
                                                  1735 Market Street, Suite A #401
                                                  Philadelphia, PA  19103
                                                  Telephone: 215-837-0881
                                                  Email:  francispatricknewell@gmail.com


                                                 */s/ Kevin T. Kerns*
                                                  Kevin T. Kerns
                                                  Brian Kint
                                                  Cozen O'Connor
                                                  One Liberty Place
                                                  1650 Market Street, Suite 2800
                                                  Philadelphia, PA  19103
                                                  Telephone: 215-665-7274
                                                  Email: kkerns@cozen.com
                                                                 bkint@cozen.com

                                                  *Attorneys for Defendant Kitchen Pride Mushroom Farms, Inc.*

Date: October 23, 2018