# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE MUSHROOM DIRECT PURCHASER ANTITRUST LITIGATION | : : : : | CIVIL ACTION |
| THIS DOCUMENT RELATES TO: Creekside Mushrooms Ltd. | : : | Master File No. 06-0620 |

## ORDER

**AND NOW**, this **17th** day of **December, 2018**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in accordance with the terms of the Settlement Agreement entered into by Class Plaintiffs' Lead Counsel with Defendant Creekside Mushrooms Ltd. ("Creekside" or "Settling Defendant"); and

Class Plaintiffs' Lead Counsel, acting pursuant to the authority provided by the Court's Orders dated June 5, 2006 (Document No. 45) and November 28, 2016 (Document No. 782), on behalf of Class Representative Plaintiffs Wm. Rosenstein & Sons Co., Associated Grocers, Inc., M. Robert Enterprises, Inc., M.L. Robert, II, LLC, and Market Fare, LLC, and on behalf of the Class certified by this Court on November 22, 2016 (collectively "Plaintiffs") (Document No. 780); and

Following a final fairness hearing held on September 24, 2018;

It is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Final Judgment and Order hereby incorporates by reference the definitions in the Settlement Agreement between the Class and Creekside, and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

2. This Court certified the following class on November 22, 2016 (Document No. 780):

All persons and entities in the non-Western United States who purchased fresh agaricus mushrooms directly from an Eastern Mushroom Marketing Cooperative (EMMC) member or one of its co-conspirators or controlled affiliates, agents, or subsidiaries at any time between February 4, 2001 and August 8, 2005 (the "Class Period"). For group buying organizations and their members, direct purchasers are either (1) members who have a significant ownership interest in or functional control over their organizations; or (2) if no member has such interest or control, the organizations themselves. The Class excludes the EMMC, its members and their parents, subsidiaries, and affiliates.

3. The Court has appointed Wm. Rosenstein & Sons Co., Associated Grocers, Inc., M. Robert Enterprises, Inc., M.L. Robert, II, LLC, and Market Fare, LLC as representatives of the Class. The Court found that Lead Counsel and Liaison Counsel ("Class Counsel") would fairly and adequately represent the interests of the Class and satisfied the requirements of Fed. R. Civ. P. 23(g).

4. The Court has jurisdiction over this action, Settling Defendant, and all members of the Class.

5. Notice of class certification and settlement (the "Notice") has been given to potential class members in two forms. Long Form Notices were sent to 2,239 potential class members, and a summary notice was published in the May issue of *Progressive Grocer*, a monthly trade magazine for food retailers. The Notice constituted the best notice practicable under the circumstances. In making this determination, the Court finds that individual notice was provided to all members of the Class who were identified through reasonable efforts. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Notice provided Class members with due and adequate notice of the Creekside Settlement, the Settlement Agreement, these proceedings, and the rights of Class members to opt-out of the Class and/or object to the Settlement.

6. The Court finds that all Class members are bound by this Final Judgment and Order. After receiving notice of these proceedings and the Creekside Settlement, no class member gave notice of an intent to appear and present an objection at the September 24, 2018, fairness hearing or actually appeared and objected at that hearing.

7. In determining that the Creekside Settlement should be given final approval, the Court makes the following findings of fact and conclusions of law.

8. The Court has fully considered the *Girsh* factors and the *Prudential* factors and finds that, considered together, the factors favor approval of the Creekside Settlement. *See Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975); *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998).

9. While a small number of Class members have opted out of the Class,[1] no Class member has objected to the Settlement in whole or in part. The overwhelming majority of Class members remain in the Class. The positive reaction of the Class is an important *Girsh* factor and supports the Court's conclusion that the Settlement is fair, reasonable, and adequate.

10. The amount of the Creekside Settlement ($250,000) plus accrued interest earned while held in escrow confers a substantial monetary benefit on the Class. Creekside's agreement to assist in the ongoing prosecution of the outstanding claims provides further value to the Class.

11. Class Counsel fully appreciated the merits of this case at the time the Creekside Settlement was reached and at the time of the motions for preliminary and final approval. The Creekside Settlement was entered into after the completion of extensive fact discovery and motion

---

[1] Giant Eagle, Inc. and Publix Super Markets, Inc. opted out of the Class by filing their own individual complaints early in the litigation. Winn-Dixie Stores, Inc. and Bi-Lo Holdings, LLC filed a complaint in 2015 and opted out of the Class during the exclusion period following notice of the Court's order granting class certification.

practice. This complex antitrust case has been vigorously litigated for twelve years. The litigation between the Class and the Defendants is now at an advanced stage. All discovery has been completed, the parties engaged in several rounds of summary judgment motions, the Court has considered *Daubert* challenges to all experts, and the Court has granted class certification. All claims in this case are currently ready for trial.

12. Class Counsel faced significant risks in taking the claims against Creekside to trial, including the risk that a jury might not find in favor of the Class on any number of issues and that any jury verdict could result in lengthy post-trial motions and appeals. By contrast, the Creekside Settlement provides the Class with immediate relief without the delay, risk, and uncertainty of continued litigation against Creekside.

13. The Creekside Settlement was the result of *bona fide*, arm's-length negotiations conducted in good faith between Class Counsel and counsel for Creekside and at times included the assistance of various mediators.

14. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Creekside Settlement, and finds that it is, in all respects, fair, reasonable, and adequate to Class members. Accordingly, the Creekside Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

15. All claims against Creekside in *In re Mushroom Direct Purchaser Antitrust Litig.*, No. 06-cv-620-BMS (E.D. Pa.) brought by members of the Class who have not timely excluded themselves from the Class, are hereby dismissed with prejudice and without costs.

16. Upon the Settlement Agreement becoming final in accordance with its terms and this Final Judgment and Order, the Class shall release and forever discharge Creekside in

accordance with the specific terms of the Creekside Settlement Agreement. (Document No. 852, Ex. 3, Creekside Agreement at ¶ 12.)

17. The Court retains exclusive jurisdiction over the Creekside Settlement and the Settlement Agreement as described therein, including the administration and consummation of the Creekside Settlement, and over this Final Judgment and Order. The Court also retains jurisdiction over the future approval of a distribution plan and any award of out-of-pocket costs and attorneys' fees. The plan for distribution of the settlement proceeds and any award of costs or fees must be determined by the Court to be reasonable and fair to the Class prior to the Court's future approval.

18. The Court finds that this Final Judgment and Order adjudicates all of the claims, rights and liabilities of the parties to the Creekside Settlement Agreement (including the members of the Class), and is final and shall be appealable. Neither this Final Judgment and Order nor the Settlement Agreement nor any other Settlement-related document shall constitute any evidence or admission by Creekside or any other Released Party on liability, any merits issue, or any class certification issue (including but not limited to whether a class can be certified for purposes of litigation or trial) in this or any other matter or proceeding, nor shall the Creekside Settlement Agreement, this Order, or any other Creekside Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Creekside Settlement Agreement, the terms of this Final Judgement and Order, or if offered by any Released Party in responding to any action purporting to assert Released Claims. This Final Judgement and Order does not, however, bar challenges to the future distribution plan or any request for costs or fees.

**BY THE COURT:**

_____

**Berle M. Schiller, J.**