IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE MUSHROOM DIRECT PURCHASER ANTITRUST LITIGATION | : : : : | CIVIL ACTION Master File No. 06-0620 |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : : : | |
| WINN-DIXIE STORES, INC., et al. v. EASTERN MUSHROOM MARKETING COOPERATIVE, et al. | : : : : : : | CIVIL ACTION No. 15-6480 |

**MEMORANDUM**

**Schiller, J.**                                                                                                                                               **May 14, 2019**

Now before the Court is Defendant M.D. Basciani & Sons, Inc.'s Motion for Recusal and for a Stay of All Proceedings and responses to the motion from Certain Defendants,[1] Class Plaintiffs, and Opt-Out Plaintiffs Giant Eagle, Inc. and Publix Super Markets, Inc. For the reasons that follow, the Court will deny the motion.

---

[1] Certain Defendants refers to: Eastern Mushroom Marketing Cooperative ("EMMC"); Robert A. Ferranto, Jr. t/a Bella Mushroom Farms; Brownstone Mushroom Farms, Inc.; To-Jo Fresh Mushrooms, Inc.; Country Fresh Mushroom Co.; Gino Gaspari & Sons, Inc.; Gaspari Mushroom Co., Inc.; Kaolin Mushroom Farms, Inc.; South Mill Mushroom Sales, Inc.; Modern Mushroom Farms, Inc.; Sher-Rockee Mushroom Farm, LLC; C&C Carriage Mushroom Co.; Phillips Mushroom Farms, Inc.; Louis M. Marson, Jr., Inc.; Monterey Mushrooms, Inc.; Forest Mushroom, Inc.; Harvest Fresh Farms, Inc.; Leone Pizzini and Son, Inc.; LRP-M Mushrooms LLC; United Farm Cooperative, Inc.; Masha & Toto, Inc. t/a M&T Mushrooms; Oakshire Mushroom Farm, Inc.; W&P Mushroom, Inc.; and John Pia.

## I. STANDARD OF REVIEW

M.D. Basciani seeks recusal pursuant to 28 U.S.C. § 455. Section 455(a) requires recusal "in any proceeding in which [the Court's] impartiality might reasonably be questioned." Section 455(b)(1) requires recusal when a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." "[O]nly extrajudicial bias requires disqualification." *Johnson v. Trueblood*, 629 F.2d 287, 290-91 (3d Cir. 1980). The Supreme Court has explained that

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky v. United States*, 510 U.S. 540, 555 (1994). In deciding a motion for recusal, the Court considers whether a "reasonable [person] knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir. 1987); *see also Paddick v. Butt*, Civ. A. Nos. 09-4285 & 13-374, 2018 WL 1991737, at *17 (E.D. Pa. Apr. 27, 2018) ("[T]he threshold for determining if this bias exists is whether a reasonable person would be convinced of the judge's bias.").

## II. DISCUSSION

### A. M.D. Basciani has not established that there were *ex parte* communications

M.D. Basciani's motion rests largely on its contention that the Court engaged in improper "*ex parte*" communications at an April 23, 2019[2] meeting with the Court regarding negotiations

---

[2] The meeting actually occurred on April 24, 2019. However, the Court will refer to this meeting as the "April 23" meeting for consistency with M.D. Basciani's motion.

2

between counsel for Class Plaintiffs and counsel for Certain Defendants about a possible[3] settlement between their clients. (*See* Basciani Mot. at ¶ 33 (asserting unfair prejudice because neither M.D. Basciani nor its counsel "could know, confirm, prove or disprove what transpired at the April 23, 2019 meeting").) M.D. Basciani asserts that recusal is warranted because it did not consent to the meeting and did not receive notice of the meeting. (*Id.* at ¶¶ 3-17.) The Court disagrees.

Non-settling defendants like M.D. Basciani generally lack standing to object to partial settlements. *See Eichenholtz v. Brennan,* 52 F.3d 478, 482 (3d Cir. 1995). M.D. Basciani had no stake in the non-merits issues surrounding a possible settlement between Class Plaintiffs and Certain Defendants, and its absence from the April 23 meeting did not render the conference or subsequent calls regarding the status of the settlement *ex parte* communications.

Conduct is "*ex parte*" when it is "[d]one or made at the instance and for the benefit of one party only, and without notice to, or argument by, anyone having an adverse interest; of, relating to, or involving court action taken or received by one party without notice to the other . . . ." EX PARTE, Black's Law Dictionary (10th ed. 2014). An "*ex parte* communication" has been defined

---

[3] The Court did not request or set the agenda for the April 23 meeting. As the Court explained at its April 26, 2019 pretrial conference, it received a call from counsel for Class Plaintiffs and Certain Defendants asking for assistance in advancing their settlement negotiations. (Tr. of Apr. 26, 2019 Mots. Hr'g at 15:23-16:8.) M.D. Basciani acknowledges that no settlement was reached at the April 23 meeting, but claims that Class Plaintiffs and Certain Defendants reached a settlement on April 25, 2019. (Def. M.D. Basciani's Mot. for Recusal ["Basciani Mot."] at ¶ 22.) Despite this claim, on May 6, 2019, Class Counsel reported to the Court that "[w]hile Class Plaintiffs and [Certain Defendants] are trying to reach an agreement to settle, they have not yet reached any final agreement." (May 6, 2019 Letter from Class Counsel to the Court.) The Court then received notice that Class Plaintiffs and Certain Defendants entered into a Memorandum of Understanding for Settlement on May 8, 2019. (*See* Notice of Settlement Between the Class Plaintiffs and Certain Defendants.) This "settlement is conditioned on the Court's determination that the exceptions set forth in the Most Favored Nation provisions of the Giorgi settlement agreement have been satisfied." (*Id.*) The Court still has not made such a determination.

