# EXHIBIT 8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE MUSHROOM DIRECT PURCHASER ANTITRUST LITIGATION | Master File No. 06-620 (Schiller, J.) |

## NOTICE OF PROPOSED ADDITIONAL SETTLEMENTS AND HEARING REGARDING SETTLEMENTS

**PLEASE READ THIS NOTICE FULLY AND CAREFULLY. SETTLEMENTS HAVE BEEN PROPOSED IN THIS PENDING CLASS ACTION LITIGATION THAT MAY AFFECT YOUR RIGHTS. IF YOU ARE A MEMBER OF THE CLASS DESCRIBED BELOW, YOU MAY BE ENTITLED TO SHARE IN THIS SETTLEMENT FUND.**

**TO:** All persons and entities in the non-Western United States who purchased FRESH AGARICUS MUSHROOMS directly from an Eastern Mushroom Marketing Cooperative (EMMC) member or one of its co-conspirators or its owned or controlled affiliates, agents, or subsidiaries at any time between January 1, 2001 and December 31, 2008.

*A federal court has authorized this notice. It is not a solicitation from a lawyer.*

This Notice is being sent pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the Eastern District of Pennsylvania (the "Court"). You were previously notified through a notice sent to you by first class mail and/or by publication in Progressive Grocer that Direct Purchasers of fresh agaricus mushrooms have filed a lawsuit against the Eastern Mushroom Marketing Cooperative (EMMC); Robert A. Ferranto trading as Bella Mushroom Farms;[1] Brownstone Mushroom Farms; To-Jo Fresh Mushrooms, Inc.; Cardile Mushrooms, Inc.; Cardile Brothers Mushroom Packaging, Inc.; Country Fresh Mushroom Co.; Forest Mushroom Inc.; Franklin Organic Mushroom Farms, Inc., formerly known as Franklin Farms, Inc.; Gino Gaspari & Sons, Inc.; Giorgi Mushroom Company; Giorgio Foods, Inc.; Kaolin Mushroom Farms, Inc.;[2] South Mill Mushroom Sales, Inc.; Leone Pizzini and Son, Inc.; LRP-M Mushrooms LLC;[3] Modern Mushroom Farms; Sher-Rockee Mushroom Farm; C&C Carriage Mushroom Co.; Oakshire Mushroom Farm, Inc.; Phillips Mushroom Farms, Inc.; Harvest Fresh Farms, Inc.; Louis M. Marson, Jr. Inc.;

---

[1] Buona Foods, Inc. is its affiliated distributor.

[2] South Mill Distribution Dallas, South Mill Distribution New Orleans, South Mill Distribution Atlanta, South Mill Distribution Houston are its affiliated distributors.

[3] Manfredini Enterprises, Inc. is its affiliated distributor.

1

Mario Cutone Mushroom Co., Inc.; M.D. Basciani & Sons, Inc.;[4] Monterey Mushrooms, Inc.; Masha & Toto, Inc., trading as M&T Mushrooms;[5] W&P Mushroom, Inc.; Mushroom Alliance, Inc.; Creekside Mushrooms Ltd.; Kitchen Pride Mushroom Farms, Inc.; J-M Farms, Inc.; United Mushroom Farms Cooperative, Inc.; and John Pia (collectively, the "Defendants"), alleging that they violated the antitrust laws by fixing the prices, and restricting the supply, of fresh agaricus mushrooms.  The lawsuit was certified as a class action by Judge Thomas N. O'Neill of the United States District Court for the Eastern District of Pennsylvania and is known as *In re Mushroom Direct Purchaser Antitrust Litigation*, No. 06-620.  That notice also informed you of three settlements with the defendants Giorgi Mushroom Company and Giorgio Foods, Inc. (collectively referred to as "Giorgi"), Kitchen Pride Mushroom Farms, Inc. ("Kitchen Pride"), and Creekside Mushrooms Ltd. ("Creekside").  Following that notice, the Court approved these three settlements.

The purpose of this notice is to inform you of:

(a) seven additional proposed settlements by the Class with defendants Cardile Mushrooms, Inc. and Cardile Brothers Mushroom Packaging, Inc. (collectively referred to as "CMI") (for $100,000), J-M Farms, Inc. ("J-M") (for $200,000), Mushroom Alliance, Inc. ("the Mushroom Alliance") (for $50,000), Franklin Organic Mushroom Farms, Inc., formerly known as Franklin Farms, Inc. ("Franklin") (for $975,000), Mario Cutone Mushroom Co., Inc. ("Cutone") (for $375,000), M.D Basciani & Sons, Inc. (for $4,000,000) and a group of defendants identified as "Certain Defendants"[6] (for $28,000,000) that have been preliminarily approved by the Court and, if approved, would fully resolve this case; and

(b) a hearing scheduled to held on [INSERT DATE], before The Honorable Berle M. Schiller, United States District Judge of the U.S. District Court of the Eastern District of Pennsylvania, in Courtroom 13B at United States Courthouse, 601 Market Street, Philadelphia, PA 19106 (the "Fairness Hearing").

---

[4] Basciani Foods, Inc. is its affiliated distributor.

[5] Robert Masha Sales, Inc. is its affiliated distributor.

[6] "Certain Defendants" are Eastern Mushroom Marketing Cooperative, Inc. ("EMMC"); Robert A. Ferranto, Jr. t/a Bella Mushroom Farms; Brownstone Mushroom Farms, Inc.; To-Jo Fresh Mushrooms, Inc.; Country Fresh Mushroom Co.; Gino Gaspari & Sons, Inc.; Gaspari Mushroom Co., Inc.; Kaolin Mushroom Farms, Inc.; South Mill Mushroom Sales, Inc.; Modern Mushroom Farms, Inc.; Sher-Rockee Mushroom Farm, LLC; C&C Carriage Mushroom Co.; Phillips Mushroom Farms, Inc.; Louis M. Marson, Jr., Inc.; Monterey Mushrooms, Inc.; Forest Mushroom, Inc.; Harvest Fresh Farms, Inc.; Leone Pizzini and Son, Inc.; LRP-M Mushrooms LLC; United Farm Cooperative, Inc.; Masha & Toto, Inc., trading as M&T Mushrooms; Oakshire Mushroom Farm, Inc.; W&P Mushroom, Inc.; and John Pia.

