```
                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF PENNSYLVANIA


                                    )
IN RE:                              )   2:06-cv-00620-BMS
                                    )
                                    )   Philadelphia, PA
MUSHROOM DIRECT PURCHASER           )
ANTITRUST LITIGATION                )   January 8, 2020
                                    )   10:41 AM
                                    )
                                    )


                  TRANSCRIPT OF DAMAGES HEARING
             BEFORE THE HONORABLE BERLE M. SCHILLER
                   UNITED STATES DISTRICT JUDGE


 APPEARANCES:


For the Plaintiffs:         BARRY L. REFSIN, ESQ.
                            HANGLEY ARONCHICK SEGAL PUDLIN &
                            SCHILLER
                            One Logan Square
                            27th Floor
                            Philadelphia, PA 19103-6933



For the Plaintiffs:         BRUCE E. GERSTEIN, ESQ. &
                            JONATHAN M. GERSTEIN, ESQ.
                            GARWIN GERSTEIN AND FISHER, L.L.P.
                            88 Pine Street
                            10th Floor
                            New York, NY 10005




For the Defendants,         H. LADDIE MONTAGUE, JR., ESQ. &
certain Defendants:         MARTIN L. TWERSKY, ESQ.
                            BERGER & MONTAGUE, P.C.
                            1818 Market Street
                            36th Floor
                            Philadelphia, PA 19103
```



```
 1   For the Defendants,        WILLAM A. DESTEFANO, ESQ.
     certain Defendants:        STEVENS & LEE
 2                              1818 Market Street
                                29th Floor
 3                              Philadelphia, PA 19103

 4

 5   For the Defendants,        JAMES RODGERS, ESQ.
     Franklin Farms, Inc.:      DILLWORTH PAXSON
 6                              1500 Market Street
                                Suite 3500
 7                              Philadelphia, PA 19102

 8

 9   For the Defendants,        DONNA M. ALBANI, ESQ.
     M.D. Basciani & Sons,      LAW OFFICES OF DONNA M. ALBANI
10   Inc.:                      11 Hampton Lane
                                Glen Mills, PA 19432
11

12
     For the Defendants,        MATTHEW J. BORGER, ESQ.
13   Mushroom Alliance, Inc.:   KLEHR HARRISON HARVEY BRANZBURG,
                                L.L.P.
14                              1835 Market Street
                                Suite 1400
15                              Philadelphia, PA 19103

16

17    ECR OPERATOR:             CHRIS CAMPOLI

18    Proceedings recorded by electronic sound recording.

19
                        Margina Schwartzbach
20                           eScribers
                       7227 North 16th Street
21                          Suite #207
                         Phoenix, AZ 85020
22                         (973) 406-2250

23

24

25
```



Colloquy

1               THE BAILIFF:  All rise.

2               THE COURT:  It's been so long.  I was worried about

3    you all.  I'm glad to see you.

4               UNIDENTIFIED SPEAKER:  Good morning, Judge.

5               THE COURT:  All right.

6               MS. DONNA M. ALBANI:  Good morning.

7               THE COURT:  Good morning, everybody.  This is the

8    Mushroom Direct Purchaser Antitrust Litigation, number 06-0620.

9    And this is a meeting or a court hearing I've called regarding

10   the settlement agreement that's been proposed and so on.

11              Counsel for plaintiffs, you want to identify

12   yourselves?

13              MR. BRUCE E. GERSTEIN:  Yes, Your Honor.  It's Bruce

14   Gerstein for the Direct Purchaser Class, and I'll be speaking

15   this morning.

16              MR. JONATHAN M. GERSTEIN:  And Jonathan Gerstein for

17   the Direct Purchaser Class.

18              MR. BARRY L. REFSIN:  Barry Refsin for the Direct

19   Purchaser Class.

20              THE COURT:  All right.

21              And for the defendants?

22              MR. H. LADDIE MONTAGUE:  Laddie Montague, Your Honor,

23   for the certain defendants, the certain settling defendants.