3

as "[a] communication between counsel and the court when opposing counsel is not present." COMMUNICATION, Black's Law Dictionary (10th ed. 2014); *see also In re School Asbestos Litig.*, 977 F.2d 764, 789 (3d Cir. 1992) (defining *ex parte* communications as communications between a judge and a litigant without the opposing party present). Regardless of M.D. Basciani's characterization, the meeting between the Court and counsel for Class Plaintiffs and for Certain Defendants was not "for the benefit of one party only." Moreover, counsel for an opposing party was present.

### B. M.D. Basciani has not met the standard for recusal under 28 U.S.C. § 455

Whether the Court's participation in the settlement negotiation between Certain Defendants and Class Plaintiffs was *ex parte* or not, "not every *ex parte* communication with the trial court requires recusal." *Bilello v. Abbott Labs.*, 825 F. Supp. 475, 479 (E.D.N.Y. 1993); *see also United States v. Evans*, Civ. A. No. 12-616-9, 2016 WL 233610, at *3 (E.D. Pa. Jan. 20, 2016) (explaining that *ex parte* communications are "not inherently impermissible and are tolerated in the context of discussions regarding non-merits issues"). As the Court in *Bilello* explained, "[i]t is well established and appropriate for judges to meet with counsel and parties in connection with settlement negotiations. Federal Rule of Civil Procedure 16 encourages judges to take an active role in the settlement of civil suits." 825 F. Supp. at 479.

> Settlement meetings can take place with all sides present at once as well as with only one side present. Particularly where there will be an impartial jury that will decide the case and the facts revealed in settlement discussions will be revealed again at trial, it is assumed that the settling judge will not be adversely affected by the discussions.

*Id.*; *see also Johnson v. Trueblood*, 629 F.2d 287, 291 (3d Cir. 1980) (holding that statements made by the trial judge during settlement negotiations were not "extra-judicial" and did not necessitate recusal); *Padron v. City of Parlier*, Civ. A. No. 16-549, 2018 WL 1183378, at * 2 (E.D. Cal. Mar.

4

6, 2018) ("Settlement negotiations are not extrajudicial in nature and participation in such negotiations does not require disqualification of the judge."); *Phillips v. AWH Corp.*, Civ. A. No. 97-212, 2007 WL 4287732, at *3 (D. Colo. Dec. 5, 2007) ("Knowledge about a case gleaned from the judicial officer's role in the settlement process is not 'extra-judicial" and is not sufficient to warrant recusal.").

The Court has offered settlement assistance to all parties in this litigation since it was reassigned (*see* Tr. of Nov. 28, 2017 Hr'g at 26) and reiterated its willingness to assist all parties with settlement discussions at the hearing on April 26, 2019. (Tr. of Apr. 26, 2019 Mots. Hr'g at 14:2-6, 15:9-14, 16:3-8.) M.D. Basciani is not entitled to know about all settlement negotiations. It has not met its burden under Section 455(a) to show that the Court's participation in a meeting to discuss a possible settlement between counsel for Certain Defendants and Class Plaintiffs gives rise to an objective appearance of bias or prejudice. *See Wiley v. United Parcel Service, Inc.*, 11 F. App'x. 181, 182 (4th Cir. 2001) (finding that the trial judge's participation in a settlement conference did not create an appearance of partiality and did not require recusal before ruling on the parties' cross motions for summary judgment).

Nor has M.D. Basciani met its burden to show actual bias or prejudice as is required to warrant recusal under Section 455(b)(1). The Court's conduct in facilitating a requested settlement discussion between Class Plaintiffs and Certain defendants does not demonstrate "deep-seated favoritism" for the parties involved in the settlement negotiations or "antagonism" towards M.D. Basciani "that would make fair judgment impossible." *Liteky*, 510 U.S. at 555; *see also Partyka v. Meza*, Civ. A. No. 11-3316, 2011 WL 2580105, at *2 (D.N.J. June 27, 2011) (explaining that prejudice, bias, or partiality warranting recusal is grounded upon "personal animus, rather than judicial actions that can be corrected on appeal").

M.D. Basciani suggests that it was prejudiced because counsel for Certain Defendants argued and opposed motions in limine at the April 26 pretrial conference even though Counsel for Certain Defendants knew at the time that a settlement involving their clients had been reached with Class Plaintiffs. Not only is M.D. Basciani's argument premised on an incorrect timeframe, but the argument also does not demonstrate any bias on behalf of the Court. Rather, M.D. Basciani's grievance pertains to the conduct of counsel. In addition, counsel for M.D. Basciani was present at the argument on the motions in limine and had an opportunity to be heard with respect to any points raised (or not raised) by counsel for Certain Defendants in court. M.D. Basciani did not then and still has not raised any specific concerns with respect to the arguments presented by Certain Defendants' counsel or with the Court's rulings on the motions in limine. "[A] party's displeasure with legal rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000); *see also Watson v. Sec'y Pa. Dep't of Corr.*, 567 F. App'x. 75, 80 (3d Cir. 2014) ("[U]nfavorable decisions do not necessarily indicate bias.").

## III. CONCLUSION

The Court finds no reasonable person with knowledge of all the facts would perceive an appearance of bias in these circumstances. Nor has M.D. Basciani met its burden to show that the Court has a personal bias or prejudice against it. Recusal is not called for under 28 U.S.C. § 455. Because recusal is not warranted, the Court declines to grant a stay of these proceedings. The class litigation will proceed to trial as scheduled on May 20, 2019. An appropriate Order follows.