DRAFT LONG FORM NOTICE

The purpose of the Fairness Hearing will be to consider whether to approve the seven additional proposed settlements as fair, reasonable, adequate, and in the best interests of the Class. Plaintiffs will also move the Court for disbursement of all settlement funds to the class including those previously approved and for an award of attorneys' fees of no more than 40 percent of the total settlement fund, reimbursement of expenses incurred in prosecuting this action totaling approximately $4,500,000, and incentive awards for the Class Representatives who aided Class counsel in the prosecution of the case and in achieving these Settlements as follows: $100,000 for Wm. Rosenstein & Sons Co., $100,000 for Associated Grocers, Inc., $100,000 for M. Robert Enterprises, Inc., M.L. Robert, II, LLC, and Market Fare, LLC (collectively "the Robert Entities"), and $50,000 for Diversified Foods and Seasonings, Inc.  The Court may continue or reschedule the hearing; if the Court does so, the Class Plaintiffs will advise the Class by posting a conspicuous notice at www.garwingerstein.com.

Class members who do not wish to object to the Proposed Settlements or the disbursement of the settlement fund need not appear at the hearing.  If you previously excluded yourself from the Direct Purchaser Class, however, you cannot object to the Proposed Settlements. Any Class member may appear at the hearing in person or by duly authorized attorneys and show cause why the Proposed Settlements should not be approved as fair, reasonable and adequate.  However, no Class member shall be heard in opposition to the Proposed Settlements, and no paper or brief submitted by any Class member shall be received or considered by the Court unless, on or before [INSERT DATE], the Class member electronically files a notice of intention to appear and a statement of the position to be asserted and the grounds therefor, together with any supporting papers or brief, referring to In re Mushroom Direct Purchaser Antitrust Litigation, Master file Number 06-620 with the Clerk of the Court, United States District Court for the Eastern District of Pennsylvania, Federal Courthouse, U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106.  Copies of any such objection, and any supporting papers or brief shall also be sent by first-class mail, postage prepaid, postmarked no later than [INSERT DATE], to Plaintiffs' Lead Counsel, whose address is listed below, and Plaintiffs' Lead Counsel shall serve copies of such objections and supporting materials on counsel for CMI, J-M, the Mushroom Alliance, Franklin, Cutone, Basciani, and Certain Defendants.

Class members also are hereby advised of their right to object or appear at the Fairness Hearing, as explained below.

| YOUR LEGAL RIGHTS AND OPTIONS | |
|---|---|
| **DO NOTHING** | By doing nothing, you may be entitled to share in recovery from the above-referenced settlements.  All of the Court's orders will apply to you and legally bind you. |

DRAFT LONG FORM NOTICE

| | |
|---|---|
| **OBJECT TO THE SETTLEMENTS** | If you want to object to all or any part of the proposed settlements, write to the Court about why you do not like the proposed settlements. |
| **GET MORE INFORMATION** | If you would like to obtain more information about the Lawsuit, you can send questions to the lawyers identified in this notice. |
| **GO TO A HEARING** | If you have submitted a written objection to the Settlements, you may (but do not have to) attend the Court hearing about the Settlements and present your objection to the Court. You may attend the hearing even if you do not file a written objection, but you will only be allowed to speak at the hearing if you file written comments in advance of the hearing. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

# BASIC INFORMATION

## 1.  Why did I get this notice?

You received this notice because you may have purchased Fresh Agaricus Mushrooms in the non-Western United States directly from an Eastern Mushroom Marketing Cooperative (EMMC) member or one of its co-conspirators or its owned or controlled affiliates, agents, or subsidiaries at some point between January 1, 2001 and December 31, 2008, and therefore you may be a member of the Class certified by the Court.  The Class definition is set forth in response to Question 9.

## 2.  What are Fresh Agaricus Mushrooms?

Fresh Agaricus Mushrooms are the common table variety, and include white (young) and brown (aged, also sometimes called "Portobello" or "crimini") mushrooms. Fresh Agaricus mushrooms are mushrooms of the quality required to be resold as fresh unprocessed mushrooms whether or not they are ultimately processed before resale. Agaricus mushrooms of a quality that can only be sold for processing or that cannot otherwise be sold as fresh are not included in the definition of Fresh Agaricus Mushrooms.

## 3.  Which states and territories are included in the non-Western United States?

The non-Western United States refers to the states east of the Rocky Mountains (Alabama, Arkansas, Colorado, Connecticut, Delaware, Florida, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Rhode Island, South Carolina, Tennessee, Texas, Virginia, West Virginia, Wisconsin, and Vermont), and the District of Columbia.

## 4.  Who are the Defendants in this case?

The companies that have been sued are called the "Defendants." In this case, the Defendants are: the Eastern Marketing Cooperative (EMMC); Robert A. Ferranto trading as Bella Mushroom Farms;[7] Brownstone Mushroom Farms; To-Jo Fresh Mushrooms, Inc.; Cardile Mushrooms, Inc.; Cardile Brothers Mushroom Packaging, Inc.; Country Fresh Mushroom Co.; Forest Mushroom Inc.; Franklin Organic Mushroom Farms, Inc., formerly known as Franklin Farms, Inc.; Gino Gaspari & Sons, Inc.; Giorgi Mushroom Company; Giorgio Foods, Inc.; Kaolin Mushroom Farms, Inc.;[8] South Mill Mushroom Sales, Inc.; Leone Pizzini and Son, Inc.; LRP-M Mushrooms LLC;[9] Modern Mushroom Farms; Sher-

---

[7] Buona Foods, Inc. is its affiliated distributor.

[8] South Mill Distribution Dallas, South Mill Distribution New Orleans, South Mill Distribution Atlanta, South Mill Distribution Houston are its affiliated distributors.

[9] Manfredini Enterprises, Inc. is its affiliated distributor.

Rockee Mushroom Farm; C&C Carriage Mushroom Co.; Oakshire Mushroom Farm, Inc.; Phillips Mushroom Farms, Inc.; Harvest Fresh Farms, Inc.; Louis M. Marson, Jr. Inc.; Mario Cutone Mushroom Co., Inc.; M.D. Basciani & Sons, Inc.;[10] Monterey Mushrooms, Inc.; Masha & Toto, Inc., trading as M&T Mushrooms;[11] W&P Mushroom, Inc.; Mushroom Alliance, Inc.; Creekside Mushrooms Ltd.; Kitchen Pride Mushroom Farms, Inc.; J-M Farms, Inc.; United Mushroom Farms Cooperative, Inc.; and John Pia (collectively, the "Defendants").