24              THE COURT:  That's it, certain defendants.

25              MR. MONTAGUE:  Right.



Colloquy

1         THE COURT:  That's it.

2         MR. MARTIN L. TWERSKY:  Good morning.  Martin Twersky,

3  Laddie's partner, certain defendants.

4         MR. WILLIAM A. DESTEFANO:  Good morning, Your Honor,

5  William DeStefano for certain defendants.

6         MS. DONNA ALBANI:  Good morning, Your Honor, for M.D.

7  Basciani & Sons, Inc., Donna Albani.

8         MR. JAMES RODGERS:  James Rodgers for Franklin, Your

9  Honor.

10        MR. MATTHEW J. BORGER:  Matt Borger for the Mushroom

11 Alliance, Your Honor.  Good morning.

12        THE COURT:  Good morning.

13        Does anyone here intend to object to the terms of the

14 proposed settlement, attorney fees, costs, and incentive

15 awards?  Because I just want to make sure, for the record,

16 there are no objections that have been filed.  Is that

17 everyone's understanding?

18        MR. GERSTEIN:  Your Honor, that is correct.  There

19 have been over 2,000 notices sent out as well as publication,

20 and there's been zero objections.

21        THE COURT:  Okay.

22        MR. MONTAGUE:  Your Honor?

23        THE COURT:  Yes?

24        MR. MONTAGUE:  Also, just so the record's complete,

25 we --



Colloquy

1      THE COURT:  Identify yourself for the record.
2      MR. MONTAGUE:  Laddie Montague.
3      THE COURT:  Okay.
4      MR. MONTAGUE:  We sent out the notice, the CAFA
5  notice, to all the attorney generals, state and federal --
6      THE COURT:  Okay.
7      MR. MONTAGUE:  -- and there were no objections.
8      THE COURT:  All right.  Thank you.
9      I want to clarify something here.  In the proposed
10 order attached to the motion and the modified one submitted by
11 Mr. Gerstein, it says, "Class counsel request incentive awards
12 totaling 100,000 dollars collectively for the three named
13 plaintiffs."
14     I want to be clear, the agreement is for 100,000
15 dollars to each of the three represented claimants; is that
16 correct?
17     MR. GERSTEIN:  It should be combined 100,000 dollars
18 for each of them, Your Honor.
19     THE COURT:  Okay.  Everyone understand that?  All
20 right.
21     So that means that the only area of dispute is the
22 issue of title insurance.  Now, you want to talk about that?
23 Because I've gotten different comments from plaintiffs and
24 defendants on that.
25     MR. GERSTEIN:  Your Honor, I'd like to classify that



Colloquy

1   as relatively a small dispute.
2              THE COURT:  A small dispute?
3              MR. GERSTEIN:  Considering that you've seen for the --
4   from the last few years.
5              THE COURT:  It's a dispute that's holding up this
6   settlement --
7              MR. GERSTEIN:  Well --
8              THE COURT:  -- so it's not small.
9              MR. GERSTEIN:  -- the issue was, very specifically,
10  that because of the payment of installments there had to be
11  security.  You would ultimately rule on the -- on the validity
12  of the security, whether it was sufficient.
13             Our real estate legal experts believe that we --
14             THE COURT:  Mr. Skolnick (ph.)?
15             MR. GERSTEIN:  -- need title insurance.
16             THE COURT:  Right?  Mr. Skolnick?
17             MR. GERSTEIN:  Yes.
18             THE COURT:  All right.  Yeah, I read that.
19             MR. GERSTEIN:  And on that basis of their advice,
20  we've requested that.  Defendants believe that it's not
21  necessary to have title insurance; the positions are laid out
22  in the papers, and ultimately the decision is yours.
23             We're concerned, obviously, that we want to make sure
24  that the class gets the full amount of money, so we think that
25  it's a small amount --



Colloquy

1        THE COURT:  What does the title insurance --

2        MR. GERSTEIN:  -- of money to basically protect --

3        THE COURT:  -- cost?

4        MR. GERSTEIN:  It was told to be, I think, about 9,000

5   dollars.

6        THE COURT:  And we're talking about a forty-five-

7   million-dollar settlement?

8        MR. GERSTEIN:  That's correct.

9        MR. MONTAGUE:  We were told --

10       UNIDENTIFIED SPEAKER:  No.

11       MR. MONTAGUE:  -- I think it's between 9- and 11,000.

12   Can I be heard for a moment?

13       MS. ALBANI:  Your Honor, ours would be nine --

14       THE COURT:  Ms. Albani?  Yes?

15       MS. ALBANI:  -- thousand also.

16       THE COURT:  What's --

17       MS. ALBANI:  Ours would be 9,000 also for --

18       THE COURT:  Wait a minute.  9,000?  9,000?  9,000?

19       MS. ALBANI:  Yes.  They requested that we provided two

20  and said that we -- they would not recommend settlement to you

21  unless we did.  So to avoid motion practice, we agreed.