## 5.  What is this lawsuit about?

Plaintiffs allege that the Defendants conspired to fix the price of fresh agaricus mushrooms sold in the non-Western United States (*i.e.* east of the Rocky Mountains) between February 4, 2001 and August 8, 2005 in violation of the federal antitrust laws.  Among other things, Plaintiffs contend that the Defendants agreed to pricing policies and written price lists that established the price at which Defendants and their affiliated distributors would sell to direct purchasers in each of the six regions that make up the non-Western United States.  Plaintiffs further contend that Defendants engaged in a Supply Control Program designed to limit the supply of fresh agaricus mushrooms and increase their price.  This Supply Control Program included the acquisition and/or lease of mushroom farms in order to transfer them subject to deed restrictions that prohibited the production of mushrooms on those properties.

A copy of Plaintiffs' Revised Consolidated Class Action Amended Complaint filed on November 13, 2007 (the "Complaint") is available at www.garwingerstein.com.

Plaintiffs allege that Defendants' conduct violated the antitrust laws. Plaintiffs further allege that they and the other members of the Class were injured by having to pay artificially-inflated prices for their purchases of fresh agaricus mushrooms.

Defendants denied Plaintiffs' allegations, but have agreed to settle all of Plaintiffs' claims on the terms described in this Notice.

The class action is known as *In re Mushroom Direct Purchaser Antitrust Litigation*, Master Docket No. 06-620 (E.D. Pa.). Judge Berle M. Schiller of the United States District Court for the Eastern District of Pennsylvania is overseeing this class action.

## 6.  What is a class action?

A class action is a type of lawsuit in which one or more entities, called "Class Representatives," sue on behalf of other entities with similar claims to obtain monetary or other relief for the benefit of the entire group. In a class action lawsuit, one court resolves the issues for everyone in the Class, except for those Class Members who exclude themselves (*i.e.*, "opt out") from the Class.

---

[10] Basciani Foods, Inc. is its affiliated distributor.

[11] Robert Masha Sales, Inc. is its affiliated distributor.

In this case, the court-appointed Class Representatives are Wm Rosenstein & Sons Co.; Associated Grocers, Inc.; M. Robert Enterprises, Inc.; M.L. Robert, II, L.L.C.; and Market Fare, LLC. Diversified Foods and Seasonings, Inc. also filed a complaint as a putative Class Representative.[12]

## 7.  Why is this lawsuit a class action?

In an Order entered on November 22, 2016, the Court determined that the Lawsuit can proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. A redacted copy of the Court's Class Certification Order may be found at www.garwingerstein.com.

Specifically, the Court has found that:
- the number of Class members is too large to practically join them in a single case;
- there are questions of law or fact common to the Class;
- the claims of the Class Representatives (listed in response to Question 6) are typical of the claims of the rest of the Class;
- the Class Representatives will fairly and adequately protect the Class's interests;
- common legal questions and facts predominate over any questions affecting only individual members of the Class; and
- a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## 8.  Has the Court identified Class common claims, issues, or defenses?

Yes.  In its Order certifying the Class, the Court found that there were common classwide claims and issues, including:
- whether there has been a violation of the antitrust laws (including whether Defendants agreed to fix prices and restrict output);
- whether Class members suffered an injury from the claimed antitrust violations (*i.e.,* whether Class members were overcharged as a result of Defendants' price fixing and supply restrictions); and
- aggregate damages suffered by the Class as a result of Defendants' conduct.

---

[12] The Court dismissed Diversified Foods and Seasonings, Inc. as a Class Representative because it held that it was not a direct purchaser as a matter of law.  Had this case not been settled, Class Counsel would have appealed this ruling. Accordingly, Class Counsel has requested that the Court approve Diversified Foods and Seasonings, Inc. as eligible for receipt of a reduced incentive award in acknowledgement of its contributions to Class Counsel's prosecution of the case.

DRAFT LONG FORM NOTICE

## WHO IS IN THE CLASS

**9.     Am I part of the Class?**

Prior notice of the Court's November 22, 2016 Order was disseminated by first class mail and published in the May 2018 issue of Progressive Grocer to inform you that the Court had certified the following Class:

> All persons or entities in the non-Western United States who purchased fresh agaricus mushrooms directly from an Eastern Mushroom Marketing Cooperative (EMMC) member or one of its co-conspirators or its owned or controlled affiliates, agents, or subsidiaries at any time between February 4, 2001 and August 8, 2005 (the "Class Period").   For group buying organizations and their members, direct purchasers are either: (1) members who have a significant ownership interest in or functional control over their organizations; or (2) if no member has such interest or control, the organizations themselves.  The Class excludes the EMMC, its members and their parents, subsidiaries and affiliates.

> The non-Western United States refers to the following states which were in the six regions of the country which plaintiffs claim were subject to the EMMC's pricing policies: Maine, New Hampshire, Vermont, Massachusetts, Rhode Island, Connecticut, New York, Pennsylvania, New Jersey, Delaware, Maryland, Virginia, North Carolina, South Carolina, Georgia, Florida, Tennessee, Alabama, Mississippi, Arkansas, Louisiana, Wisconsin, Minnesota, Iowa, Kanas, Nebraska, Colorado, Oklahoma, Texas, Ohio, Missouri, Michigan, Indiana, Kentucky, West Virginia, Illinois, and the District of Columbia.

Only purchases in the non-Western United States of fresh agaricus mushrooms **_directly_** from one or more of the Defendants, **their co-conspirators, and/or owned or controlled affiliated distributors** are covered by this lawsuit. If you are located outside the non-Western United States, you are **_not_** a member of the Class.  If you **only** bought fresh agaricus mushrooms from a source other than any of the Defendants, **their co-conspirators, and/or owned or controlled affiliated distributors**, you are **_not_** a member of the Class.  If the Court approves these settlements, there will be no determination by the Court as to the co-conspirators and owned or controlled affiliated distributors.  For purposes of the distribution of the settlements, you will be considered to be a direct purchaser if you purchased from one of the Defendants or any of the following affiliates of a Defendant: Buona Foods, Inc., South Mill Distribution Dallas, South Mill Distribution New Orleans, South Mill Distribution Atlanta, South Mill Distribution Houston, Manfredini Enterprises, Inc., Basciani Foods, Inc., and/or Robert Masha Sales, Inc.

If you are the EMMC, one of its members, or a parent, subsidiary, or affiliate of an EMMC member, you are **_not_** a member of the Class. If you do not meet the Class definition, this Notice does not apply to you unless you are a member of the Giorgi Settlement Class described next.