22       If you decide it's not necessary, we'd like to be part

23  of that agreement, too.

24       THE COURT:  Okay.

25       MR. GERSTEIN:  Your Honor, as part of the settlement



Colloquy

1   agreement, the Basciani's specifically agreed to provide the
2   title insurance.  The only dispute that we had was with a
3   certain defendant.
4             MS. ALBANI:  Well, I said that we did agree, but I
5   said that we didn't want to have motion practice to hold up a
6   settlement.
7             UNIDENTIFIED SPEAKER:  They still --
8             MS. ALBANI:  And it's a quite a lot of money at this
9   point in the game, 9,000 dollars, when the property is worth
10  three times what the collateral is for the remaining payments.
11            So if Your Honor should decide that that's not
12  required, we'd ask you enable us to get out of that, too.
13            Thank you.
14            THE COURT:  All right.
15            MR. MONTAGUE:  Okay.  Laddie Montague, Your Honor.
16            So this issue arose because, after we read the
17  settlement agreement, we advised our clients that the first
18  lien on real property of sufficient value was sufficient.  And
19  the issue of title insurance never came up because what the
20  agreement says -- and that's what we read -- it says the
21  appropriate security means any commercially acceptable form of
22  security.  And the definition is that cannot be superseded by
23  creditors in a bankruptcy proceeding.  And then it gives
24  examples, and one of the examples is a first lien on real
25  property.



1     So that's what we advised our client; that's what he
2  relied on; that's the -- and he has made all his guarantees.
3     The real estate is not owned by the settling
4  defendant; it's owned by the family and family corporations.
5  And they've pledged that in order to secure this, so they don't
6  want to lose that.  They've had this property for over twenty
7  years.  I don't think there's an issue about the need for title
8  insurance.  And simply, the agreement doesn't call for it.  But
9  whatever Your Honor decides, obviously we'll abide by.
10          THE COURT:  Okay.
11          MR. GERSTEIN:  Your Honor, can I just make one
12  statement just very quickly?
13          THE COURT:  Say that again?
14          MR. GERSTEIN:  I just want to make one quick
15  statement.
16          Your Honor, the issue is not one of (indiscernible)
17  the security.  It's whether or not effectively if there's a
18  defective title, it doesn't matter what the value of the
19  security is.  So that was our one concern, and that's why we've
20  raised that throughout, since defendants had chosen to put up
21  real estate as the security.
22          THE COURT:  It seems like a -- an afterthought, the
23  title insurance, it was never a major -- a part of this deal.
24          MR. GERSTEIN:  The afterthought was -- specifically
25  was defendant's choice as to what the commercially acceptable

1  security would be.  It was your -- it's up to you to make a
2  decision as to what the proper security would be.  Once they
3  put forth real estate, then the question is is how to protect
4  the interest of the class if, in fact, it turns out that
5  there's a defective title later on that can clearly affect the
6  security.  And then there's a question of collectability, the
7  last installment.
8           That's our only concern, but we never define
9  specifically what the security would have to be because it was
10 to be left up to you finally as to make a decision whether it
11 was adequate.
12          THE COURT:  Let me ask you this:  Would you be willing
13 to reduce your fee by half of the title insurance premium?
14          MR. GERSTEIN:  Your Honor, I -- obviously, I prefer
15 not to.  I don't think it's relevant because I think that
16 clearly our fee --
17          THE COURT:  That's not a question of relevance.  I'm
18 trying to --
19          MR. GERSTEIN:  -- fee is something --
20          THE COURT:  -- finish this settlement in a way that's
21 acceptable to both sides.
22          MR. GERSTEIN:  Judge, the only thing that we're
23 concerned about is, specifically, that they pay the last
24 installment.  We're not interested in their property.  We're
25 not interested.  They're the ones who put up the security --