As you were previously notified, the Class previously entered into a settlement with Giorgi, dated April 27, 2011, before the Court certified the class identified above.  The settlement

with Giorgi defined a class similar to the one described above except for the time period which begins on January 1, 2001 (as opposed to February 4, 2001) and ends on December 31, 2008 (as opposed to August 8, 2005). The difference in these class definitions resulted from developments in the case following execution of the Giorgi Settlement, including counsel's continued development and evaluation of the discovery record, legal rulings issued by the Court, and opinions of Class Plaintiffs' economic expert. In approving the Giorgi Settlement, the Court certified a separate Giorgi Settlement Class using the time period in the Giorgi settlement agreement.[13]

If you are not sure whether you are part of the Class, you may call or write to the lawyers in this case at the telephone numbers or addresses listed in Question 13 below.

## Other Settlements Previously Approved by the Court

The Court previously approved three settlements in the total amount of $11,875,000. Those settlements were with Giorgi (for $11,500,000), Kitchen Pride (for $125,000), and Creekside (for $250,000).

As indicated above in response to Question 9 of this notice, the Court certified a Giorgi Settlement Class with a different class definition than applies to all other aspects of this case. The Giorgi Settlement Class period is longer and includes class members with purchases during the time periods January 1, 2001 through February 3, 2001 and/or August 9, 2005 through December 31, 2008.

The Proposed Plan of Allocation for the Settlement Funds below describes how members of the Giorgi Settlement Class who only have purchases during the January 1, 2001 through February 3, 2001 and/or August 9, 2005 through December 31, 2008 time periods will be compensated.

## The Proposed Additional Settlements and Status of the Settlement Funds

---

[13] The Giorgi Settlement Class is defined as follows:

All persons or entities who purchased Agaricus mushrooms directly from an EMMC member or one of its co-conspirators or its owned or controlled affiliates, agents or subsidiaries at any times during the period January 1, 2001 through December 31, 2008. The term "Agaricus mushrooms" shall mean all varieties and strains of the species Agaricus bisporus, including, among others, both brown and white varieties. The Direct Purchaser Class excludes the EMMC, its members and their parents, subsidiaries and affiliates. The Class also excludes Giant Eagle and Publix Super Markets, Inc. and their parents, subsidiaries and affiliates.

As referenced above, the Class has entered proposed settlements with Defendants Cardile Mushrooms, Inc. and Cardile Brothers Mushroom Packaging, Inc. (collectively referred to as "CMI"), J-M Farms, Inc. ("J-M"), Mushroom Alliance, Inc. ("the Mushroom Alliance"), Franklin Organic Mushroom Farms, Inc., formerly known as Franklin Farms, Inc. ("Franklin"), Mario Cutone Mushroom Co., Inc. ("Cutone"), M.D. Basciani & Sons, Inc. ("Basciani") and a group of Defendants identified as "Certain Defendants."[14]

Subject to the terms and conditions of the settlement agreement with CMI, which is on file with the Court as Exhibit 1 of Class Plaintiffs' April 16, 2019 Motion for Preliminary Approval, and is also available at www.garwingerstein.com, CMI has agreed to pay $100,000 in cash for the benefit of the Class upon final Court approval of the settlement. CMI does not admit any wrongdoing or liability on its part.

Subject to the terms and conditions of the settlement agreement with J-M, which is on file with the Court as Exhibit 1 of Class Plaintiffs' July 11, 2019 Motion for Preliminary Approval, and is also available at www.garwingerstein.com, J-M has agreed to pay $200,000 in cash for the benefit of the Class upon final Court approval of the settlement. J-M does not admit any wrongdoing or liability on its part.

Subject to the terms and conditions of the settlement agreement with the Mushroom Alliance, which is on file with the Court as Exhibit 2 of Class Plaintiffs' July 11, 2019 Motion for Preliminary Approval, and which is also available at www.garwingerstein.com, the Mushroom Alliance has agreed to pay $50,000 in cash for the benefit of the Class upon final Court approval of the settlement. The Mushroom Alliance does not admit any wrongdoing or liability on its part.

Subject to the terms and conditions of the settlement agreement with Franklin, which is on file with the Court as Exhibit 3 of Class Plaintiffs' July 11, 2019 Motion for Preliminary Approval, and which is also available at www.garwingerstein.com, Franklin has agreed to pay $975,000 in cash for the benefit of the Class upon final Court approval of the settlement. Franklin does not admit any wrongdoing or liability on its part.

Subject to the terms and conditions of the settlement agreement with Cutone, which is on file with the Court as Exhibit 4 of Class Plaintiffs' July 11, 2019 Motion for Preliminary Approval, and which is also available at www.garwingerstein.com, Cutone has agreed to pay

---

[14] "Certain Defendants" are Eastern Mushroom Marketing Cooperative, Inc. ("EMMC"); Robert A. Ferranto, Jr. t/a Bella Mushroom Farms; Brownstone Mushroom Farms, Inc.; To-Jo Fresh Mushrooms, Inc.; Country Fresh Mushroom Co.; Gino Gaspari & Sons, Inc.; Gaspari Mushroom Co., Inc.; Kaolin Mushroom Farms, Inc.; South Mill Mushroom Sales, Inc.; Modern Mushroom Farms, Inc.; Sher-Rockee Mushroom Farm, LLC; C&C Carriage Mushroom Co.; Phillips Mushroom Farms, Inc.; Louis M. Marson, Jr., Inc.; Monterey Mushrooms, Inc.; Forest Mushroom, Inc.; Harvest Fresh Farms, Inc.; Leone Pizzini and Son, Inc.; LRP-M Mushrooms LLC; United Farm Cooperative, Inc.; Masha & Toto, Inc., trading as M&T Mushrooms; Oakshire Mushroom Farm, Inc.; W&P Mushroom, Inc.; and John Pia.

$375,000 in cash for the benefit of the Class upon final Court approval of the settlement. Cutone does not admit any wrongdoing or liability on its part.

Subject to the terms and conditions of the settlement agreement with Basciani, which is on file with the Court as Exhibit 5 of Class Plaintiffs' July 11, 2019 Motion for Preliminary Approval, and which is also available at www.garwingerstein.com, Basciani has agreed to pay $4,000,000 in cash in three installments over the course of two calendar years for the benefit of the Class upon final Court approval of the settlement. Under the terms of the agreement, the second and third installments will include any interest at the post-judgment interest rate and will be secured in a manner not subject to creditor claims in bankruptcy. The Court will determine the adequacy of the security as part of its final approval of the settlement. Basciani does not admit any wrongdoing or liability on its part.