Colloquy

1      THE COURT: I understand. I --
2      MR. GERSTEIN: -- in the first interest.
3      THE COURT: -- asked a question.
4      MR. GERSTEIN: And if you direct us to do that, we
5  would do that. We don't think that our fees should be directed
6  to what they do.
7      THE COURT: They would pay -- the proposal is that
8  they would pay for half of a title insurance premium on the
9  title insurance.
10     Does everyone agree to pay half?
11     MR. DESTAFANO: It only affects two of us, Your Honor.
12     THE COURT: Okay.
13     MR. DESTAFANO: But yes.
14     MS. ALBANI: I would agree to that; that's a fair --
15     THE COURT: Albani, you agree?
16     MS. ALBANI: -- resolution, Your Honor. Yes, Your
17  Honor.
18     THE COURT: Okay.
19     MS. ALBANI: Fair resolution.
20     THE COURT: See that.
21     All right. That settles that part. We know what
22  we're going to do there.
23     All right. Considering the fact there's no objections
24  and we've resolved the one outstanding issue, then you'll get
25  an order from me.



Colloquy

1       MS. ALBANI:  Thank you.
2       THE COURT:  All right.
3       So thank you very much.
4       MR. GERSTEIN:  Your Honor, one more thing?  We have
5  a --
6       THE COURT:  What are you, Columbo?
7       MR. GERSTEIN:  I've been watching that recently but --
8       THE COURT:  You're living in the past?
9       MR. GERSTEIN:  We have a new draft of the proposed
10 order for you because there's been a slight adjustment to the
11 expenses.  Actually, they went down a little bit because we --
12 there was a payment from the opt-out --
13      THE COURT:  Has everyone seen it?
14      MR. GERSTEIN:  We'll provide that.  They have the
15 numbers and stuff.  We'll provide that to them.  But it's
16 actually the certain less, so I'd like to hand that up to you.
17      THE COURT:  All right.
18      MR. MONTAGUE:  Laddie Montague, Your Honor.  I think
19 paragraph 15 of the final judgment amount will now have to be
20 adjusted.
21      THE COURT:  Paragraph 16?
22      MR. MONTAGUE:  15.
23      THE COURT:  15?
24      MR. MONTAGUE:  Your Honor, if you just send it --
25 there's just an order on the costs of the title insurance, then



Colloquy

1    it doesn't need to be changed.
2             UNIDENTIFIED SPEAKER:  Could you just --
3             UNIDENTIFIED SPEAKER:  Change --
4             THE COURT:  All right.  So what's the amount of
5    reduction?
6             MR. GERSTEIN:  The expenses now are formally
7    $253,008.67 and slightly higher in the draft that we sent you.
8             THE COURT:  Slightly meaning what?
9             MR. JONATHAN M. GERSTEIN:  They were reduced by about
10   4,000 dollars, Your Honor, because of the original agreement
11   with the opt-out plaintiffs insurance and trial costs.
12            THE COURT:  Okay.
13            Wait a minute.  Opt-out plaintiffs?
14            MR. JONATHAN GERSTEIN:  The plaintiffs --
15            THE COURT:  You're touching a nerve here.
16            MR. GERSTEIN:  You have the -- of the Giant Eagle, et
17   cetera, Group --
18            THE COURT:  I have a settlement conference coming
19   up --
20            MR. GERSTEIN:  I understand that.
21            THE COURT:  Don't tell me you settled it already.
22            MR. GERSTEIN:  We settled it.  They had a -- we have
23   a -- they have a shared database with documents.  They're
24   paying  some of the costs toward that.  That's all.
25            THE COURT:  Okay.  All right.  That's still on, that

Colloquy

1  settlement conference, I take it?
2              MS. ALBANI:  Yes, Your Honor.
3              THE COURT:  Right?  Okay.
4              All right.  So we know we didn't do -- Michael, you --
5  got that?  Gives me a lot of confidence.
6              All right.  I want to thank you again.  Have a happy
7  New Year.
8              MS. ALBANI:  Thank you.  You too, Your Honor.
9              THE COURT:  And you'll be hearing from me.
10             We're adjourned.  Thank you.
11        (Proceedings concluded at 10:53 o'clock, a.m.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25



```
 1                    C E R T I F I C A T I O N
 2
 3          I, Margina Schwartzbach, court-approved transcriber,
 4   do hereby certify the foregoing is a true and correct
 5   transcript from the official electronic sound recording of the
 6   proceedings in the above-entitled matter.
 7
 8
 9
10   _____        January 23, 2020
                                            _____
11   Margina Schwartzbach                   DATE
```