Subject to the terms and conditions of the settlement agreement with Certain Defendants, which is on file with the Court as Exhibit 6 of Class Plaintiffs' July 11, 2019 Motion for Preliminary Approval, and which is also available at www.garwingerstein.com, Certain Defendants have agreed to pay $28,000,000 in cash in three installments over the course of two calendar years for the benefit of the Class upon final Court approval of the settlement. Under the terms of the agreement, the second and third installments will be secured in a manner not subject to creditor claims in bankruptcy. The Court will determine the adequacy of the security as part of its final approval of the settlement. Certain Defendants do not admit any wrongdoing or liability on their part.

If the Settlements are approved by the Court, CMI, J-M, the Mushroom Alliance, Franklin, Cutone, Basciani, and Certain Defendants and their respective present and former parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, employees, agents and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") shall be released and forever discharged from liability for all claims that were or could have been brought by Class Plaintiffs and members of the Class in this case (the "Released Claims"). Each member of the Class covenants and agrees that it shall not seek to establish liability against any Released Party based, in whole or in part, upon any of the Released Claims. Any disputes arising under or relating to the settlement agreements, including, but not limited to, the releases in the settlement agreements, will be resolved in the U.S. District Court for the Eastern District of Pennsylvania.

The foregoing text is only a summary of the settlements with CMI, J-M, the Mushroom Alliance, Franklin, Cutone, Basciani and Certain Defendants. Full copies of the Settlement Agreements, including their respective releases, are attached as Exhibit 1 of Class Plaintiffs' April 16, 2019 Motion for Preliminary Approval and as Exhibits 1, 2, 3, 4, 5 and 6 of Class Plaintiffs' July 11, 2019 Motion for Preliminary Approval on public file with the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106. Class Counsel have also made copies readily available at www.garwingerstein.com.

Certain individual direct purchasers who have brought their own lawsuits against defendants may have simultaneously but separately settled their own claims against CMI, J-M, the Mushroom Alliance, Franklin, Cutone, Basciani and Certain Defendants. These individual plaintiffs will not share in the proposed settlements with the Class.

The Court preliminarily approved the proposed settlements with CMI, J-M, the Mushroom Alliance, Franklin, Cutone, Basciani and Certain Defendants by Order dated [INSERT DATE]. The Court found the proposed settlements, upon preliminary review, to be within the range of reasonableness.

Accordingly, the Court has set a Fairness Hearing on [INSERT DATE] in order to determine whether the proposed settlements with CMI, J-M, the Mushroom Alliance, Franklin, Cutone, Basciani and Certain Defendants should finally be approved.

### The Plan of Allocation for the Settlement Funds

In the event the proposed settlements are approved by the Court and become final, the Settlement Funds[15] will be distributed in accord with a Plan of Allocation approved by the Court. The Proposed Plan of Allocation will provide for the distribution of the Settlement Funds after payment of all fees, expenses, and incentive payments to named class representatives (the "net Settlement Funds"). The Proposed Plan of Allocation will provide that each Class member filing a claim will receive its proportionate share of the net Settlement Funds based on its estimated damages as a share of the total estimated damages for all class members filing claims.

For purposes of this allocation, the damages of members of the approved class who submit claims will be determined by multiplying their purchases during the class period (February 4, 2001 to August 8, 2005) by the overcharge percentage of 7.178427% determined by Class Plaintiffs' expert. The damages of members of the Giorgi Settlement Class who submit claims and do not have damages during the approved class period will be determined by multiplying their purchases during the additional time periods in the Giorgi Settlement Class (January 1, 2001 through February 3, 2001 and/or August 9, 2005 through December 31, 2008) by 1%.

The purchases of class members will be determined based on the class member's submission of acceptable records of purchases of fresh agaricus mushrooms from Defendants during the period February 4, 2001 to August 8, 2005 or from records of Defendants' sales produced to Plaintiffs during this case to the extent such records were produced and can be used for this purpose.

As the terms of the settlement agreements with Basciani and Certain Defendants provide for a portion of the funds from those settlements to be paid to the Class in installments, the allocation plan will provide for the proceeds from those settlements to be distributed to Class members in two installments, one as soon as possible following final approval, and a second as soon as possible following the final payments of both Basciani and Certain Defendants.

---

[15] In addition to the Settlement Agreements disclosed in this notice, the Settlement Funds include the previously approved settlements with Giorgi, Kitchen Pride, and Creekside totaling $11,875,000.

## IF YOU DO NOTHING

| 10. What happens if I do nothing? |
|---|

If you do nothing, you will have the right to share in the recovery from the Proposed Settlements.

## THE LAWYERS REPRESENTING YOU

| 11. Do I have a lawyer in this case? |
|---|

The Court has decided that the Law Firm listed below is qualified to represent you and all Class Members as Lead Class Counsel.  Lead Class Counsel is also working with additional Law Firms to prosecute this Lawsuit on behalf of the Class (together, "Class Counsel"). Class Counsel are experienced in handling similar cases against other companies.

**Lead Class Counsel**
Garwin Gerstein & Fisher LLP
88 Pine Street, 10th Floor
New York, NY 10005
Tel.: 212-398-0055
Fax: 212-764-6620

Contact: Bruce E. Gerstein, Esq.
         Jonathan Gerstein, Esq.

| 12. Should I get my own lawyer? |
|---|

You do not need to hire your own lawyer because Lead Class Counsel is working on your behalf.  However, if you wish to do so, you may retain your own lawyer at your own expense. You may enter an appearance in this case through your own lawyer, if you choose to do so.

| 13. How will the lawyers be paid? |
|---|

Class counsel intends to submit an application to the Court for (a) attorneys' fees totaling no more than 40 percent of the recovery from these settlements and the previously approved settlements, (b) reimbursement of Class Counsel's litigation expenses totaling approximately $4,500,000 and (c) incentive awards for Class Representatives who aided Class counsel in the prosecution of the case and in achieving these Settlements as follows: $100,000 for Wm. Rosenstein & Sons Co., $100,000 for Associated Grocers, Inc., $100,000 for M. Robert Enterprises, Inc., M.L. Robert, II, LLC, and Market Fare, LLC (collectively "the Robert Entities"), and $50,000 for Diversified Foods and Seasonings, Inc..  If the Court grants Class Counsel's requests, fees and expenses would be deducted from any money

DRAFT LONG FORM NOTICE

obtained for the Class.  Members of the Class will not have to pay any attorney's fees or expenses.

## GETTING MORE INFORMATION

**14. How do I get more information?**

If you have questions about this case or want to get additional information, you may call or write to the Lead Class Counsel (contact information is listed in response to Question 13), or to [**INSERT NOTICE ADMINISTRATOR'S CONTACT INFORMATION**].  You may also get additional information by visiting www.garwingerstein.com.

# PLEASE DO NOT WRITE OR CALL THE COURT
# OR THE CLERK'S OFFICE FOR INFORMATION.

DATE: _____, 2019                    BY THE COURT

                                                   Honorable Berle M. Schiller, Jr.
                                                   United States District Judge

DRAFT SUMMARY NOTICE

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## SUMMARY NOTICE OF PROPOSED ADDITIONAL SETTLEMENTS AND HEARING REGARDING SETTLEMENTS

**TO:**   All persons and entities in the non-Western United States who purchased FRESH AGARICUS MUSHROOMS directly from an Eastern Mushroom Marketing Cooperative (EMMC) member or one of its co-conspirators or its owned or controlled affiliates, agents, or subsidiaries at any time between January 1, 2001 and December 31, 2008, YOUR RIGHTS COULD BE AFFECTED BY A CLASS ACTION LAWSUIT.

You were previously notified through a notice sent to you by first class mail and/or by publication in Progressive Grocer that Direct Purchasers of fresh agaricus mushrooms have filed a lawsuit against the Eastern Mushroom Marketing Cooperative (EMMC); Robert A. Ferranto trading as Bella Mushroom Farms[1]; Brownstone Mushroom Farms; To-Jo Fresh Mushrooms, Inc.; Cardile Mushrooms, Inc.; Cardile Brothers Mushroom Packaging, Inc.; Country Fresh Mushroom Co.; Forest Mushroom Inc.; Franklin Organic Mushroom Farms, Inc., formerly known as Franklin Farms, Inc.; Gino Gaspari & Sons, Inc.; Giorgi Mushroom Company; Giorgio Foods, Inc.; Kaolin Mushroom Farms, Inc.[2]; South Mill Mushroom Sales, Inc.; Leone Pizzini and Son, Inc.; LRP-M Mushrooms LLC[3]; Modern Mushroom Farms; Sher-Rockee Mushroom Farm; C& C Carriage Mushroom Co.; Oakshire Mushroom Farm, Inc.; Phillips Mushroom Farms, Inc.; Harvest Fresh Farms, Inc.; Louis M. Marson, Jr. Inc.; Mario Cutone Mushroom Co., Inc.; M.D. Basciani & Sons, Inc.[4]; Monterey Mushrooms, Inc.; Masha & Toto, Inc., trading as M & T Mushrooms[5]; W & P Mushroom, Inc.; Mushroom Alliance, Inc.; Creekside Mushrooms Ltd.; Kitchen Pride Mushroom Farms, Inc.; J-M Farms, Inc.; United Mushroom Farms Cooperative, Inc.; and John Pia (collectively, the "Defendants"), alleging that they violated the antitrust laws by fixing the prices, and restricting the supply, of fresh agaricus mushrooms.  The lawsuit was certified as a class action by Judge Thomas N. O'Neill of the United States District Court for the Eastern District of Pennsylvania and is known as *In re Mushroom Direct Purchaser Antitrust Litigation*, No. 06-620. Defendants denied Plaintiffs' allegations, but have agreed to settle all of Plaintiffs' claims on the terms described in this Notice.  That notice also informed you of three settlements with the defendants Giorgi Mushroom Company and Giorgio Foods, Inc. (collectively referred to as "Giorgi"), Kitchen Pride Mushroom Farms, Inc. ("Kitchen Pride"), and

---

[1] Buona Foods, Inc.is its affiliated distributor.

[2] South Mill Distribution Dallas, South Mill Distribution New Orleans, South Mill Distribution Atlanta, South Mill Distribution Houston are its affiliated distributors.

[3] Manfredini Enterprises, Inc. is its affiliated distributor.

[4] Basciani Foods, Inc. is its affiliated distributor.

[5] Robert Masha Sales, Inc. is its affiliated distributor.

1

Creekside Mushrooms Ltd. ("Creekside").  Following that notice, the Court approved these three settlements.

**The Class** certified is: All persons or entities in the non-Western United States who purchased fresh agaricus mushrooms directly from an Eastern Mushroom Marketing Cooperative (EMMC) member or one of its co-conspirators or its owned or controlled affiliates, agents, or subsidiaries at any time between February 4, 2001 and August 8, 2005 (the "Class Period"). For group buying organizations and their members, direct purchasers are either: (1) members who have a significant ownership interest in or functional control over their organizations; or (2) if no member has such interest or control, the organizations themselves. The Class excludes the EMMC, its members and their parents, subsidiaries and affiliates. The non-Western United States refers to the following states which were in the six regions of the country which plaintiffs claim were subject to the EMMC's pricing policies: Maine, New Hampshire, Vermont, Massachusetts, Rhode Island, Connecticut, New York, Pennsylvania, New Jersey, Delaware, Maryland, Virginia, North Carolina, South Carolina, Georgia, Florida, Tennessee, Alabama, Mississippi, Arkansas, Louisiana, Wisconsin, Minnesota, Iowa, Kansas, Nebraska, Colorado, Oklahoma, Texas, Ohio, Missouri, Michigan, Indiana, Kentucky, West Virginia, Illinois, and the District of Columbia.

As you were previously notified, the Class previously entered into a settlement with Giorgi, dated April 27, 2011, before the Court certified the class identified above. [6]  The settlement with Giorgi defined a class similar to the one described above except for the time period which begins on January 1, 2001 (as opposed to February 4, 2001) and ends on December 31, 2008 (as opposed to August 8, 2005).  The difference in these class definitions resulted from developments in the case following execution of the Giorgi settlement, including counsel's continued development and evaluation of the discovery record, legal rulings issued by the Court, and opinions of Class Plaintiffs' economic expert.  In approving the Giorgi Settlement, the Court certified a separate Giorgi Settlement Class using the time period in the Giorgi settlement agreement.

Only purchases in the non-Western United States of fresh agaricus mushrooms ***directly*** from one or more of the Defendants, **their co-conspirators, and/or owned or controlled affiliated distributors** are covered by this lawsuit. If you are located outside the non-

---

[6] The Giorgi settlement referenced below is on behalf of a class that is defined as follows:

> All persons or entities who purchased Agaricus mushrooms directly from an EMMC member or one of its co-conspirators or its owned or controlled affiliates, agents or subsidiaries at any times during the period January 1, 2001 through December 31, 2008. The term "Agaricus mushrooms" shall mean all varieties and strains of the species Agaricus bisporus, including, among others, both brown and white varieties. The Direct Purchaser Class excludes the EMMC, its members and their parents, subsidiaries and affiliates. The Class also excludes Giant Eagle and Publix Super Markets, Inc. and their parents, subsidiaries and affiliates

(the "Giorgi Settlement Class").

Western United States, you are **not** a member of the Class or the Giorgi Settlement Class. If you **only** bought fresh agaricus mushrooms from a source other than any of the Defendants, **their co-conspirators, and/or owned or controlled affiliated distributors**, you are **not** a member of the Class or the Giorgi Settlement Class.  If the Court approves these settlements, there will be no determination by the Court as to the co-conspirators and owned or controlled affiliated distributors.  For purposes of the distribution of the settlements, you will be considered to be a direct purchaser if you purchased from one of the Defendants or any of the following affiliates of a Defendant: Buona Foods, Inc., South Mill Distribution Dallas, South Mill Distribution New Orleans, South Mill Distribution Atlanta, South Mill Distribution Houston, Manfredini Enterprises, Inc., Basciani Foods, Inc., and/or Robert Masha Sales, Inc.  If you do not meet these requirements or are not a member of the Class or the Giorgi Settlement Class, this Notice does not apply to you.

**The purpose of this notice is to inform you that seven additional settlements have been reached that, if approved, would fully resolve this case.**  The Class has entered proposed settlements with Defendants Cardile Mushrooms, Inc. and Cardile Brothers Mushroom Packaging, Inc. (collectively referred to as "CMI"), J-M Farms, Inc. ("J-M"), Mushroom Alliance, Inc. ("the Mushroom Alliance"), Franklin Organic Mushroom Farms, Inc., formerly known as Franklin Farms, Inc. ("Franklin"), Mario Cutone Mushroom Co., Inc. ("Cutone"), M.D. Basciani & Sons, Inc. ("Basciani") and a group of Defendants identified as "Certain Defendants."[7]

Subject to the terms and conditions of the settlement agreement with CMI, which is on file with the Court as Exhibit 1 of Class Plaintiffs' April 16, 2019 Motion for Preliminary Approval, and is also available at www.garwingerstein.com, CMI has agreed to pay $100,000 in cash for the benefit of the Class upon final Court approval of the settlement. CMI does not admit any wrongdoing or liability on its part.

Subject to the terms and conditions of the settlement agreement with J-M, which is on file with the Court as Exhibit 1 of Class Plaintiffs' July 11, 2019 Motion for Preliminary Approval, and which is also available at www.garwingerstein.com, J-M has agreed to pay $200,000 in cash for the benefit of the Class upon final Court approval of the settlement. J-M does not admit any wrongdoing or liability on its part.

Subject to the terms and conditions of the settlement agreement with the Mushroom Alliance, which is on file with the Court as Exhibit 2 of Class Plaintiffs' July 11, 2019 Motion for Preliminary Approval, and which is also available at

---

[7] "Certain Defendants" are Eastern Mushroom Marketing Cooperative, Inc. ("EMMC"); Robert A. Ferranto, Jr. t/a Bella Mushroom Farms; Brownstone Mushroom Farms, Inc.; To-Jo Fresh Mushrooms, Inc.; Country Fresh Mushroom Co.; Gino Gaspari & Sons, Inc.; Gaspari Mushroom Co., Inc.; Kaolin Mushroom Farms, Inc.; South Mill Mushroom Sales, Inc.; Modern Mushroom Farms, Inc.; Sher-Rockee Mushroom Farm, LLC; C&C Carriage Mushroom Co.; Phillips Mushroom Farms, Inc.; Louis M. Marson, Jr., Inc.; Monterey Mushrooms, Inc.; Forest Mushroom, Inc.; Harvest Fresh Farms, Inc.; Leone Pizzini and Son, Inc.; LRP-M Mushrooms LLC; United Farm Cooperative, Inc.; Masha & Toto, Inc., trading as M&T Mushrooms; Oakshire Mushroom Farm, Inc.; W&P Mushroom, Inc.; and John Pia.

www.garwingerstein.com, the Mushroom Alliance has agreed to pay $50,000 in cash for the benefit of the Class upon final Court approval of the settlement. The Mushroom Alliance does not admit any wrongdoing or liability on its part.

Subject to the terms and conditions of the settlement agreement with Franklin, which is on file with the Court as Exhibit 3 of Class Plaintiffs' July 11, 2019 Motion for Preliminary Approval, and which is also available at www.garwingerstein.com, Franklin has agreed to pay $975,000 in cash for the benefit of the Class upon final Court approval of the settlement. Franklin does not admit any wrongdoing or liability on its part.

Subject to the terms and conditions of the settlement agreement with Cutone, which is on file with the Court as Exhibit 4 of Class Plaintiffs' July 11, 2019 Motion for Preliminary Approval, and which is also available at www.garwingerstein.com, Cutone has agreed to pay $375,000 in cash for the benefit of the Class upon final Court approval of the settlement. Cutone does not admit any wrongdoing or liability on its part.

Subject to the terms and conditions of the settlement agreement with Basciani, which is on file with the Court as Exhibit 5 of Class Plaintiffs' July 11, 2019 Motion for Preliminary Approval, and which is also available at www.garwingerstein.com, Basciani has agreed to pay $4,000,000 in cash in three installments over the course of two calendar years for the benefit of the Class upon final Court approval of the settlement. Under the terms of the agreement, the second and third installments will include any interest at the post-judgment interest rate and will be secured in a manner not subject to creditor claims in bankruptcy. The Court will determine the adequacy of the security as part of its final approval of the settlement. Basciani does not admit any wrongdoing or liability on its part.

Subject to the terms and conditions of the settlement agreement with Certain Defendants, which is on file with the Court as Exhibit 6 of Class Plaintiffs' July 11, 2019 Motion for Preliminary Approval, and which is also available at www.garwingerstein.com, Certain Defendants have agreed to pay $28,000,000 in cash in three installments over the course of two calendar years for the benefit of the Class upon final Court approval of the settlement. Under the terms of the agreement, the second and third installments will be secured in a manner not subject to creditor claims in bankruptcy. The Court will determine the adequacy of the security as part of its final approval of the settlement. Certain Defendants do not admit any wrongdoing or liability on their part.

If the Settlements are approved by the Court, CMI, J-M, the Mushroom Alliance, Franklin, Cutone, Basciani, and Certain Defendants and their respective present and former parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, employees, agents and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors and assigns of each of the foregoing) (the "Released Parties") shall be released and forever discharged from liability for all claims that were or could have been brought by Class Plaintiffs and members of the Class in this case (the "Released Claims"). Each member of the Class covenants and agrees that it shall not seek to establish liability against any Released Party based, in whole or in part, upon any of the Released Claims. Any disputes arising under or relating to the Settlement Agreement, including, but not limited to, the releases in the Settlement Agreements, will be resolved in the U.S. District Court for the Eastern District of Pennsylvania.

DRAFT SUMMARY NOTICE

The foregoing text is only a summary of the settlements with CMI, J-M, the Mushroom Alliance, Franklin, Cutone, Basciani and Certain Defendants. Full copies of the Settlement Agreements, including their respective releases, are attached as Exhibit 1 of Class Plaintiffs' April 16, 2019 Motion for Preliminary Approval and as Exhibits 1, 2, 3, 4, 5 and 6 of Class Plaintiffs' July 11, 2019 Motion for Preliminary Approval on public file with the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106. Class Counsel have also made copies readily available at www.garwingerstein.com.

**Other Settlements Previously Approved by the Court.** The Court previously approved three settlements in the total amount of $11,875,000. Those settlements were with Giorgi (for $11,500,000), Kitchen Pride (for $125,000), and Creekside (for $250,000). As indicated above, the Court certified a Giorgi Settlement Class with a different class definition than applies to all other aspects of this case. The Giorgi Settlement Class period is longer and includes class members with purchases during the time periods January 1, 2001 through February 3, 2001 and/or August 9, 2005 through December 31, 2008. The Proposed Plan of Allocation for the Settlement Funds below describes how members of the Giorgi Settlement Class who only have purchases during the January 1, 2001 through February 3, 2001 and/or August 9, 2005 through December 31, 2008 time periods will be compensated.

**Mailed Notice.** If you believe you are a member of the Class but have not yet received the more detailed Notice of Proposed Additional Settlements ("Mailed Notice"), you may obtain a copy of the Mailed Notice (that includes additional information regarding objections to the settlement as well as deadlines for asserting those objections, if any), by contacting the Notice Administrator at: [INSERT NOTICE ADMINISTRATOR'S CONTACT INFORMATION].

**Objecting to the Settlements.** If you object to all or any part of the proposed settlements, write to the Court about why you do not like the proposed settlements. If you previously excluded yourself from the Direct Purchaser Class, however, you cannot object to the proposed Settlements. Any Notice of Intention to Appear and Summary Statement of Objections to the proposed settlements filed by a Class member must be postmarked no later than [INSERT DATE], 30 days prior to the Fairness Hearing, which will be held on [INSERT DATE], before The Honorable Berle M. Schiller, United States District Judge of the U.S. District Court of the Eastern District of Pennsylvania, in Courtroom 13B at United States Courthouse, 601 Market Street, Philadelphia, PA 19106.

**If You Do Nothing**. You will share in recovery from the proposed settlements.

Although not required, you may also hire your own attorney at your own expense and enter an appearance in the case through your own lawyer, if you so desire.

In the event the proposed settlements are approved by the Court and become final, the Settlement Funds[8] will be distributed in accord with a Plan of Allocation approved by

---

[8] In addition to the settlement agreements disclosed in this notice, the Settlement Funds include the previously approved settlements with Giorgi, Kitchen Pride, and Creekside totaling $11,875,000.

the Court. The Proposed Plan of Allocation will provide for the distribution of the Settlement Funds after payment of all fees, expenses, and incentive payments to named class representatives (the "net Settlement Funds"). The Proposed Plan of Allocation will provide that each Class member filing a claim will receive its proportionate share of the net Settlement Funds based on its estimated damages as a share of the total estimated damages for all class members filing claims.

For purposes of this allocation, the damages of members of the approved class who submit claims will be determined by multiplying their purchases during the class period (February 4, 2001 to August 8, 2005) by the overcharge percentage of 7.178427% determined by Class Plaintiffs' expert. The damages of members of the Giorgi Settlement Class who submit claims and do not have damages during the approved class period will be determined by multiplying their purchases during the additional time periods in the Giorgi Settlement Class (January 1, 2001 through February 3, 2001 and/or August 9, 2005 through December 31, 2008) by 1%.

The purchases of class members will be determined based on the class member's submission of acceptable records of purchases of fresh agaricus mushrooms from Defendants during the period February 4, 2001 to August 8, 2005 or from records of Defendants' sales produced to Plaintiffs during this case to the extent such records were produced and can be used for this purpose.

As the terms of the settlement agreements with Basciani and Certain Defendants provide for a portion of the funds from those settlements to be paid to the Class in installments, the allocation plan will provide for the proceeds from those settlements to be distributed to Class members in two installments, one as soon as possible following final approval, and a second as soon as possible following the final payments of both Basciani and Certain Defendants.

Class counsel intends to submit an application to the Court for (a) attorneys' fees of no more than 40 percent of the recovery from these settlements and the previously approved settlements, (b) reimbursement of Class Counsel's litigation expenses totaling approximately $4,500,000 and (c) incentive awards for Class Representatives who aided Class counsel in the prosecution of the case and in achieving these Settlements as follows: $100,000 for Wm. Rosenstein & Sons Co., $100,000 for Associated Grocers, Inc., $100,000 for M. Robert Enterprises, Inc., M.L. Robert, II, LLC, and Market Fare, LLC (collectively "the Robert Entities"). Diversified Foods and Seasonings, Inc. also filed a complaint as a putative Class Representative. The Court dismissed Diversified Foods and Seasonings, Inc. as a Class Representative because it held that it was not a direct purchaser as a matter of law. Had this case not been settled, Class Counsel would have appealed this ruling. Accordingly, Class Counsel has requested that the Court also approve Diversified Foods and Seasonings, Inc. as eligible for receipt of a reduced incentive award of $50,000 in acknowledgement of its contributions to Class Counsel's prosecution of the case. If the Court grants Class Counsel's requests, fees and expenses would be deducted from any money obtained for the Class. Members of the Class will not have to pay any attorney's fees or expenses.

**Getting More Information.** If you have questions, need additional information, or want to receive the Mailed Notice, please contact the Notice Administrator [NOTICE

DRAFT SUMMARY NOTICE

ADMINISTRATOR], as set forth above. You may also get additional information by visiting www.garwingerstein.com.

## PLEASE DO NOT WRITE OR CALL THE COURT
## OR THE CLERK'S OFFICE FOR INFORMATION.

DATE: _____, 2019                     BY THE COURT

                                                 Honorable Berle M. Schiller,
                                                 United States District Judge